UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DWIGHT MANLEY,<br><br>  Plaintiff,<br><br>  v.<br><br>MGM RESORTS INTERNATIONAL; MGM GRAND HOTEL, LLC,<br><br>  Defendants. | Case No. 2:22-cv-01906-MMD-EJY<br><br>**ORDER** |
| MGM GRAND HOTEL, LLC, a Nevada limited liability company,<br><br>  Counterclaimant,<br><br>  v.<br><br>DWIGHT MANLEY, an individual,<br><br>  Counter-Defendant. | |

Pending before the Court is Plaintiff's Motion for Leave to File Under Seal Exhibit 4 to Plaintiff's Response to Defendants' Motion to Dismiss (ECF No. 77). Plaintiff moves for leave to file Exhibit 4 and an unredacted version of his Response to Defendants' Motion to Dismiss under seal prompted by the terms of the Stipulated Protective Order (ECF No. 24) entered in this case. Defendants marked Exhibit 4 "confidential" and explain in their Response to the Motion to Seal (ECF No. 82) that "[t]he policies and procedures at issue pertain to Defendants' practices of issuing temporary lines of credit to patrons for purposes of gambling activities. … These policies are not available to the general public – but only to certain, but not all, MGM and MGMRI employees. … Moreover, Defendants' policies regarding temporary lines of credit contain commercial information and/or trade secrets concerning its credit practices that warrant protection from public disclosure under FRCP 26(c)(1)(G)." In support of their position, Defendants *cite* FRCP 26(c)(1)(G) (noting that a protective order is appropriate where "trade secret or other confidential research, development, or commercial information" is involved); *Garcia v. Specialized Loan Servicing LLC*, Case No. 2:17-cv-01721-RFB-VCF, 2018 WL 3489237, at \*2 (D. Nev. July 18, 2018) (granting defendant's motion

to seal its internal policies and procedures since they fell "well within the Ninth Circuit's definition of a trade secret"); *Birch v. Lombardo*, Case No. 2:16-cv-01051-RFB-CWH, 2017 WL 6063068, at *6 (D. Nev. Dec. 6, 2017) (policy and procedure manual subject to protective order due to safety concerns); *Sherwin v. Infinity Auto Ins. Co.*, Case No. 2:11-cv-00043-JCM, 2011 WL 4479757, at *2 (D. Nev. Sept. 26, 2011) (internal "best practices guide" subject to protective order was correctly deemed as confidential).

The Court finds Plaintiff has met his burden of demonstrating compelling reasons for sealing Exhibit 4 and the unredacted version of Plaintiff's Response to Defendants' Motion to Dismiss. *Selling Source, LLC v. Red River Ventu*res, LLC, Case No. 2:09-cv-01491-JCM, 2011 WL 1630338, at *6 (D. Nev. Apr. 29, 2011) (granting motion to seal documents containing "information related to the parties' propriety business operations and trade secrets" under compelling reasons standard); *Le v. Equifax Info. Servs., LLC*, Case No. 2:16-cv-02393 RFB GWF, 2017 WL 4350976, at *2 (D. Nev. Sept. 29, 2017) (finding compelling reasons to seal where "public disclosure could aid Defendant's competitors in creating or enhancing upon Defendant's policies and procedures, thereby destroying Defendant's competitive advantage.").

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to File Under Seal Exhibit 4 to Plaintiff's Response to Defendants' Motion to Dismiss (ECF No. 77) is GRANTED.

IT IS FURTHER ORDERED that ECF No. 78 and Exhibit 4 thereto are and shall remain sealed.

Dated this 2nd day of May, 2024

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE