UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| DWIGHT MANLEY, | Case No. 2:22-cv-01906-MMD-EJY |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| MGM RESORTS INTERNATIONAL, *et al.*, | |
| Defendants. | |

**I.   SUMMARY**

Plaintiff Dwight Manley sued Defendants MGM Resorts International and MGM Grand Hotel, LLC (collectively, "Defendants") after he was allegedly drugged while gaming at Defendants' casino and injured himself in that state, but Defendants failed to provide medical assistance or stop his gaming. (ECF No. 64 at 2-10 ("TAC").) Before the Court is Defendants' motion to dismiss Plaintiff's negligence per se and breach of the implied covenant of good faith and fair dealing claims.[1] (ECF No. 68 ("Motion").) The Court will grant the Motion because Plaintiff does not identify any sources of law that support a negligence per se theory and fails to adequately allege that the parties had a special relationship in the context of tortious breach.

**II.   BACKGROUND**

The Court incorporates by reference the general description of Plaintiff's allegations it provided in an earlier order, as they have not materially changed. (ECF No. 28 at 1-3.) Defendants previously moved to dismiss Plaintiff's initial complaint. (*Id.* at 3.) The Court granted and denied in part that motion. (*Id.* at 3-13.) Plaintiff subsequently amended his complaint twice more to include claims not brought in the original complaint.

---

[1]The Court reviewed Plaintiff's response (ECF No. 76) and Defendants' reply (ECF No. 85).

(ECF Nos. 31, 64; *see also* ECF No. 63 (granting in part and denying in part Plaintiff's motion to amend).) The operative complaint is thus the TAC.

### III. DISCUSSION

As noted, Defendants seek dismissal of a portion of the TAC. (ECF No. 68.) The Court first addresses below Defendants' Motion as to Plaintiff's negligence per se claim,[2] and then addresses the tortious breach of the implied covenant of good faith and fair dealing claim.

#### A. Negligence Per Se

Plaintiff asserts a theory of negligence per se premised on Defendants' violation of the Nevada Gaming Commission Regulations ("NGRs"), Nevada Revised Statutes ("NRS"), and Clark County Code ("CCC") because they, as a holder of a casino gaming license, allowed a visibly intoxicated person—Plaintiff—to participate in gaming. (ECF No. 64 at 17-19.) Defendants argue that these statutes and regulations cannot form the basis of a negligence per se theory because they do not provide for civil liability. (ECF No. 68 at 6-11.) The Court agrees.

"A negligence per se claim arises when a duty is created by statute." *Sanchez v. Wal-Mart Stores, Inc.*, 221 P.3d 1276, 1283 (Nev. 2009) (citation omitted). "A civil statute's violation establishes the duty and breach elements of negligence when the injured party is in the class of persons whom the statute is intended to protect and the injury is of the type against which the statute is intended to protect." *See id.* (citation omitted). But statutes that do not provide for civil liability cannot form the basis of a negligence per se theory. *See Bell v. Alpha Tau Omega Fraternity, Eta Epsilon Chapter*, 642 P.2d 161, 162

---

[2] Plaintiff asserts negligence per se as a separate cause of action, but this classification is incorrect. (ECF No. 64 at 17-19.) Rather, negligence per se is a theory through which a party can establish a negligence claim. *See Insco v. Aetna Health & Life Ins. Co.*, 673 F. Supp. 2d 1180, 1191 (D. Nev. 2009) ("[N]egligence per se is not a separate cause of action but a doctrine whereby a court will consider the negligence elements of duty and breach satisfied as a matter of law[.]" (citing *Ashwood v. Clark County*, 930 P.2d 740, 743-44 (Nev. 1997))). The Court thus generally describes negligence per se as a theory in this order, though occasionally refers to it as a claim in quotations or where necessary to describe how the TAC includes a claim for 'negligence per se.'

(Nev. 1982); *see also Hamm v. Carson City Nugget*, 450 P.2d 358, 360 (Nev. 1969) (concluding that a violation of NRS that does not impose civil liability is not negligence per se); *Hinegardner v. Marcor Resorts*, 844 P.2d 800, 803 (Nev. 1992) ("[I]n the absence of evidence of legislative intent to impose civil liability, a violation of a penal statute is not negligence per se.") (citation omitted). Similarly, a violation of administrative regulations cannot support a negligence per se theory. *See Price v. Sinnott*, 460 P.2d 837, 840 (Nev. 1969) ("[P]roof of a deviation from an administrative regulation is only evidence of negligence; not negligence per se."); *Vega v. E. Courtyard Assocs.*, 24 P.3d 219, 221 (Nev. 2001) (affirming that negligence per se applies only to legislative enactments).

None of the sources of law Plaintiff identifies can support a negligence per se theory because they do not provide for civil liability. (ECF No. 64 at 17-19 (alleging negligence per se based on breaches of specific provisions of the NGRs, NRS, and CCC).) First, NGRs do not carry the force of law because they are agency regulations rather than legislative enactments, and therefore cannot provide a valid foundation for a negligence per se theory. *See Price*, 460 P.2d at 840; Nev. Gaming Comm. § 1.010 (issuing NGRs from the Nevada Gaming Control Board and the Nevada Gaming Commission and stating that the Commission has the power to "promulgate, amend, and repeal" these regulations).

Plaintiff also references NRS § 463.0129 and § 463.1405.[3] (ECF No. 64 at 17-18.) However, NRS § 463 does not facially include a private right of action. *See* NRS § 463.141 (granting the power to enforce NRS § 463 to the Nevada Gaming Control Board and the Nevada Gaming Commission and not mentioning civil liability). So then the question becomes whether the statute implies civil liability, which is a question of legislative intent. *See Sports Form v. Leroy's Horse & Sports Place*, 823 P.2d 901, 902-

---

[3]Plaintiff incorrectly cites NRS § 463.0129 as NRS § 430.0129, and NRS § 463.1405(1) as NRS § 463.1406(1) (which does not exist) in a section of the TAC. (ECF No. 64 at 17, 18.) Accordingly, the Court only addresses the applicable portions of NRS § 463.

3

3 (Nev. 1992). And the Nevada Supreme Court already answered it. *See id.* at 904. The Nevada Supreme Court's review of NRS § 463 in *Sports Form* found that "absent express language to the contrary, the legislative scheme of Chapter 463 precludes a private cause of action" because the statute vested authority for enforcement only in the Nevada Gaming Control Board and the Nevada Gaming Commission. *Id.; see also* Berman v. Riverside Casino Corp., 247 F. Supp. 243, 250 (D. Nev. 1964) ("It is self-evident from a reading of [portions of NRS § 463] that . . . they do not purport to deal with the civil liability of persons participating [in gaming]."). And NRS § 463.0129 and § 463.1405 specifically contain no such express language either and therefore cannot support a negligence per se theory.

      Plaintiff's reliance on CCC similarly fails. (ECF No. 64 at 19.) Like NRS § 463, CCC § 8.20 does not provide a private right of action or for civil liability on its face, rather, it subjects violators to disciplinary action by only the Clark County Liquor and Gaming Licensing Board. *See* CLARK CNTY., NEV., CODE § 8.20.580(a) (1964) (stating that the disciplinary action of the Board "consists of dismissing the complaint, or suspending, limiting, conditioning or revoking the license" and making no mention of civil liability). CCC § 8.20 cannot form a valid basis for a negligence per se theory because a statute or regulation that vests sole enforcement authority in a regulatory body implies no private cause of action. *See Sports Form*, 823 P.2d at 904. As such, Plaintiff identifies no sources of law that support his negligence per se theory. Defendants' Motion is accordingly granted to the extent it seeks dismissal of Plaintiff's claim called 'negligence per se.' (ECF No. 64 at 17-19.)

### B. Implied Covenant of Good Faith and Fair Dealing

      Plaintiff also alleges that Defendants breached the implied covenant of good faith and fair dealing because their credit extensions were "unfaithful to the purpose of [their] contracts or agreements, and inconsistent with Plaintiff's justified expectations thereof." (ECF No. 64 at 15.) Defendants argue that Plaintiff cannot plausibly allege this claim

because no special relationship exists between the parties. (ECF No. 68 at 12-14.) The Court again agrees with Defendants.

While all contracts contain an implied covenant of good faith and fair dealing, breach only arises from tortious conduct when the parties have a special relationship. *See Ins. Co. of the West v. Gibson Tile Co., Inc.*, 134 P.3d 698, 702 (Nev. 2006). Special relationships are characterized by "elements of public interest, adhesion, and fiduciary responsibility." *Great Am. Ins. Co. v. Gen. Builders, Inc.*, 934 P.2d 257, 263 (Nev. 1997) (citation omitted). The relationship between a casino and a patron does not typically create a special relationship outside of "rare and exceptional" cases of special duty. *See Mattes v. Ballys Las Vegas*, 227 F. App'x 567, 569 (9th Cir. 2007) (citing *Great Am. Ins. Co.*, 934 P.2d at 263).

In the TAC, Plaintiff fails to indicate whether the parties had a special relationship. Rather, he alleges that they had a "long relationship" with a "special element of reliance between Plaintiff and MGM where MGM was in an entrusted position." (ECF No. 64 at 16.) To the extent that he categorizes this relationship as casino-patron, Plaintiff does not explain if or how the relationship was characterized by elements of public interest, adhesion, and fiduciary responsibility. *See Great Am. Ins. Co.*, 934 P.2d at 263 (explaining that the relationship must be characterized by these elements). Indeed, a relationship where both a casino and patron are sophisticated in their business (as the parties are here) counts against the implication of any special duty. *See Mattes* 227 F. App'x at 569 (citing *Great Am. Ins. Co.*, 934 P.2d at 263). Accordingly, the parties did not have a special relationship as casino and patron.

Plaintiff brings forth the new argument in his response that, rather than casino-patron, the parties have a special relationship as innkeeper and guest. (ECF No. 76 at 7-12.) This categorization does not appear in the TAC, but an articulated claim would still fail because the innkeeper-guest special relationship applies to a negligence claim, not a claim for tortious breach. *See Sparks v. Alpha Tau Omega Fraternity, Inc.*, 255 P.3d 238, 246 (Nev. 2011) (listing innkeeper-guest as a special relationship that gives rise to a duty

of care in a negligence action) (citation omitted); *see also Ins. Co. of the West*, 134 P.3d at 702 (listing examples of special relationships in the context of tortious breach as "insurers and insureds, partners of partnerships, and franchisees and franchisers"). Therefore, Plaintiff has not adequately alleged a special relationship with Defendants that would state a tort claim for a breach of the implied covenant of good faith and fair dealing. Defendants' Motion is thus also granted as to this claim. (ECF No. 64 at 16-17.)

## IV.     CONCLUSION

The Court notes that the parties made several arguments and cited several cases not discussed above. The Court reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

It is therefore ordered that Defendants' motion to dismiss (ECF No. 68) is granted.

DATED THIS 2nd Day of October 2024.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE