UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DWIGHT MANLEY,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MGM RESORTS INTERNATIONAL; MGM GRAND HOTEL, LLC,<br><br>　　　　　Defendants. | Case No. 2:22-cv-01906-MMD-EJY<br><br>**ORDER** |
| MGM GRAND HOTEL, LLC, a Nevada limited liability company,<br><br>　　　　　Counterclaimant,<br><br>　v.<br><br>DWIGHT MANLEY, an individual,<br><br>　　　　　Counter-Defendant. | |

Pending before the Court is Defendants' Motion to Seal its Emergency Motion for Protective Order and Exhibits 4-5 thereto and redact portions of Exhibits 1-3. ECF No. 123. Defendants seek to seal the unredacted version of its Emergency Motion for Protective Order (ECF No. 122) as well as Exhibits 4 and 5 thereto because these filings contain confidential information. Exhibits 4 and 5 are prior incident reports to which Defendants have designated as "Highly Confidential" as they are unrelated to Plaintiff's alleged incident and contain names and other personal identifying information of former patrons. In addition, Defendants seek to redact portions of Exhibits 1 through 3 in support of the Emergency Motion as these exhibits contain emails between counsel and deposition notices containing names of the former patrons.

As the party seeking to seal a judicial record, Defendants must meet its burden of overcoming the strong presumption in favor of access and public policies favoring disclosure. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (establishing those who seek to maintain the secrecy of documents attached to non-dispositive must meet good cause); *Foltz v. State Farm*

*Mutual Automobile Insurance Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003) (A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted."). The mere fact that production of records may lead to a party's embarrassment, incrimination, or exposure to further litigation will not alone compel the court to seal its records. *Foltz*, 331 F.3d at 1136. Here, the personal information of third parties are typically sealed. *Am. Auto. Ass'n of N. California, Nevada & Utah v. Gen. Motors LLC*, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (Courts … routinely granted motions to seal the personally identifiable information of third party individuals).

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Seal (ECF No. 123) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Defendants' Emergency Motion for Protective Order and Exhibits thereto (ECF No. 122) are and shall remain sealed.

IT IS FURTHER ORDERED that Defendants must refile its Emergency Motion for Protective Order (ECF No. 122) and Exhibits 1 through 3 on the public record redacting only references to and quotations from the prior incident reports, including names of the former patrons.

DATED this 20th day of November, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

2