UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DWIGHT MANLEY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MGM RESORTS INTERNATIONAL and MGM GRAND HOTEL, LLC,<br><br>　　　　Defendants. | Case No. 2:22-cv-01906-MMD-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's Memorandum Supporting Requested Fees (ECF No. 175) and Defendants' Response thereto (ECF No. 176).

"In diversity actions [such as the case before the Court], federal courts are required to follow state law in determining whether to allow attorneys' fees." *Swallow Ranches, Inc. v. Bidart*, 525 F.2d 995, 999 (9th Cir. 1975). Under Nevada law, a prevailing party cannot recover attorney's fees unless authorized by statute, rule, or agreement between the parties. *First Interstate Bank of Nevada v. Green*, 694 P.2d 496, 498 (Nev. 1985). A party can obtain an award of attorney's fees if "the court finds that the claim, counterclaim, cross-claim or third-party complaint or defense of the opposing party was brought or maintained without reasonable ground or to harass the prevailing party." NRS 18.010(2)(b). "The court shall liberally construe the provisions of [NRS 18.010(2)(b)] in favor of awarding attorney's fees in all appropriate situations," and "[i]t is the intent of the Legislature that the court award attorney's fees pursuant to [NRS 18.010(2)(b)] ... in all appropriate situations to punish for and deter frivolous or vexatious claims and defenses." *Id.* The award of attorney fees under NRS 18.010(2)(b) is "within the sound discretion of the district court." *Kahn v. Morse & Mowbray*, 117 P.3d 227, 238 (Nev. 2005).

Having previously granted Plaintiff an award of fees incurred in the preparation of his motion for adverse jury instruction and the reply in support thereof, the Court must now consider the reasonable amount of fees to be awarded. The lodestar method is the customary method that the Court uses when determining attorneys' fees. *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th

Cir. 1996). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Id.*; *see also McGrath v. Cnty. of Nevada*, 67 F.3d 248, 252 (9th Cir. 1995). The requesting party "has the burden of submitting billing records to establish that the number of hours it has requested are reasonable." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). The Court should exclude from the lodestar calculation hours that were not "reasonably expended," including hours that are "excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *see also Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006). If the Court determines some requested fees should be excluded as unreasonable, the Court may exclude bill entries pursuant to an hour-by-hour analysis. *See Gonzalez*, 729 F.3d at 1203. "The number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008).

The lodestar amount is a presumptively reasonable fee. *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 982 (9th Cir. 2008). Although presumptively reasonable, the Court may adjust the lodestar amount based on the *Kerr* factors to account for factors that have not been subsumed in the lodestar calculation. *Id.* For example, the Court may exclude hours arising from overstaffing, duplication, excessiveness or that are otherwise unnecessary. *See, e.g.*, *Hensley*, 461 U.S. at 434; *see also Cruz v. Alhambra School Dist.*, 601 F.Supp.2d 1183, 1191 (C.D. Cal. 2009).

The *Kerr* factors include: (1) the time and labor required, (2) the novelty and the difficulty of the questions involved, (3) the skill required to perform the legal service properly, (4) the preclusion of other employment by the attorney due to the acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorney, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and, (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*, 525 F.2d 67, 70 (9th Cir. 1975). Further, Local Rule 54-14(b) requires a party seeking attorneys' fees to include: (1) a reasonable itemization and description of the work performed and (2) an itemization of all costs sought to be charged as part of the fee award.

When determining the reasonable hourly rate to be applied to an award of attorneys' fees, the Court must consider the "prevailing market rates in the relevant community" and compare the rates of "lawyers of reasonably comparable skill, experience, and reputation" to the rates requested in the case before the Court. *Soule v. P.F. Chang's China Bistro, Inc.*, Case No. 2:18-cv-02239-GMN-GWF, 2019 WL 3416667, at *1 (D. Nev. July 26, 2019) (internal citation omitted). This is a two-step process. The first step requires the Court to "calculate the lodestar amount by" multiplying "the number of hours reasonably expended on the" motion at issue "by a reasonable hourly rate." *Id.* (citations omitted). The second step requires the Court to consider adjusting the lodestar amount upward or downward, something done "only on rare and exceptional occasions, ... using a multiplier based on factors not subsumed in the initial calculation of the lodestar." *Id. citing Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (internal brackets removed).

Starting with the rates requested, Plaintiff seeks $600 an hour for Paul Hejmanowski and $500 an hour for Charles McCrea. ECF No. 175 at 4. Mr. Hejmanowski and Mr. McCrea "have been lawyers for over 50 years," have distinguished careers, and accolades recognized in Nevada and nationally. *Id*. Without disputing the training, experience or reputation ascribed to Plaintiff's counsel, Defendants argue Plaintiff fails to establish that the rates requested are in line with community standards. ECF No. 176 at 4. Defendants cite cases dating back 10 to12 years, while also citing a 2020 decision from this district that found a billing rate of $645 an hour for a senior partner with 47 years of experience reasonable. *Id*. at 4-5.

There are a variety of opinions available from the District of Nevada discussing the community's prevailing rates, but in March 2025, the Court stated:

> Hourly rates of $550 to $750 have been found reasonable for attorneys with 38 or more years of experience. *See Flynn v. Love*, No. 3:19-cv-00239-MMD-CLB, 2023 WL 3080494, at *3 (D. Nev. Apr. 25, 2023) ($650 rate for attorney with some 50 years of experience); *Flynn v. Love*, 3:19-cv-00239-MMD-CLB, 2022 WL 2918989, at *3 (D. Nev. July 25, 2022) ($550 for attorney with 40 years of experience); *Winecup Gamble, Inc. v. Gordon Ranch*, LP, No. 3:17-cv-00163-RCJ-WGC, 2021 WL 434201 (D. Nev. February 8, 2021) ($641 for a Nevada attorney with more than 30 years of experience.) Hourly rates of $500 to $641 have been found reasonable for attorneys with between 17 and 38 years of experience. *See WSOU Invs., LLC v. Salesforce, Inc.*, No. 3:23-CV-00023-RCJ-CSD, 2024 WL 307617, at *5 (D. Nev. Jan. 26, 2024) ($600 for attorneys with 23 years of experience); *Smith & Wesson Brands, Inc. v. SW North America, Inc.*, No. 2:22-cv-

3

01773-JCM-EJY, 2023 WL 7279950, at *3 (D. Nev. Nov. 3, 2023) ($550 for attorney with over 25 years of experience).

*Semas v. Chemetall US, Inc.*, Case No. 3:19-cv-00125-CLB, 2025 WL 822932, at *10 (Mar. 14, 2025). Here, the Court finds the years of experience, well established reputation of the lawyers involved, and skill these lawyers bring to this case support the hourly rates requests as consistent with the prevailing rates in Nevada, and with rates awarded lawyers of reasonably comparable skill, experience, and reputation. The rates of $600 an hour for Mr. Hejmanowski and $500 an hour for Mr. McCrea are approved.

Turning to the time charged to the task for which fees were awarded, the Court returns to the *Kerr* factors and Local Rule 54-14. Counsel for Plaintiff provides their billing records and say no costs are sought. ECF No. 175 at 3. Counsel also points to the Court's May 15, 2025 Order granting Plaintiff's motion, in part, and awarding fees. *Id*. Plaintiff seeks $20,955 in fees for the work performed over 38.5 hours. *Id*. Plaintiff admits the issues addressed in his motion were not unique, but says experienced counsel was needed to perform the services required. *Id*. No other employment was precluded by virtue of the work performed on the motion for adverse jury instruction, there was no unusual time limitation, the case was not undesirable, and awards in similar cases is unknown. *Id*. at 3-5. Defendants point to the billing records that reflect block billing, entries unrelated to Plaintiff's motion and reply brief, the time spent conducting research that was excessive, and certain tasks that are not ones for which fees should be awarded. EFC No. 176 at 6-7. Defendants contend fees "in the range of $5,000.00" are appropriate. *Id*. at 7.

The Court first considers time billed to prepare and file the motion for adverse jury instruction. In this regard, it appears Mr. Hejmanowski did the bulk of the work researching, drafting, and finalizing the motion (entries dated 11/04/24 through 1/12/24 totaling 17.5 hours).[1] The Court finds these billing entries reasonable. However, after Mr. Hejmanowski "finalized" the motion, Mr. McCrea apparently reviewed Mr. Hejmanowski's work resulting in 2.8 hours of billed time. This is duplicative and unnecessary work as Mr. Hejmanowski is more than sufficiently

---

[1] Excluded from this time calculation is .2 hours spent by Mr. McCrea stated as "work on motion for adverse inference," a teleconference with Mr. McCrea (.25 hours), and communication with Katie Cannata (unidentified, but presumed to be a paralegal) that is block billed with legal research (2.25 hours).

knowledgeable, skilled, and capable of drafting a non-unique motion seeking an adverse jury instruction for lost relevant evidence. Thus, the Court awards fees for 17.5 hours of time at $600 an hour for Mr. Hejmanowski's preparation of the motion for adverse jury instruction, but denies the time billed by Mr. McCrea.

Mr. MrCrea and Mr. Hejmanowski appear to work together to review Defendants' response to the motion and prepare the reply; although, Mr. McCrea clearly took the laboring oar on this task. ECF No. 175 at 7-8. The Court discounts these entries for conferences between these two extremely experienced lawyers, as well as Mr. Hejmanowski's 2.25 hours spent "[a]nalyzing the opposition … and formulating … [the] reply" and 2.00 hours spent finalizing the reply researched and drafted by Mr. McCrea. The total amount of time deducted is 4.25 hours. The Court awards 11.3 hours for work performed by Mr. McCrea associated with preparing for and drafting the reply.

Thus, the total award of fees is as follows:

17.5 hours at $600 an hour for Mr. Hejmanowski, equaling $10,500.00; and

11.3 hours at $500 an hour for Mr. McCrea, equaling $5,650, for a total award of $16,150.00.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Memorandum Supporting Requested Fees is approved to the extent that the Court finds an award of fees in the amount of $16,150 is granted.

IT IS FURTHER ORDERED that Defendants must reimburse Plaintiff in the amount awarded within thirty (30) days of the date of this Order; provided, however, that this award is automatically stayed if a timely objection is filed.

Dated this 26th day of June, 2025.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE