UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| DWIGHT MANLEY, | Case No. 2:22-cv-01906-MMD-EJY |
| --- | --- |
| Plaintiff, | |
| v. | **ORDER** |
| MGM RESORTS INTERNATIONAL; MGM GRAND HOTEL, LLC, | |
| Defendants. | |
| MGM GRAND HOTEL, LLC, a Nevada limited liability company, | |
| Counterclaimant, | |
| v. | |
| DWIGHT MANLEY, an individual, | |
| Counter-Defendant. | |

Pending before the Court is the Joint Motion to Seal in Response to the Court's Minute Order of July 7, 2025. ECF No. 186. The parties address five exhibits and redactions to Plaintiff's Response to Defendants' Motion for Summary Judgment (the "Response"). The parties agree that Exhibits L and P, previously filed under seal, are properly unsealed and concomitant sections of Plaintiff's Response are properly unsealed. *Id*. at 2-3.

Exhibit I to the Response contains a few incident reports of unsubstantiated complaints made by third party patrons regarding alleged drugging by MGM Resorts International employees. The Court previously ordered these reports to be produced attorney's eyes only based on numerous factors including, but not limited to, Plaintiff's historic conduct in this case and that each complaint remains unsubstantiated. The Court's review of Exhibit I demonstrates underlying facts in those reports have (in some cases) limited similarity to Plaintiff's allegations, did not occur at the property or location identified by Plaintiff, and occurred as long as nine years ago. The Court notes it previously sealed two of the reports contained in Exhibit I.

1

1    Plaintiff presents no information that alters the facts on which the Court based its original decision to seal third party reports contained in Exhibit I to the Response. Further, Exhibit J is an excerpt of a deposition transcript of a non-party complaining patron together with the investigative report regarding that patron, which also appears in Exhibit I. In the absence of a representation confirming the information in Exhibits I and J will not be misused, and the fact that allegations found in these exhibits remain only that—allegations, the Court's concerns leading to the sealing of this information remains the same.

Exhibit Q is an internal MGM document labeled TTO Policy. Plaintiff argues the Policy is "disclosed in some fashion to gaming patrons," and the Policy is "not unique or proprietary" because the Policy recites "common sense directives." Defendants argue the Policy is "not available to the general public" and there is limited disclosure "to certain, but not all MGM Grand and MGM Resorts employees." Defendants further say the Policy is "commercial information" and is alleged to be trade secrets. Defendants conclude that the Policy "constitute[s] proprietary information concerning Defendants' business operations" the public disclosure of which may cause "Defendants a commercial disadvantage."

Under well settled law, Exhibits I, J, and Q may remain sealed only if Defendants demonstrate compelling reasons for doing so "that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (internal citations and quote marks omitted). "In turn, the court must conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret. … After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (internal citations and quote marks omitted). "[C]ompelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* (internal citations and quote marks omitted). Further information is properly sealed when it relates to

proprietary practices or will disclose business practices that could aid a competitor. *Selling Source, LLC v. Red River Ventures, LLC*, Case No. 2:09-cv-01491-JCM-GWF, 2011 WL 1630338, at *6 (D. Nev. Apr. 29, 2011); *Le v. Equifax Info. Servs., LLC*, Case No. 2:16-cv-02393-RFB-GWF, 2017 WL 4350976, at *2 (D. Nev. Sept. 29, 2017).

Here, the Court finds the disclosure of unsubstantiated third party complaints and deposition testimony regarding the same has little public value except to become a vehicle for public scandal. This concern outweighs the public interest in disclosure. Even without names and contact information of third parties, the disclosure of such information to Plaintiff, which would necessarily arise from disclosure to the public, is of substantial concern and unnecessary for purposes of prosecuting his case as the information is available to counsel and the Court, neither of which will misuse the information provided. Exhibits I and J will remain sealed.

Further there is nothing before the Court demonstrating the TTO Policy is, in fact, disclosed to patrons as Plaintiff contends. The Policy is marked "proprietary" and not to be disclosed outside of MGM Resorts International. Credit policies may be employed throughout the casino industry. However, there is nothing demonstrating such policies are identical. The disclosure of MGM Resorts International's policy relating to granting credit to those worthy of gambling at higher limits would certainly be of interest to its competitors who could use that policy to create less stringent policies driving customers away from Defendants. Thus, Exhibit Q is properly filed under seal.

Accordingly, IT IS HEREBY ORDERED that the Joint Motion to Seal in Response to the Court's Minute Order of July 7, 2025 (ECF No. 186) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff must refile his Response at ECF No. 181 on the docket available to the public removing redactions described in footnote 1, ECF No. 186 at 2 n.1. The revised Response must attach all Exhibits that were filed and originally available to the public, as well as Exhibits L and P.

IT IS FURTHER ORDERED that the revised Response should contain no changes other than a footnote noting that the revised document replaces Plaintiff's filing at ECF Nos. 178, 179, which are withdrawn.

IT IS FURTHER ORDERED that the due date for Defendants' Reply is not advanced or otherwise changed by the filing of the revised Response.

IT IS FURTHER ORDERED that Exhibits I, J, and Q, filed at ECF No. 181, are and shall remain sealed.

DATED this 21st day of July, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE