Paul R. Hejmanowski, Esq. (SBN #94)
Charles H. McCrea, Esq. (SBN #104)
PRHLAW LLC
520 South Fourth Street, Suite 360
Las Vegas, NV 89101
T 702.834.6166
paul@prhlawllc.com
charles@prhlawllc.com

*Attorneys for DWIGHT MANLEY*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

DWIGHT MANLEY,

          Plaintiff,

v.

MGM RESORTS INTERNATIONAL; MGM
GRAND HOTEL, LLC,

          Defendants,

AND ALL RELATED ACTIONS.

Case No.  2:22-cv-01906-MMD-EJY

**PLAINTIFF'S MOTION TO
REOPEN DISCOVERY AND FOR
LEAVE TO EXCEED THE 10
DEPOSITION LIMIT**

Pursuant to FRCP 16(b)(4), Plaintiff Dwight Manley moves to reopen discovery in this matter and, pursuant to FRCP 30(a)(2)(A)(i), for leave to take an additional 7 depositions bringing the total number of depositions taken by Plaintiff in this matter to 16. This motion is made and based on the pleadings, the documents on file, the Declaration of Paul R. Hejmanowski ("Hejmanowski Decl.") filed herewith and the points and authorities that follow.

DATED: August 22, 2025.

          PRHLAW LLC

          By:*/s/Charles H. McCrea*
          Paul R. Hejmanowski, Esq. (SBN #94)
          Charles H. McCrea, Esq. (SBN #104)

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### I.    PRELIMINARY STATEMENT

3

4

By this motion, Plaintiff seeks to reopen discovery to take the depositions of 4 current

5

employees of MGM and 3 former employees, none of whom were disclosed by MGM until after

6

the close of discovery. After the close of discovery, these 7 individuals were all identified by MGM

7

as receiving litigation hold notices to preserve documents, including electronically stored

8

information, concerning Dwight Manley's visit to the MGM the weekend of December 10-12,

9

2021. It may be assumed that these individuals received the litigation hold notices because MGM's

10

legal department believed they could possess relevant information and documents. The disclosure

11

of these individuals should have been made early on in this case through MGM's initial

12

disclosures, but MGM chose to wait until after the discovery cutoff to do so.

13

Plaintiff has taken 9 depositions to date, so this motion also seeks leave to permit Plaintiff

14

to exceed by 6 the 10 deposition limit imposed by FRCP 30(a)(2)(A)(i) by allowing Plaintiff a

15

total of 16 depositions.

16

### II.    STATEMENT OF FACTS

17

On 2/11/2025 Plaintiff served an Amended Notice of Rule 30(b)(6) Deposition of MGM

18

Resorts International and MGM Grand Hotel, LLC (collectively "MGM" or "Defendants") setting

19

the deposition to commence at 9:00 AM on 3/5/2025. This was 9 days before the discovery deadline

20

in this matter, which was 3/14/2025. The Amended Notice of Deposition sets forth 19 separate matters

21

on which Plaintiff requested testimony. Item 19 of the "Matters on which Examination is Requested"

22

reads: "Practices and procedures followed by you to implement litigation preservation of potential

23

evidence." See Hejmanowski Decl., Exhibit 1, 6:6-7 at EXS_007.

24

On 3/5/2025, MGM produced three persons to testify on its behalf: Marc Cassell, Lynda

25

Bilbao and Zachary Johnson. Mr. Cassell was deposed from 8:57 AM to 10:01 AM. Ms. Bilbao was

26

deposed from 10:40 AM to 11:33 AM and Mr. Johnson was deposed from 11:43 AM to 12:01 PM.

27

Volume I of Mr. Johnson's deposition taken 3/5/2025 is attached as Exhibit 2, EXS_011-32.

28

During the course of Mr. Johnson's deposition it became apparent that none of MGM's Rule 30(b)(6) designees had been properly prepared to adequately address Item 19 and this fact was acknowledged by MGM's counsel. Exhibit 2, 18:15-19:2, EXS_029-30. Accordingly, it was agreed between counsel on the record that the Rule 30(b)(6) deposition would be suspended to be resumed when MGM was in a position to present one or more designees who were adequately prepared. *Id.*

Although the discovery deadline passed on 3/14/2025, it was understood and agreed that the Rule 30(b)(6) deposition would be continued to be completed in due course once the designee preparation issues had been resolved. Exhibit 3, EXS_034-35.

On 4/8/2025, Plaintiff's counsel sent an email to MGM's counsel requesting a date for the resumption of the Rule 30(b)(6) deposition. Exhibit 4, EXS_037. On 4/9/2025, before responding to that request, MGM's counsel served Defendants' Third Supplemental Privilege Log (Exhibit 5, EXS_039-47) where MGM, for the first time, identified three documents described as "Correspondence from Counsel/Litigation Hold." *Id.* at EXS_045. The documents, while claimed to be privileged attorney-client communications and not produced, nevertheless identify 8 witnesses who received a litigation hold notice who were never previously identified by MGM. *Id.* Although MGM deemed these 8 persons to be people who may have had information that should be preserved, those persons were never disclosed in MGM's multiple initial disclosures and Plaintiff was not aware of their existence or potential significance until 4/9/2025.

On 4/11/2025, counsel for Plaintiff requested "identification of the new names provided on the litigation hold (i.e., job title and relation to the lawsuit)" and, again, requested a date to resume the Rule 30(b)(6) deposition. Exhibit 6, EXS_049. By emails exchanged between 4/22 and 4/24/2025, counsel agreed that the continued Rule 30(b)(6) deposition would be scheduled for 5/6/2025.

On 5/6/2025, Zachary Johnson was again produced as MGM's Rule 30(b)(6) designee, and he was no better prepared to serve in that capacity than he was when he was deposed on 3/5/2025. The deposition commenced at 12:56 PM and recessed 22 minutes later with an acknowledgement by MGM's counsel that he understood "absolutely" the point that Plaintiff's counsel would "need to reopen discovery and depose these people [the 8 newly identified witnesses]" if no agreement could

be reached to allow those depositions to proceed. Exhibit 8, Volume II of Mr. Johnson's deposition taken 5/6/2025, EXS_054-61. Just before the deposition recessed at 1:18 PM, counsel engaged in the following colloquy:

    MR. HEJMANOWSKI:  LJ, we got a problem, and I  don't know how else to approach it other than my usual "blunt, not meaning to be rude" approach.  You guys -- you guys -- the MGM identified, after discovery was closed, these ten additional people, by adding -- by providing us the information on the litigation hold. I had no knowledge, and they were not in your -- any of your initial disclosures.  All ten of them are new to us.

    MR. SEMENZA:  Okay.

    MR. HEJMANOWSKI:  So I'm faced with this prospect of -- since this witness can't tell me what they are or what they do, why they're there, I'm going to need to reopen discovery and depose these people.

    MR. SEMENZA:  Okay.  Well, we can talk about that.  I mean --

    MR. HEJMANOWSKI:  You understand why.  I mean, I'm not --

    MR. SEMENZA:  I understand your point.  Yeah, absolutely.  I don't think any of these people have any involvement in the dispute.

    MR. HEJMANOWSKI:  Then why did they get litigation holds?  You see the point, and that's --

    MR. SEMENZA:  I see your point, and –

    MR. HEJMANOWSKI:  I'm not –

    MR. SEMENZA:  --and I'm not, obviously testifying on behalf of the witness, but -

    MR. HEJMANOWSKI:  Certainly.

    MR. SEMENZA:  -- we don't know the answer to that question.

    MR. HEJMANOWSKI:  I accept that for the moment, surely.

    MR. SEMENZA:  So --

    MR. HEJMANOWSKI:  But there's information here that I need to follow up on, and I don't want to let  time go by. May we have a meet and confer in the next few days so I can get this thing teed up?

    MR. SEMENZA:  Absolutely.

    MR. HEJMANOWSKI:  Are you available this week?

PRHLAWLLC
520 S. 4th Street, Suite. 360
LAS VEGAS, NEVADA 89101
702.834.6166

MR. SEMENZA:  I am.  It depends on what time.  Yes.

MR. HEJMANOWSKI:  Okay.  Well, let me know your availability, because I'm pretty flexible.

MR. SEMENZA:  Okay.

MR. HEJMANOWSKI:  And we can -- we can chat and decide how we're going to proceed, because frankly this isn't getting me very far.

MR. SEMENZA:  I understand.

Exhibit 8, 40:1-41:24:10, EXS_060.

On 7/24/2025, MGM's counsel finally responded to Plaintiff's 4/11/2025 request for additional information on the newly disclosed witnesses by at least providing job titles and indicating whether they were still employed by MGM. See Exhibit 9, EXS_063-64 and Exhibit 10, EXS_066. On 8/7/2025, Plaintiff's counsel responded advising that he wanted to take the depositions of the four witnesses who were still employed by the MGM and requesting the last known contact information for the three witnesses that were no longer employed by MGM. Exhibit 11, EXS_068. MGM's counsel replied requesting a telephonic conference call to discuss. *Id.*

Despite numerous discussions and email exchanges with MGM's counsel about deposing the newly identified persons, counsel never raised an objection to reopening discovery or the number of depositions that might be needed, which Plaintiff's counsel offered on more than one occasion to take at the MGM and estimated each would take less than 2 hours.

The telephone conference requested by MGM's counsel on 8/7/2025 occurred on 8/12/2025 and concluded by MGM's counsel simply stating they would consult with their client and revert back. By email from MGM's counsel on 8/15/2025, Plaintiff was informed that MGM would decline to provide any additional information regarding the newly identified witnesses or to allow any continuance of the recessed Rule 30(b)(6) deposition. MGM's counsel further advised that it would be necessary for Plaintiff to file a motion to reopen discovery if additional depositions were desired

as well as to get leave of Court to exceed the 10 deposition limit imposed by FRCP 30(a)(2)(A)(i), since Plaintiff had already taken 9 depositions. Exhibit 12, EXS_71.

## III.    ARGUMENT

### A.    To Reopen Discovery

Federal Rule of Civil Procedure 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). In determining whether to reopen discovery, courts consider the following factors:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence. *U.S. ex rel Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512, 1526 (9th Cir. 1995) overruled in part on other grounds by *Hughes Aircraft Co. v. U.S. ex rel. Schumer,* 520 U.S. 939 (1997) (quoting *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987) ).

*Azevedo v. Northland Insurance Co.*, 2008 WL 11450625 (D. Nev. Sep. 5, 2008) *1.

Each of the factors referenced above favors (or, at worst, is neutral or not applicable) to the reopening of discovery to allow Plaintiff to take the requested depositions:

1)    Trial is not imminent. There is no trial date set at this time and it is not likely to be set until MGM's pending motion for summary judgment is resolved.

2)    It is unknown at this time whether MGM will file an opposition to this motion.

3)    MGM will suffer no cognizable prejudice if the motion is granted.

4)    As set forth in detail in the declaration accompanying this motion, Plaintiff has clearly been diligent in attempting to obtain the requested discovery.

5)    Not applicable.

6)    There is a strong likelihood that the requested discovery will lead to relevant evidence.

1

2

**B.**     <u>To Exceed the Ten Deposition Limit</u>

3

FRCP 30(a)(2)(A)(i) states:

4

> A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2):
> (A)     if the parties have not stipulated to the deposition and:
>          (i)     the deposition would result in more than 10 depositions being taken under this rule or Rule 31 by the plaintiffs….

5

6

7

The Advisory Committee Notes regarding Rule 30(a)(2)(A)(i) state that "leave to exceed

8

the ten deposition limit should be granted when consistent with the principles of Rule 26(b)(2)."

9

See *Presidio Components, Inc. v. American Technical Ceramics Corp.*, 2009 WL 861733

10

(S.D.Cal.2009) *2. The decision whether to grant leave is a case-by-case determination. *Powell v.*

11

*Texvans, Inc.,* 2011 WL 108950 (D. Nev. Jan 12, 2011) *1.

12

13

The relief sought by this motion is consistent with Rule 26(b)(1) and (2). In particular, it is

14

"relevant to [a] party's claim or defense and proportional to the needs of the case, considering the

15

importance of the issues at stake in the action, the amount in controversy, the parties' relative

16

access to relevant information, the parties' resources, the importance of the discovery in resolving

17

the issues, and [ ] the burden or expense of the proposed discovery [does not outweigh] its likely

18

benefit." FRCP 26(b)(1).

19

**III.     CONCLUSION**

20

For the foregoing reasons, Plaintiff's motion to reopen discovery should be granted along

21

22

with leave to increase the ten deposition limit to a total of sixteen.

23

DATED: August 22, 2025.                 Respectfully submitted,

24

PRHLAW LLC

25

By:/s/Charles H. McCrea

26

Paul R. Hejmanowski, Esq. (SBN #94)
Charles H. McCrea, Esq. (SBN #104)

27

28

*Attorneys for DWIGHT MANLEY*

**INDEX TO EXHIBITS**
**ACCOMPANYING DECLARATION OF PAUL R. HEJMANOWSKI**

| Exhibit | Description | No. of Pages | Bates Nos. |
|---------|-------------|--------------|------------|
| 1 | Amended Notice of Rule 30(b)(6) Deposition of MGM Resorts International and MGM Grand Hotel, LLC | 8 | EXS_002-9 |
| 2 | Volume I of Deposition of Zachary Clarence Johnson taken 3/5/2025 | 32 | EXS_011-32 |
| 3 | Email from Paul Hejmanowski to Katie Cannata dated 3/20/2025 | 2 | EXS_034-35 |
| 4 | Email from Paul Hejmanowski to Lawrence J. Semenza dated 4/8/2025 | 1 | EXS_037 |
| 5 | Defendants' Third Supplemental Privilege Log served 4/9/2025 | 9 | EXS_039-47 |
| 6 | Email from Paul Hejmanowski to Lawrence J. Semenza Dated 4/11/2025 | 1 | EXS_49 |
| 7 | Emails exchanged between Paul Hejmanowski and Lawrence J. Semenza from 4/22/2025 to 4/24/2025 | 2 | EXS_51-52 |
| 8 | Volume II of Deposition of Zachary Clarence Johnson taken 5/6/2025 | 8 | EXS_54-61 |
| 9 | Email exchange between Lawrence J. Semenza and Paul Hejmanowski dated 7/3/2025 | 2 | EXS_063-64 |
| 10 | Email from Katie Cannata to Paul Hejmanowski dated 7/24/2025 | 1 | EXS_66 |
| 11 | Email exchange between Paul Hejmanowski and Katie Cannata from 7/24/2025 to 8/7/2025 | 2 | EXS_068-69 |
| 12 | Email from Katie Cannata to Paul Hejmanowski dated 8/15/2025 | 1 | EXS_071 |

PRHLAWLLC
520 S. 4th Street, Suite. 360
LAS VEGAS, NEVADA 89101
702.834.6166

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that on this 22nd day of

August, 2025, I caused the foregoing **PLAINTIFF'S MOTION TO REOPEN DISCOVERY**

**AND FOR LEAVE TO EXCEED THE 10 DEPOSITION LIMIT** to be served as follows:

[]    by depositing same for mailing in the United States Mail, in a sealed envelope

addressed to:

> Lawrence J. Semenza, III, Esq.
> Katie L. Cannata, Esq.
> SEMENZA RICKARD LAW
> 10161 Park Run Drive, Suite 150
> Las Vegas, Nevada 89145

[X]    pursuant to FED. R. CIV. P. 5(b)(2)(E) to be sent via direct electronic mail as follows:

ljs@semenzarickard.com

klc@semenzarickard.com

[]    to be hand delivered to:

and/or

[X]    by the Court's CM/ECF System.

*/s/Charles H. McCrea*