Paul R. Hejmanowski, Esq. (SBN #94)
Charles H. McCrea, Esq. (SBN #104)
PRHLAW<sub>LLC</sub>
520 South Fourth Street, Suite 360
Las Vegas, NV 89101
T 702.834.6166
paul@prhlawllc.com
charles@prhlawllc.com

*Attorneys for DWIGHT MANLEY*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| DWIGHT MANLEY, | Case No. 2:22-cv-01906-MMD-EJY |
| Plaintiff, | |
| v. | **DECLARATION OF PAUL R. HEJMANOWSKI IN SUPPORT OF PLAINTIFF'S MOTION TO REOPEN DISCOVERY AND FOR LEAVE TO EXCEED THE 10 DEPOSITION LIMIT** |
| MGM RESORTS INTERNATIONAL; MGM GRAND HOTEL, LLC, | |
| Defendants, | |
| AND ALL RELATED ACTIONS. | |

PAUL R HEJMANOWSKI, states as follows:

1. I am an attorney at law duly licensed to practice law before all courts in the State of Nevada (State Bar No. 94). I represent Dwight Manley in the action styled *Dwight Manley v MGM Resorts International, et al.*, Case No. 2:22-cv-01906-MMD-EJY. I have personal knowledge of the matters stated below and could testify competently to them if called upon to do so. This declaration is submitted in support of Plaintiff's Motion to Reopen Discovery filed concurrently herewith.

2. Attached as Exhibit 1 is a true and correct copy of the Amended Notice of Rule 30(b)(6) Deposition of MGM Resorts International and MGM Grand Hotel, LLC (collectively "MGM" or "Defendants") served by Plaintiff on Defendants' counsel on 2/11/2025 setting the deposition to commence at 9:00 AM on 3/5/2025. This was 9 days before the discovery deadline in

PRHLAW<sub>LLC</sub>
520 SOUTH FOURTH ST.
SUITE 360
LAS VEGAS,
NEVADA 89101
(702) 834-6166

DECLARATION OF PAUL R. HEJMANOWSKI, Page 1 of 4

this matter.

3. The Amended Notice of Deposition sets forth 19 separate matters on which Plaintiff requested testimony. Item 19 of the "Matters on which Examination is Requested" reads: "Practices and procedures followed by you to implement litigation preservation pf potential evidence." ("Item 19").

4. On 3/5/2025, MGM produced three persons to testify on its behalf: Marc Cassell, Lynda Bilbao and Zachary Johnson. Mr. Cassell was deposed from 8:57 AM to 10:01 AM. Ms. Bilbao was deposed from 10:40 AM to 11:33 AM and Mr. Johnson was deposed from 11:43 AM to 12:01 PM. A true and correct copy of Volume I of Mr. Johnson's deposition taken 3/5/2025 is attached as Exhibit 2.

5. During the course of Mr. Johnson's deposition it became apparent that none of MGM's Rule 30(b)(6) designees had been properly prepared to adequately address Item 19 and this fact was acknowledged by MGM's counsel. Accordingly, it was agreed between counsel on the record that the Rule 30(b)(6) deposition would be suspended to be resumed when MGM was in a position to present one or more designees who were adequately prepared (see Exhibit 2, 18:15-19:2, EXS_028-29).

6. Although the discovery deadline passed on 3/14/2025, it was understood and agreed that the Rule 30(b)(6) deposition would be continued to be completed in due course once the designee preparation issues had been resolved. Attached as Exhibit 3 is a true and correct copy of a 3/20/2025 email sent 3/20/2025 by me to MGM's counsel confirming this understanding.

7. Attached as Exhibit 4 is a true and correct copy of an email sent 4/8/2025 following up my email of 3/20/2025.

8. Attached as Exhibit 5 is a true and correct copy of Defendants' Third Supplemental Privilege Log served 4/9/2025 where MGM for the first time identified three documents described as "Correspondence from Counsel/Litigation Hold." The documents, while claimed to be privileged attorney-client communications and not produced, nevertheless identify 8 witnesses who received a litigation hold notice who were never previously identified by MGM. Although MGM deemed these

PRHLAWLLC
520 SOUTH FOURTH ST.
SUITE 360
LAS VEGAS,
NEVADA 89101
(702) 834-6166

DECLARATION OF PAUL R. HEJMANOWSKI, Page 2 of 4

8 persons to be people who may have had information that should be preserved, those persons were never disclosed in MGM's multiple initial disclosures and Plaintiff was not aware of their existence or potential significance until MGM produced the redacted litigation hold documents on 4/9/2025.

9. Attached as Exhibit 6 is a true and correct copy of an email sent 4/11/2025 by me to MGM's counsel following up my earlier emails and addressing the need to get additional information on the new names provided in Exhibit 5.

10. Attached as Exhibit 7 are true and correct copies of emails exchanged by me and MGM's counsel between 4/22 and 4/24/2025 agreeing that the continued Rule 30(b)(6) deposition would be scheduled for 5/6/2025.

11. On 5/6/2025, Zachary Johnson was again produced as MGM's Rule 30(b)(6) designee, and he was no better prepared to serve in that capacity than he was when he was deposed on 3/5/2025. The deposition commenced at 12:56 PM and recessed 22 minutes later with an acknowledgement by MGM's counsel that he understood "absolutely" the point that I would "need to reopen discovery and depose these people [the 8 newly identified witnesses]" if no agreement could be reached to allow those depositions to proceed. A true and correct copy of Volume II of Mr. Johnson's deposition taken 5/6/2025 is attached as Exhibit 8. (See Exhibit 8, 40:1-42:10, EXS_060) The deposition recessed pending further discussion between counsel at 1:18 PM. *Id.*

12. Attached as Exhibit 9 are true and correct copies of email exchanged by me and MGM's counsel on 7/3/2025.

13. Attached as Exhibit 10 is a true and correct copy of an email sent 7/24/2025 by MGM's counsel to me finally providing additional information on the persons first identified on 4/9/2025 as receiving litigation hold notices.

14. Attached as Exhibit 11 is a true and correct copy of an email sent 8/7/2025 by me to MGM's counsel responding to Exhibit 10 and her email back the same day requesting a conference call to discuss it. The conference call was scheduled for and conducted on 8/12/2025. It concluded by MGM's counsel simply advising that they would consult with their client and get back to me.

15. Despite numerous discussions and email exchanges with MGM's counsel about

PRHLAW LLC
520 SOUTH FOURTH ST.
SUITE 360
LAS VEGAS,
NEVADA 89101
(702) 834-6166

DECLARATION OF PAUL R. HEJMANOWSKI, Page 3 of 4

deposing the newly identified persons, counsel never raised an objection to reopening discovery or the number of depositions that might be needed, which I offered on more than one occasion to take at the MGM and estimated each would take less than 2 hours.

16. Attached as Exhibit 12 is a true and correct copy of an email sent 8/15/2025 to me by MGM's counsel following our 8/12/2025 conference call declining to provide any additional information or to allow any continuance of the Rule 30(b)(6) deposition and advising that it would be necessary for me to file a motion to reopen discovery if we intended to proceed with the depositions of the 8 witnesses first identified by MGM on 4/9/2025 (after the close of discovery) as receiving litigation hold notices. MGM's counsel further advised that I would also need to move for leave to exceed the 10 deposition limit which would be exceeded by the additional depositions.

* * *

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct.

Executed on August 22, 2025.

/s/Paul R. Hejmanowski
PAUL R. HEJMANOWSKI

PRHLAWLLC
520 SOUTH FOURTH ST.
SUITE 360
LAS VEGAS,
NEVADA 89101
(702) 834-6166

DECLARATION OF PAUL R. HEJMANOWSKI, Page 4 of 4