UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DWIGHT MANLEY,<br><br>             Plaintiff,<br><br>     v.<br><br>MGM RESORTS INTERNATIONAL; MGM GRAND HOTEL, LLC,<br><br>             Defendants. | Case No. 2:22-cv-01906-MMD-EJY<br><br><br>**ORDER** |
| MGM GRAND HOTEL, LLC, a Nevada limited liability company,<br><br>             Counterclaimant,<br><br>     v.<br><br>DWIGHT MANLEY, an individual,<br><br>             Counter-Defendant. | |

Pending before the Court is Plaintiff's Motion to Reopen Discovery and For Leave to Exceed the 10 Deposition Limit (ECF No. 191). The Court considered the Motion, the Response (ECF No. 192), and the Reply (ECF No. 193).

I.    **Background Fact**

Through his Motion, filed on August 22, 2025, Plaintiff seeks to reopen discovery to take seven depositions of individuals who received litigation hold notices regarding events that transpired during his visit to MGM Grand on December 10 through 12, 2021.[1] ECF No. 191 at 1. Plaintiff's Motion includes a discussion of Fed. R. Civ. P. 30(a)(2)(A)(i) and a request to exceed the 10 deposition limit applicable to each party. *Id*. These seven individuals are comprised of four current and three former MGM Grand employees. *Id*. at 2. Plaintiff states he did not know these seven individuals received litigation hold notices until April 9, 2025—after the March 14, 2025 close of

---

[1]    While eight individuals were on the list of litigation hold recipients, Plaintiff does not seek to depose Jeff Cooper. ECF No. 193 at 7 n.2.

discovery. *Id*. at 3. Plaintiff asserts "that it may be assumed … these individuals received … litigation hold notices because MGM's legal department believed they could possess relevant information and documents." *Id*. at 2. The Court notes that Defendants filed a Motion for Summary Judgment on May 14, 2025. ECF No. 160. That Motion is fully briefed.

Plaintiff recounts the second deposition of an MGM Grand Fed. R. Civ. P. 30(b)(6) witness at which the deponent could not identify why the seven individuals received litigation hold notices.[2] ECF No. 191 at 3-4. Plaintiff further argues that Defendant "understood" that discovery would need to be reopened so that Plaintiff could depose the newly identified individuals. *Id*. Plaintiff points to a discussion with defense counsel that occurred on May 6, 2025, after the conclusion of the second deposition of MGM Grand's 30(b)(6) deponent. A review of ECF No. 191-9 shows the following exchange occurred:

> Plaintiff's Counsel: So I'm faced with this prospect of -- since this witness can't tell me who they are or what they do, why they're there, I'm going to need to reopen discovery and depose these people.
>
> Defense Counsel: Okay. Well, we can talk about that.· I mean –
>
> Plaintiff's Counsel: You understand why. I mean, I'm not –
>
> Defense Counsel: I understand your point. Yeah, absolutely. I don't think any of these people have any involvement in the dispute.
>
> Plaintiff's Counsel: Then why did they get litigation holds? You see the point, and that's –
>
> Defense Counsel: I see your point, and
>
> Plaintiff's Counsel: I'm not
>
> Defense Counsel: and I'm not, obviously, testifying on behalf of the witness, but –
>
> Plaintiff's Counsel: Certainly.
>
> Defense Counsel: -- we don't know the answer to that question.

---

[2]    It is undisputed that the May 6, 2025 deposition was the second time Plaintiff was deposing Defendants' 30(b)(6) witness. The first day of deposition occurred on March 5, 2025, nine days before the close of discovery. During this first day of deposition, Defendants produced three witnesses. Ultimately Zachary Johnson, the third witness, could not adequately respond to Topic 19 regarding "[p]ractices and procedures followed by … [Defendant] to implement litigation preservation of potential evidence." Defendants agreed to produce a 30(b)(6) for a second day of deposition on Topic 19.

1    <u>Plaintiff's Counsel</u>: I accept that for the moment, surely. *** But there's

2    information here that I need to follow up on, and I don't want to let time go by.
     May we have a meet and confer in the next few days so I can this thing teed up?

3    <u>Defense Counsel</u>: Absolutely.

4    ECF No. 191-9 at 8 (internal pages 40-41).

5    After this exchange Defendants provided the job titles and employment status of the eight

6    individuals who received litigation hold letters.  Then, despite engaging in email exchanges and

7    telephone conversations to discuss Plaintiff's desire to take the depositions of the newly identified

8    individuals that would take no more than two hours each (ECF No. 191 at 5),[3] Defendants ultimately

9    informed Plaintiff that they would not agree to the depositions of the litigation hold recipients or

10   further deposition of Defendants' 30(b)(6) witness.  *Id*.  Defendants also told Plaintiff that he would

11   have to move to reopen discovery if he wanted to take additional depositions.  *Id*. at 5-6.

12   Plaintiff recites Federal Rule of Civil Procedure Rule 16(b) requiring a party seeking

13   extension to establish good cause for the modification sought.  ECF No. 191 at 6.  Plaintiff does not

14   address the excusable neglect standard required under the Court's Local Rule 26-3 in his opening

15   brief.  *Id*. at 6-7.

16   Defendants argue Plaintiff fails to identify what relevant evidence any of the seven

17   individuals he seeks to depose possess; Defendants have confirmed these individuals were not

18   involved in the events at issue; Plaintiff obtained an adverse inference regarding lost

19   communications between Vanessa Reboton and Junit Manacher; and Plaintiff mischaracterizes the

20   exchange between counsel.  ECF No. 192 at 3-5.  Defendants contend Plaintiff does not establish

21   good cause to reopen discovery, and does not even address excusable neglect.  *Id*. at 7-9.

22   Defendants also point out that one of the eight individuals—Jeff Cooper—identified Jeff Ash

23   and Ronald Buono during his deposition; Mr. Buono was identified as having reviewed the

24   surveillance footage from December 10, 2021 in a surveillance report produced by Defendants; and

25   another individual listed (Brian Jordan) received a litigation hold despite not being employed by

26   MGM Grand on the date of the events at issue.  *Id*. at 10-11.  Defendants submit Marc Cassell (an

27

28   ---

[3]    Plaintiff contends Defendants never stated an objection to reopening discovery during these exchanges.  ECF
No. 191 at 5.

1    original 30(b)(6) deponent) testified that MGM Grand's security department was not involved in the

2    incident about which Plaintiff complains and did not undertake an investigation of the incident. *Id*.

3    at 11. Thus, Defendants state Plaintiff's request to depose Sean Durand, Chief of Security, should

4    be denied. *See id*. at 11-12.

5    **II.    Discussion**

6         a.    <u>Plaintiff's Interpretation of the Exchange Between Counsel</u>.

7         Because Plaintiff focuses on the above quoted exchange between counsel, the Court

8    addresses this before discussing other issues raised by the parties. Despite Plaintiff's contention that

9    Defendants "understood" it would be necessary to reopen discovery, a review of the exchange

10   between counsel shows defense counsel "understood" what and why Plaintiff was seeking to reopen

11   discovery, but the exchange belies the notion that Defendants agreed to reopening discovery for any

12   purpose. Instead, Defendants agreed to a meet and confer to discuss what Plaintiff sought, but

13   ultimately, and unequivocally declined Plaintiff's request. Thus, Defendants required Plaintiff to do

14   what he did—file a motion to reopen discovery and exceed the 10 deposition limit established under

15   Fed. R. Civ. P. 30(a)(2)(A)(i).

16        b.    <u>Plaintiff Establishes Good Cause Under Fed. R. Civ. P. 16(b)</u>.

17        Federal Rule of Civil Procedure Rule 16(b)(4) allows extensions to the Court's scheduling

18   order "only for good cause and with the judge's consent." The Rule's "good cause standard

19   primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth

20   Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (internal quote marks omitted). More

21   specifically, to meet the burden established by Rule 16's good cause standard, the moving party may

22   be required to show she (1) "was diligent in assisting the Court in creating a workable Rule 16 order"

23   …; (2) "that … [his] noncompliance with a Rule 16 deadline occurred … notwithstanding her

24   diligent efforts to comply, because of the development of matters which could not have been

25   reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference" …; and (3)

26   "that []he was diligent in seeking amendment of the Rule 16 order, once it became apparent that she

27   could not comply with the order." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999)

28   (internal citations omitted). In sum, a district court may modify the pretrial schedule "if it cannot

reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609. "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Id.* (citations omitted).

Here, the Court finds Plaintiff was diligent in pursuing the issue of deposing either a Fed. R. Civ. P. 30(b)(6) witness or the recipients of the litigation hold notices issued by Defendants. There is no dispute that Plaintiff did not receive a list including the seven individuals now at issue until after the close of discovery. Further, Topic 19 of Plaintiff's Fed. R. Civ. P. 30(b)(6) notice sought "[p]ractices and procedures followed by … [Defendants] to implement litigation preservation of potential evidence." During two 30(b)(6) depositions, Defendants' witnesses could not answer questions that ultimately included why the seven individuals Plaintiff seeks to depose received the litigation hold notices they did. Plaintiff could not have foreseen that a Fed. R. Civ. P. 30(b)(6) deponent would be unable to answer the questions posed, and Plaintiff sought relief soon after Defendants declined Plaintiff's request to reopen discovery and take additional depositions. Thus, Plaintiff has met his diligence obligations under Fed. R. Civ. P. 16(b).

c.    Whether Plaintiff Establishes Excusable Neglect and the Reopening of Discovery.

Local Rules applicable to civil practice in the U.S. District Court for the District of Nevada states that "[a] request made after the expiration of the specified period will not be granted unless the movant or attorney demonstrates that the failure to file the motion before the deadline expired was the result of excusable neglect." LR IA 6-1(a). When considering whether Plaintiff demonstrates excusable neglect here, the Court examines four factors: "(1) danger of prejudice to the opposing party; (2) length of delay and its potential impact on the proceedings; (3) reason for the delay; and (4) whether the movant acted in good faith." *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (internal citation and quotation marks omitted); *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395 (1993).[4]

---

[4]    There is no argument regarding the lack of good faith and, thus, the Court does not address this factor.

Addressing this standard, Defendants argues that discovery has been closed for six months. ECF No. 192 at 7.  However, Plaintiff did not receive the names of the seven individuals at issue who received litigation hold notices from Defendants until after the close of discovery.  Plaintiff attempted to gain information regarding why these individuals were recipients of litigation holds, but Defendants' 30(b)(6) deponent could not answer these questions.  The reason for delay is therefore well established and cannot be attributed to Plaintiff.

Defendants, however, point to the fact that their Motion for Summary Judgment is already fully briefed, which is true, and that Plaintiff provides no timeline for completing discovery thereby failing to address the length of delay or the potential impact on proceedings.  These failings, which are undisputed, militate against a finding of excusable neglect.

Defendants next mix into this discussion the standard for reopening discovery, which mirrors excusable neglect to some degree.[5]  Addressing these factors, the Court notes there is no trial date set and, as stated above, Plaintiff was diligent in seeking the discovery at issue, both of which support reopening discovery.  Nonetheless, what is of greatest concern for the Court when considering excusable neglect and reopening of discovery is whether the individuals Plaintiff seeks to depose are likely to possess information that will lead to relevant evidence and, given the lack of any discussion by Plaintiff regarding what information the proposed deponents possess, the prejudice that will attach from the proposed depositions.  Even in his Reply brief Plaintiff offers nothing to suggest that any of the seven individuals have information that remotely relates to his claims.  *See* ECF No. 193. The party seeking to exceed Rule 30(a)(2)'s ten deposition "limit bears the burden of making a 'particularized showing' of the need for additional depositions."  *X One, Inc. v. Uber Techs., Inc.*, Case No. 16-cv-06050 LHK (SVK), 2019 WL 2207645, at *2 (N.D. Cal. May 22, 2019); *see also Vega v. DNC Parks & Resorts at Asilomar, Inc.*, Case No. 19-CV-00484 ADA (SAB), 2023 WL 2617044, at *4 (E.D. Cal. Mar. 23, 2023) (collecting cases).

---

[5]    *See City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017) (internal citation omitted) stating that reopening discovery requires the Court to consider: (1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence.

Further, one individual, Brian Jordon, was not employed by MGM Grand on December 10, 2021, and another, Sean Durand, was part of the Security Department that MGM Grand's 30(b)(6) testified played no role in the events or the investigation relating to Plaintiff's claims. While it is possible these two individuals could have exchanged emails or other electronic communications regarding Plaintiff and the events at issue on some later date, there is nothing before the Court suggesting they did so or that electronically stored evidence, if any, that was ever in their respective possession. Indeed, Plaintiff provides nothing to suggest Defendants have not produced all electronically stored information in its possession, custody or control. Plaintiff therefore fails to demonstrate that the deposition of either Mr. Jordon or Mr. Durand is likely to lead to the discovery of relevant evidence. Said slightly differently, Plaintiff fails to meets the requirement of Rule 26(b)(1)—relevance and proportionality. This leads to Plaintiff's failure to demonstrate a limitation on discovery is improper under Rule 26(b)(2)(C)(iii). The Court finds Plaintiff has not met this burden with respect to Messrs. Jordon and Durand and therefore denies Plaintiff's request to depose these individuals

With respect to the remaining five individuals,[6] the Court considers what information they may have that is relevant and proportional to the needs of the case, and how reopening discovery may delay and, therefore, prejudice resolution of this dispute. The Court notes one district court cogently explained that these showings are necessary because the moving party could "indirectly circumvent the cap on depositions by exhausting the maximum allotted number to take those that she could not justify under the Rule 26(b)(2) standards, and then seeking leave to exceed the limit in order to take depositions that he could substantiate." *Barrow v. Greenville Indep. Sch. Dist.*, 202 F.R.D. 480, 483 (N.D. Tex. 2001).

To this end, Plaintiff argues Defendants' assurance that the individuals he wishes to depose do not have any unique personal knowledge of the events that underlie this case is of little effect. Surely, it is true that Plaintiff does not have to depend on Defendants' assurances to decide in what discovery to engage. However, the Court does not reach its decision based on Defendants'

---

[6] The five remaining individuals include Chris Durlej, Vice President of Customer Development; Steward Patchefsky, Luxury Division General Manager; William Ash, Floor Games Manager; Kendall Hart, Director of Restaurants; and Ronald Buono, Executive Director of Surveillance.

assurances.  Rather, Plaintiff provides no showing, let alone a particularized showing, of the need to depose the five remaining individuals; that is, there is no showing that any one of these individuals is likely to possess information that would lead to relevant evidence.  The names of these individuals do not come up in Plaintiff's moving papers or reply (ECF Nos. 191, 193); there is no discussion of their positions; how those positions may have played a role in the alleged events; the relationship of any of the individuals to this case; or whether one or more of the seven people Plaintiff wants to depose interacted with anyone who was involved in the events about which Plaintiff complains.  Plaintiff cites the Rule 26(a)(1)(i) standard identifying the requirement to disclose individuals who are likely to have discoverable information, and then relies on Defendants' belated disclosure of litigation hold recipients as if this meets Plaintiff's obligations as the moving party seeking to reopen discovery and take more than 10 depositions.  It does not.  Plaintiff has not explained what relevant evidence any of the individuals he seeks to depose may possess beyond the fact that they received a litigation hold letter years ago.  Plaintiff has not met the burden of demonstrating the discovery he seeks "is relevant to any" of his claims "and proportionate to the needs of the case . …" Fed. R. Civ. P. 26(b)(1).

Moreover, if the Court applies the standards established by Federal Rules of Civil Procedure 26(b)(2), Plaintiff's reply is silent on this consideration.  Plaintiff mentions, but never analyzes this Rule as it may apply to his request.  In the absence of information demonstrating the likelihood that the deposition of any of these individuals will lead to relevant evidence, Plaintiff fails to demonstrate a basis for reopening discovery.  He likewise fails to meet Rule 26(b)(1)'s standard, and simultaneously demonstrates a limitation on discovery is properly granted under Rule 26(b)(2)(c)(iii).

**III.    Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Reopen Discovery and for Leave to Exceed 10 Deposition Limit (ECF No. 191) is DENIED.

DATED this 1st day of December, 2025.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

8