Lawrence J. Semenza, III, Esq., Bar No. 7174
Email: ljs@semenzarickard.com
Katie L. Cannata, Esq., Bar No. 14848
Email: klc@semenzarickard.com
SEMENZA RICKARD LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone:  (702) 835-6803
Facsimile:   (702) 920-8669

*Attorneys for Defendant MGM Resorts International
& Defendant/Counterclaimant MGM Grand Hotel, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DWIGHT MANLEY,<br><br>              Plaintiff,<br><br>v.<br><br>MGM RESORTS INTERNATIONAL; MGM GRAND HOTEL, LLC,<br><br>              Defendants.<br><hr>MGM GRAND HOTEL, LLC, a Nevada limited liability company,<br><br>              Counterclaimant,<br><br>v.<br><br>DWIGHT MANLEY, an individual,<br><br>              Counter-Defendant. | Case No.   2:22-cv-01906-MMD-EJY<br><br>**DEFENDANTS MGM GRAND HOTEL, LLC & MGM RESORTS INTERNATIONAL'S OBJECTION TO JANUARY 14, 2026 ORDER [ECF NO. 203] CONCERNING PLAINTIFF DWIGHT MANLEY'S MOTION TO REOPEN DISCOVERY AND FOR LEAVE TO EXCEED THE 10 DEPOSITION LIMIT [ECF NO. 195]** |

Defendants MGM Grand Hotel, LLC ("MGM Grand") and MGM Resorts International ("MGM Resorts") (together, "Defendants") hereby object to Magistrate Judge Elayna Youchah's January 14, 2026 Order [ECF No. 203] concerning Plaintiff Dwight Manley's ("Manley") Motion

1

to Reopen Discovery and For Leave to Exceed the 10 Deposition Limit (the "Motion to Reopen") [ECF No. 195].

This Objection is brought pursuant to LR IB 3-1 and is based upon the following Memorandum of Points and Authorities, the exhibits attached hereto, the papers and pleadings on file herein, as well as any oral argument the Court may entertain.

DATED this 28th day of January, 2026.

        SEMENZA RICKARD LAW

        */s/ Katie L. Cannata*
        Lawrence J. Semenza, III, Esq., Bar No. 7174
        Katie L. Cannata, Esq., Bar No. 14848
        10161 Park Run Drive, Suite 150
        Las Vegas, Nevada 89145

        *Attorneys for Defendant MGM Resorts International & Defendant/Counterclaimant MGM Grand Hotel, LLC*

SEMENZA RICKARD LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803

## MEMORANDUM OF POINTS AND AUTHORITIES

I.     INTRODUCTION

Absent from the record in this matter is **any** good cause basis to grant Manley's recent request to reopen discovery and for leave to exceed FRCP 30(a)(2)(A)(i)'s ten (10) deposition limit. In fact, the Honorable Magistrate Judge Elayna Youchah ("Magistrate Judge Youchah") correctly concluded the same upon denying Manley's Motion to Reopen on December 1, 2025. Following the filing of Manley's objection to that order, however, Magistrate Judge Youchah chose to revisit her decision – despite the fact that the December 1, 2025 order in no way warranted reconsideration. Among other reasons, Manley remained completely incapable of establishing good cause – let alone a particularized showing – to warrant the depositions of certain custodians listed on Defendants' litigation holds. Nevertheless, on January 14, 2026, Magistrate Judge Youchah changed course and granted Manley's request – thereby permitting him to conduct the depositions of five (5) of the litigation hold custodians, among other things.

Respectfully, Magistrate Judge Youchah's January 14, 2026 ruling was clearly erroneous and contrary to controlling authorities on the issue. First, beyond his speculation concerning the custodians and the fact that they were merely listed on the litigation holds, Manley failed to offer **any** good cause basis for their depositions. Indeed, speculation alone are wholly insufficient to establish good cause, relevancy or proportionality. What's more, Manley did not make a particularized showing that would warrant him exceeding FRCP 30(a)(2)(A)(i)'s 10 deposition limit. In fact, Manley did not present any arguments that would justify the custodian depositions **at all**. This, paired with the fact that Manley knew of two (2) custodian's identities for **years** and made no effort to depose them during the discovery period, requires that the January 14, 2026 order be reversed.

In addition, Magistrate Judge Youchah's January 14, 2026 order also permits Manley to supplement his Response to Defendants' Motion for Summary Judgment after the custodian depositions are completed. Manley, however, **never** sought such relief. Indeed, the Motion to Reopen did not argue that the custodian depositions were necessary to oppose summary

3

judgment and similarly did not allege that Manley was prejudiced without their testimony. As such, Magistrate Judge Youchah clearly erred in granting the foregoing relief as well.

For these reasons, and those discussed below, Defendants respectfully request that the District Court Judge reverse the January 14, 2026 order.

## II. PERTINENT PROCEDURAL BACKGROUND

### A. Defendants Decline to Reopen Discovery or Permit Manley to Exceed the 10 Deposition Limit

Discovery closed in this matter on March 14, 2025. (*See* ECF No. 155.) Prior to the close of discovery, Manley conducted the FRCP 30(b)(6) deposition of MGM Resorts and MGM Grand. During the March 5, 2025 FRCP 30(b)(6) deposition, counsel for Defendants agreed to have one of their designees further testify to the "practices and procedures followed . . . to implement litigation preservation of potential evidence," among other topics concerning Defendants' litigation hold practices. (*See* ECF No. 192, Exhibits 1-2.)

At that time, Defendants understood Manley's interest in their preservation efforts to be limited to certain text messages between his host, Vanessa Reboton ("Ms. Reboton"), and Justin Manacher ("Mr. Manacher") – MGM Resorts' President of Casino Marketing – on December 10, 2021. (*Id.* at Ex. 1, ¶ 3.) Manley had previously filed a Motion for Adverse Inference related to those text messages, which was later adjudicated by the Court. As such, that issue has been resolved.[1] (*See* ECF No. 171.)

In the interim, however, Defendants produced redacted versions of the litigation holds that were issued concerning Manley's alleged incident and the instant lawsuit. (ECF No. 192, Ex. 1, ¶ 4.) The redacted litigation holds were disclosed as a courtesy to Manley's counsel and for purposes of facilitating the continued FRCP 30(b)(6) deposition. (*Id.*)

Manley conducted a continued FRCP 30(b)(6) deposition on May 6, 2025. (*Id.* at ¶ 5.) At the conclusion of the deposition, Manley's counsel requested a meet and confer conference to

---

[1] Pursuant to the Court's May 15, 2025 Order, Manley is "permitted to present evidence and argument to the jury regarding the loss of information allowing the jury to draw reasonable inferences from this argument." (ECF No. 171.) That does not, however, preclude Defendants from making counter arguments seeking alternative inferences at the time of trial. (*Id.*)

4

discuss the custodians identified on the litigation holds, their respective titles and what (if anything) they may know about the alleged incident. (*Id.*) Defendants' counsel agreed to meet and confer with Manley's counsel on the issue, while noting his belief that the custodians had no involvement in the alleged December 10, 2021 incident. (*Id.*; ECF No. 191-9, 40:15-21.) At no point in time did Defendants *agree* that Manley was entitled to conduct said depositions. (ECF No. 192, Ex. 1, ¶ 5; ECF No. 191-9, 40:11-42-8.)

Thereafter, counsel for Defendants worked to (1) confirm all the custodians' respective job titles and employment statuses, as well as (2) determine whether they had any personal knowledge concerning Manley's alleged incident. (ECF No. 192, Ex. 1, ¶ 6.) Following discussions with the custodians who are still employed at MGM Grand,[2] it was confirmed that those custodians do not have any unique, personal knowledge or recollection of the December 10, 2021 alleged incident – apart from Jeff Cooper, who Manley had already deposed. (*Id.*)

On July 24, 2025, counsel for Defendants e-mailed Manley's counsel a list of each custodian and their respective job title, which was as follows:

- Sean Durand: Chief of Security
- Brian Jordan: MGM Surveillance Director
- Chris Durlej: Vice President of Customer Development at MGM
- Stewart Patchefsky: Luxury Division General Manager at MGM
- Jeff Cooper: MGM Mansion Floor Supervisor
- William Ash: Floor Games Manager at MGM
- Kendall Hart: Director of Restaurants
- Ronald Buono: Executive Director of Surveillance at MGM

(*Id.* at ¶ 7; ECF No. 191-11.) Defendants' counsel further informed Manley's counsel that, with the exception of Mr. Cooper, none of the foregoing custodians had any pertinent knowledge concerning the alleged incident. (ECF No. 192, Ex. 1, ¶ 7; ECF No. 191-11.)

---

[2] These custodians included Sean Durand, Brian Jordan, Chris Durlej, Steward Patchefsky and Jeff Cooper.

The parties subsequently convened for a meet and confer conference on August 12, 2025. (ECF No. 192, Ex. 1, ¶ 8.)  During the conference, Defendants' counsel reiterated that the custodians had *no* involvement with Manley or the December 10, 2021 incident.  (*Id.*) Defendants' counsel further reminded Manley's counsel that they had already deposed Mr. Cooper.  (*Id.*)  In response, Manley's counsel nevertheless insisted on deposing the foregoing individuals. (*Id.*) The conference concluded by Defendants' counsel agreeing to inform their client of the same and to circle back with Manley's counsel.  (*Id.*)

On August 15, 2025, Defendants' counsel sent an e-mail confirming that Defendants would not consent to the custodian depositions for a variety of reasons.  (*Id.* at ¶ 9; ECF No. 191-13.)  First, Defendants' counsel noted that Manley had already conducted nine (9) depositions in this matter toward FRCP 30(a)(2)(A)(i)'s limit of 10.  (ECF No. 192, Ex. 1, ¶ 9.)  Defendants' counsel further noted that discovery had been closed since March 14, 2025, and that the disclosure of the litigation holds (as well as the continued FRCP 30(b)(6) deposition) were agreed to in good faith as an effort to resolve the dispute.  (*Id.*)  In addition, Defendants' counsel highlighted the fact that the ***only*** issue related to the preservation of evidence in this case concerned the retention of Mr. Manacher and Ms. Reboton's text messages – which had since been adjudicated – and that said issue did ***not*** implicate any of the custodians.  (*Id.*)

**B.    Manley Files a Motion to Reopen Discovery and For Leave to Exceed the 10 Deposition Limit, which is Ultimately Denied**

On August 22, 2025, Manley filed a Motion to Reopen Discovery and For Leave to Exceed the 10 Deposition Limit (hereinafter, the "Motion to Reopen").  (ECF No. 191.)  In doing so, Manley sought to reopen the discovery period in this matter for an indefinite period of time in order to depose seven (7) of the custodians listed on Defendants' redacted litigation holds.  (*Id.*) Given the number of depositions sought, Manley additionally moved for leave to exceed the 10-deposition limit set forth in FRCP 30(a)(2)(A)(i).  (*Id.*)

On September 5, 2025, Defendants filed an Opposition to the Motion to Reopen arguing, among other things, the following: (1) at no point did Defendants agree to reopen discovery or permit depositions of the custodians named in the litigation holds, particularly after confirming

that those individuals had no relevant personal knowledge of the December 10, 2021 incident; (2) Manley failed to establish good cause or excusable neglect to warrant a reopening of discovery; and (3) Manley failed to make a particularized showing to justify his request to exceed the 10-deposition limit. (*See* ECF No. 192.)  Manley filed a Reply in support of his Motion to Reopen on September 12, 2025.  (ECF No. 193.)

On December 1, 2025, Magistrate Judge Youchah issued an Order Denying Manley's Motion to Reopen (the "December 1, 2025 Order").  (ECF No. 195.)  Specifically, Magistrate Judge Youchah correctly concluded that Manley failed to provide any information demonstrating that the depositions of any of the custodians would lead to relevant or proportional evidence – and therefore – failed to demonstrate a basis for reopening discovery and/or to exceed the 10-deposition limit.  (*Id.*)  In doing so, Magistrate Judge Youchah noted the following:

> Nonetheless, what is of greatest concern for the Court when considering excusable neglect and reopening of discovery is whether the individuals Plaintiff seeks to depose are likely to possess information that will lead to relevant evidence and, given the lack of any discussion by Plaintiff regarding what information the proposed deponents possess, the prejudice that will attach from the proposed depositions. Even in his Reply brief Plaintiff offers nothing to suggest that any of the seven individuals have information that remotely relates to his claims.
>
> . . .
>
> Plaintiff cites the Rule 26(a)(1)(i) standard identifying the requirement to disclose individuals who are likely to have discoverable information, and then relies on Defendants' belated disclosure of litigation hold recipients as if this meets Plaintiff's obligations as the moving party seeking to reopen discovery and take more than 10 depositions. It does not. Plaintiff has not explained what relevant evidence any of the individuals he seeks to depose may possess beyond the fact that they received a litigation hold letter years ago. Plaintiff has not met the burden of demonstrating the discovery he seeks "is relevant to any" of his claims "and proportionate to the needs of the case.…" Fed. R. Civ. P. 26(b)(1).

(*Id.* at 6:14-19, 8:8-15.)

///

///

///

7

### C. Manley Objects to the December 1, 2025 Order, and In Turn, Magistrate Judge Youchah Agrees to Reconsider Her Decision on the Motion to Reopen

Unsatisfied with Magistrate Judge Youchah's decision, Manley filed an Objection to the December 1, 2025 Order on December 15, 2025. (ECF No. 197.) In doing so, Manley argued that that the denial of his Motion to Reopen was "clearly erroneous or contrary to law." (*Id.* at 9:23-25.) On December 29, 2025, Defendants filed a Response to Manley's Objection. (ECF No. 198.)

On January 7, 2026, Magistrate Judge Youchah issued a minute order that stated the following:

> After a good deal of thought, the Court exercises its inherent authority to reconsider its prior Order and sets a hearing to discuss whether the deposition of five individuals belatedly disclosed by Defendants may proceed. The five individuals include Chris Durlej, Vice President of Customer Development; Steward Patchefsky, Luxury Division General Manager; William Ash, Floor Games Manager; Kendall Hart, Director of Restaurants; and Ronald Buono, Executive Director of Surveillance.

(ECF No. 199.)

The minute order also set a hearing for the parties to argue their respective positions concerning the above-mentioned depositions for January 13, 2026. (*Id.*) That same day, the parties submitted a stipulation to continue the hearing to January 14, 2026, which was subsequently granted by the Court. (ECF No. 201.)

On January 14, 2026, the parties convened for a hearing before Magistrate Judge Youchah. During the hearing, Magistrate Judge Youchah first clarified that she was not reconsidering the depositions of Sean Durand, MGM Grand's Chief of Security, or Brian Jordan, its Surveillance Director.[3] Thereafter, Manley's counsel reiterated the same argument contained in their December 5th Objection, *i.e.* that a statement purportedly made by Manley's host – Ms.

---

[3] Magistrate Judge Youchah reasoned that (1) Mr. Jordan was not employed at MGM at the time of Manley's alleged incident, and (2) Defendants' FRCP 30(b)(6) designee previously testified that security was not involved in the incident.

8

Reboton – that "they" thought Manley was behaving erratically on December 10, 2021,[4] referred to said custodians. (*See* ECF No. 197, 10:25-11:18.) Specifically, Manley's counsel argued that the custodians "may have seen," "may have heard" and "may know who up there . . . wherever the eye in the sky is located . . . said [Manley is] acting erratically . . . ." (ECF No. 203, 7:25-8:3.)

In response, Magistrate Judge Youchah correctly noted that because the litigation holds were sent out broadly to ensure no potential custodians were missed, that alone did not mean that every listed custodian had relevant information. (*Id.* at 12:15-19.) Manley's counsel, however, maintained that the mere fact that the custodians received litigation holds indicated that Defendants believed them to possess relevant information. (*See id.*)

In opposition to the custodian's depositions, Defendants' counsel argued that: (1) the mere fact that the custodians were listed on the litigation holds did not mean that they were ***witnesses*** – and were thereby never disclosed as witnesses by Defendants; (2) the litigation holds, and the custodians' identities, were only produced as a courtesy to Manley's counsel for purposes of Defendants' continued FRCP 30(b)(6) deposition; (3) Manley knew of two of the custodians (William Ash and Ronald Buono) well before the ligation holds were produced; and (4) there was simply nothing indicating that any of the custodians would have relevant information. (*Id.* at 18:10-22:20.)

After hearing the argument of counsel, Magistrate Judge Youchah determined the following:

> The problem for the Court remains that plaintiff was not given the opportunity to consider whether to depose these people. And while there may be scant information as to what they would know, the fact that Mr. Hejmanowski believes that the fact -- that they thought the litigation holds is evidence of potential knowledge, this is hard to argue with. It is evidence of potential knowledge. Is it evidence of likely knowledge? I think not. But, potential knowledge, yes.

(*Id.* at 26:20-27:3.)

---

[4] Ms. Reboton denied making any such comment to one of Manley's acquaintances during her deposition. (*See* ECF No. 121-12, 57:21-58:13.)

9

Magistrate Judge Youchah thereby ruled that while Manley was not entitled to conduct the depositions of Mr. Durand or Mr. Jordan, he was permitted to depose the remaining five custodians (*i.e.* Chris Durelej, Stewart Patchefsky, William Ash, Kendall Hart and Ronald Buono) within 60 days.  (*See id.*) Magistrate Judge Youchah further ruled that the depositions were limited to one (1) hour, unless the custodian testified that they possess information concerning the alleged incident – whereby Manley's counsel would be afforded two (2) hours. (*See id.*)

In addition to permitting Manley to conduct the foregoing depositions, Magistrate Judge Youchah further allowed the parties to "stipulate to . . . amend the pending motions for summary judgment,"[5] despite the fact that Manley never requested leave to do so upon seeking the above-mentioned depositions.[6]  (*Id.* at 28:20-25.)

For the reasons discussed below, Magistrate Judge Youchah's ruling was, respectfully, erroneous and contrary to controlling law on these issues.  Accordingly, Defendants respectfully request that the District Court Judge reverse the January 14, 2026 Order.

### III. THE DISTRICT COURT JUDGE SHOULD REVERSE THE JANUARY 14, 2026 ORDER

#### A. Permitting Manley to Proceed with Any of Custodian Depositions – and Thereby Exceed the 10 Deposition Limit – Was Clearly Erroneous and Contrary to Law

As the Court knows, LR IB 3-1 permits reconsideration of "any pretrial matter referred to a magistrate judge . . . when it has been shown the magistrate judge's order is clearly erroneous or contrary to law."  Pursuant to FRCP 30(a)(2)(A)(i), a party must obtain leave of court to exceed ten (10) depositions.  Moreover, the party seeking to exceed the presumptive limit bears the burden of making a "***particularized showing***" of the need for additional depositions. *Jasso v. Wells Fargo Bank, N.A.,* No. 220CV00858CDSBNW, 2022 WL 19521370, at *3 (D. Nev. Nov.

---

[5] The foregoing rulings shall be defined herein as the "January 14, 2026 Order."

[6] Indeed, Manley did not argue that the custodian depositions were somehow necessary for purposes of him being capable of opposing Defendants' Motion for Summary Judgment.

16, 2022), aff'd, No. 220CV00858CDSBNW, 2022 WL 18394709 (D. Nev. Dec. 21, 2022) (citing *Labor v. Southwest Fuel Mgmt.,Inc.,* 2017 WL 8941165, at *7 (C.D. Cal. Sept. 19, 2017)). This includes establishing good cause to justify such an order. *PlayUp, Inc. v. Mintas,* 344 F.R.D. 429, 433 (D. Nev. 2023).

In assessing whether to grant leave to take additional depositions, a court also should consider whether "the burden and expense of allowing [the] additional depositions outweigh the likely benefit of allowing that many depositions." *Jasso*, No. 220CV00858CDSBNW, 2022 WL 19521370, at *3 (citing *Natural Resources Defense Council, Inc. v. Winter*, 2008 WL 11338647, at *3 (C.D. Cal. July 11, 2008)).

Here, Manley did ***not*** establish a good cause basis for the custodian depositions at issue – nor did he make a particularized showing to exceed FRCP 30(a)(2)(A)(i)'s ten deposition limit. As a result, Magistrate Judge Youchah's decision to permit Manley to exceed the five (5) custodian depositions was both erroneous and contrary to the authorities cited above.

First, the mere fact that the individuals at issue were listed as custodians on Defendants' litigation holds does ***not*** mean that there is good cause for their depositions. Indeed, Manley did not – and could not – present any justifiable reason for conducting the depositions, apart from the fact that the custodians simply appeared on the litigation holds and/or may be the "they" purportedly referenced by Ms. Reboton on the date of the incident.[7] Both of the foregoing theories are just that. Manley is unable to point to ***anything*** in the record in this case (apart from the litigation holds themselves) that would remotely indicate that any of the five (5) individuals would possess any personal, relevant knowledge concerning the alleged incident.

His inability to do so clearly confirms that good cause does not – and cannot – exist to (1) permit Manley to exceed FRCP 30(a)(2)(A)(i)'s 10 deposition limit, or (2) conduct the five custodian depositions.[8] The January 14, 2026 Order's ruling to the contrary will only lead to a

---

[7] Making matters worse, Ms. Reboton denied making any such comment to one of Manley's acquaintances during her deposition. (*See* ECF No. 121-12, 57:21-58:13.)

[8] Indeed, Magistrate Judge Youchah's initial ruling on Manley's request to conduct these depositions was correct. Without ***any*** suggestion that the individuals at issue are likely to have personal knowledge

1   waste of the parties' time and resources – and would constitute nothing more than an improper
2   fishing expedition. *See Murphy v. Deloitte & Touche Group Ins. Plan,* 619 F.3d 1151, 1163 (10th
3   Cir. 2010) ("Rule 26(b), although broad, has never been a license to engage in an unwieldy,
4   burdensome, and speculative fishing expedition.); *see also Webb v. Trader Joe's Co.,* 999 F.3d
5   1196, 1204 (9th Cir. 2021) (noting that courts cannot "condone the use of discovery to engage in
6   'fishing expedition[s]'"); *Ameristar Jet Charter, Inc. v. Signal Composites, Inc.,* 244 F.3d 189, 193
7   (1st Cir. 2001) (stating that the court would "not allow [respondent] to go on a 'fishing expedition'
8   with the mere 'hope' that it will obtain [relevant] information."); *Rojas v. Brinderson Constructors*
9   *Inc.*, 567 F.Supp.2d 1205, 1212 (C.D. Cal. 2008) ("In sum, it is plaintiffs' duty to investigate and
10  discover the factual bases of their claims before filing a complaint; ***discovery is not an open***
11  ***range for plaintiffs to ride roughshod in the hope that their claims may find support***.")
12  (Emphasis added.)

13   What's more, the fact that Manley did not know of some of the custodian's identities prior
14  to the close of discovery in this matter does not – in and of itself – entitle him to conduct their
15  depositions.  Again, this is not an instance in which Defendants untimely disclosed ***witnesses*** in
16  this case that thereby prevented Manley from conducting their depositions.  Rather, and as noted
17  above, the litigation holds (and the custodians' identities) were ***solely*** disclosed as a courtesy to
18  Manley's counsel – and for purposes of facilitating their supplemental deposition of Defendants'
19  FRCP 30(b)(6) designee.  Put differently, ***many*** of the custodians' identities would have otherwise
20  never been raised or disclosed in this matter but for Defendants' production of the litigation holds
21  (that they were under no obligation to produce) – which further underscores the unlikelihood of
22  them having any personal knowledge or relevant information.[9]

23   Next, Manley and his counsel did not learn of William Ash ("Mr. Ash") and Ronald
24  Buono ("Mr. Buono") upon the disclosure of the litigation holds.  Rather, Manely and his counsel

---

regarding Manley and/or the incident, their depositions are neither relevant nor proportional to this case as required by FRCP 26(b)(1).  (*See* ECF No. 195.)

[9] This is particularly true of MGM Grand's Director of Restaurants, Vice President of Customer Development and Luxury Division Manager.

12

knew of Mr. Ash and Mr. Buono's identities **well before** the close of discovery. As evidenced by the surveillance report produced in this matter by Defendants in March 2023, Mr. Buono reviewed and preserved video surveillance footage from December 10, 2021.[10] (*See* ECF No. 192, Ex. "4.") In other words, Manley has known Mr. Buono's identity for over **two years** and took no action to depose him in this case. Unsurprisingly, Manley proffered no reason for his failure to do – which is wholly insufficient to establish good cause to permit him to ***now*** exceed the ten-deposition limit to do so.

The same is true of Mr. Ash. Manley and his counsel learned of Mr. Ash's identity and role on December 10, 2021 during the deposition of Jeffery Cooper. (*See* ECF No. 192, Ex. "3.") That deposition took place in **September 2024**. (*See id.*) As such, if Manley desired to conduct Mr. Ash's deposition – he had ample time and opportunity to do so prior to the close of discovery in this matter. Manley made no effort to explain why he elected not to do so – and therefore – did not establish good cause to conduct Mr. Ash's deposition at this juncture.

Put simply, the record in this matter confirms that Manley did not – and could not – establish any good cause basis to conduct the custodian depositions. Instead, Manley presented nothing more than speculative, unfounded theories as to how the depositions ***could be*** relevant to this case. Without more, Manley's speculation is woefully insufficient to establish good cause – let alone the particularized showing required to exceed ten depositions under FRCP 30(a)(2)(A)(i). Thus, Magistrate Judge Youchah's January 14, 2026 Order was – respectfully – clearly erroneous and contrary to law.

Accordingly, the District Court Judge should reverse the January 14, 2026 Order.

### B.  Magistrate Judge Youchah's Decision to Allow Manley to Supplement His Response to Defendants' Motion for Summary Judgment Similarly Warrants Reversal

Defendants' Motion for Summary Judgment has been fully briefed and is awaiting a decision from the Court. (ECF Nos. 160, 188, 190.) If the Court grants Defendants' Motion for

---

[10] The Surveillance Report was produced by Defendants with their Initial Disclosures.

Summary Judgment in its entirety (which it should), there will be no issues left to try in this matter. Importantly, Manley did ***not*** argue that he required the custodian depositions to supplement his opposition to Defendants' Motion for Summary Judgment.[11]  Manley similarly never alleged that he was somehow prejudiced at the dispositive motion stage of this case by virtue of not having the custodians' testimony.[12]  The reason for that is simple.  Even if the five custodians had relevant testimony to proffer (which Defendants dispute), that testimony would have ***no bearing*** on the central premise of Defendant's Motion for Summary Judgment: Manley's ratification (and failure to disaffirm) the credit instruments at issue in this case.

Nevertheless, upon issuing the January 14, 2026 Order, Magistrate Judge Youchah provided Manley with relief that was ***not*** requested in his Motion to Reopen – or at any time thereafter.  Namely, Magistrate Judge Youchah permitted Manley to supplement his Response to Defendants' Motion for Summary Judgment following the custodian depositions. (ECF No. 203, 28:18-29:23.)  Counsel for Defendants objected to the foregoing during the January 14, 2026 hearing, given that it exceeded what was requested by way of the Motion to Reopen, and because it was ***never*** sought by Manley or his counsel.  (*Id.*)  Because the foregoing relief was ***not*** requested by Manley – and could otherwise delay the adjudication of Defendants' Motion for Summary Judgment – it was ***clearly*** erroneous for Magistrate Judge Youchah to grant the same.[13]

Thus, the District Court Judge must reverse this portion of the January 14, 2026 Order as well.

///

///

///

///

---

[11] Indeed, assuming that was the case, Manley could have sought FRCP 56(d) relief.  Tellingly, he did not.

[12] In fact, Manley made no attempt to even explain how the custodians' anticipated testimony would be at all relevant or helpful to his claims at the time of trial.

[13] In the event that the District Court Judge declines to reverse the January 14, 2026 Order (it should not), Defendants reserve the right to object to any purported supplement filed by Manley in support of his Response to the Motion for Summary Judgment.

SEMENZA RICKARD LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803

## IV. CONCLUSION

Based upon the foregoing, Defendants respectfully request that the District Court Judge reverse the January 14, 2026 Order in its entirety.

DATED this 28th day of January 2026.

                                       SEMENZA RICKARD LAW

                                       */s/ Katie L. Cannata*
                                       Lawrence J. Semenza, III, Esq., Bar No. 7174
                                       Katie L. Cannata, Esq., Bar No. 14848
                                       10161 Park Run Drive, Suite 150
                                       Las Vegas, Nevada 89145

                                       *Attorneys for Defendant MGM Resorts International & Defendant/Counterclaimant MGM Grand Hotel, LLC*

15

# CERTIFICATE OF SERVICE

I am employed by the law firm of Semenza Rickard Law in Clark County, Nevada. I am over the age of 18 and not a party to this action. The business address is 10161 Park Run Drive, Suite 150, Las Vegas, Nevada 89145.

I hereby certify that on the 28th day of January 2026, I served the document(s), described as:

**DEFENDANTS MGM GRAND HOTEL, LLC & MGM RESORTS INTERNATIONAL'S OBJECTION TO JANUARY 14, 2026 ORDER [ECF NO. 203] CONCERNING PLAINTIFF DWIGHT MANLEY'S MOTION TO REOPEN DISCOVERY AND FOR LEAVE TO EXCEED THE 10 DEPOSITION LIMIT [ECF NO. 195]**

☒ by placing the ☐ original ☒ a true copy thereof enclosed/attached and delivered:

☒ a. via **ECF System** *(You must attach the "Notice of Electronic Filing", or list all persons and addresses and attach additional paper if necessary)*

**PRHLAW LLC**
Charles H. McCrea, charles@prhlawllc.com, tlc@hmlawlv.com
Paul R. Hejmanowski, paul@prhlawllc.com, tc@hmlawlv.com
*Attorneys for Plaintiff*

☐ b. **BY U.S. MAIL.** I deposited such envelope in the mail at Las Vegas, Nevada. The envelope(s) were mailed with postage thereon fully prepaid. I am readily familiar with Semenza Rickard Law's practice of collection and processing correspondence for mailing. Under that practice, documents are deposited with the U.S. Postal Service on the same day which is stated in the proof of service, with postage fully prepaid at Las Vegas, Nevada in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date stated in this proof of service.

☐ c. **BY PERSONAL SERVICE.**

☐ d. **BY DIRECT EMAIL**

☐ e. **BY FACSIMILE TRANSMISSION.**

I declare under penalty of perjury that the foregoing is true and correct.

*/s/ Olivia A. Kelly*
An Employee of Semenza Rickard Law