Paul Hejmanowski, Esq. (SBN #94)
Charles H. McCrea, Esq. (SBN #104)
PRHLAW LLC
520 South Fourth Street, Suite 360
Las Vegas, NV 89101
T 702.834.6166
paul@prhlawllc.com
charles@prhlawllc.com

*Attorneys for DWIGHT MANLEY*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DWIGHT MANLEY,<br><br>               Plaintiff,<br><br>        v.<br><br>MGM RESORTS INTERNATIONAL; MGM GRAND HOTEL, LLC,<br><br>               Defendants,<br><br>AND ALL RELATED ACTIONS. | Case No. 2:22-cv-01906-MMD-EJY<br><br><br>**JOINT STATUS REPORT** |

On February 24, 2026, at the conclusion of the hearing on Defendants' motion for summary judgment, the Court directed counsel to meet and confer regarding third-party claim(s) and file a joint status report. ECF No. 215 (as modified, see ECF No. 219). Counsel have met and conferred on two occasions but have not reached a consensus.

## <u>PLAINTIFF'S POSITION</u>

It is Plaintiff's position that MGM is liable for his damages on a negligence theory whether the individual who poisoned him with Ketamine was an employee of MGM or a third party. In either case, MGM breached the duty of care it owed to Plaintiff both before and after MGM knew

1

or should have known that Plaintiff was incapacitated.

In *Morrison v. MGM Grand Hotel*, 570 F. Supp. 1449, 1450 (D. Nev.1983), Judge Reed analyzed innkeeper liability noting:

> Under Nevada law, a landowner must exercise ordinary care and prudence to render the premises reasonably safe for the visit of a person invited on his premises for business purposes…. 'if … the criminal attack is reasonably foreseeable, a duty must arise between a landowner and his invitee'…[a duty to protect another from a criminal attack by a third person] does … exist, for example, between … innkeeper-guest [and] landowner-invitee.'
> In the present case, viewing the evidence in a light most favorable to the plaintiff, [citation omitted], the court finds that plaintiff has made a sufficiently specific allegation that the defendant could reasonably have foreseen or anticipated the criminal conduct in question. Plaintiff has alleged that defendant was on notice that a similar elevator robbery had recently occurred in its hotel, but that it failed to take appropriate safety measures in response to that incident. Under these circumstances, the Court finds that a duty existed. The reasonableness of the defendant's efforts to discharge this duty is an issue that should be evaluated by the trier of fact, and summary judgment is therefore inappropriate at this stage of the proceedings.

Traditionally, foreseeability has always been an element of a negligence claim to be resolved as an issue of fact. NRS 651.015[1] did not really change the theoretical concept of

---

[1] NRS 651.015 provides:

1.  An owner or keeper of any hotel, inn, motel, motor court, boardinghouse or lodging house is not civilly liable for the death or injury of a patron or other person on the premises caused by another person who is not an employee under the control or supervision of the owner or keeper unless:
    (a)  The wrongful act which caused the death or injury was foreseeable; and
    (b)  There is a preponderance of evidence that the owner or keeper did not exercise due care for the safety of the patron or other person on the premises.
2.   An owner or keeper of any hotel, inn, motel, motor court, boardinghouse or lodging house is civilly liable for the death or injury of a patron or other person on the premises caused by another person who is not an employee under the control or supervision of the owner or keeper if:
    (a)  The wrongful act which caused the death or injury was foreseeable; and
    (b)  The owner or keeper failed to take reasonable precautions against the foreseeable wrongful act.
>The court shall determine as a matter of law whether the wrongful act was foreseeable and whether the owner or keeper had a duty to take reasonable precautions against the foreseeable wrongful act of the person who caused the death or injury.

negligence but, rather, added a gloss by saying:

> 3. For the purposes of this section, a wrongful act is not foreseeable unless:
> (a) The owner or keeper failed to exercise due care for the safety of the patron or other person on the premises; *or*
> (b) Prior incidents of similar wrongful acts occurred **on the premises** and the owner or keeper had notice or knowledge of those incidents. [Emphasis added.]

The disjunctive "or" is particularly pertinent.

When plaintiff sought discovery from MGM of reports of involuntary drugging of patrons by third persons, the Magistrate Judge refused to allow that discovery on the grounds that the complaint did not cite NRS 651.015 (see ECF No. 108 at 10:22-12:3; 20:9-22; 32:21-33:2). Even though Nevada is a notice pleading jurisdiction, 651.015 restates traditional Nevada law on the negligence duties of a hotel with a new caveat that the owner knew of similar wrongful acts occurring **on the premises**. That provision is offset by NRS 651.015(a) which is an alternative providing that a wrongful act is foreseeable if the innkeeper failed to exercise due care for the safety of the patron.

Evidence developed to date has confirmed that Mr. Manley was wrongfully drugged while at the MGM VIP Casino on the afternoon of December 10, 2021. The identity of the wrongdoer has not been ascertained but it is clear that it occurred at that time and place. The casino and its staff were under the exclusive control of MGM as was Plaintiff. Similar circumstances led to a decision in *White v. TK Elevator Corp.*, 2025 U.S. Dist. LEXIS 16577, issued on January 29, 2025, by U.S. District Judge Anne Traum. Judge Traum held:

> The Court must decide if Plaintiff may advance a *res ipsa loquitor* instruction for the jury as an alternative theory of negligence. In Nevada, *res ipsa*

---

3.  For the purposes of this section, a wrongful act is not foreseeable unless:
(a) The owner or keeper failed to exercise due care for the safety of the patron or other person on the premises; or
(b) Prior incidents of similar wrongful acts occurred on the premises and the owner or keeper had notice or knowledge of those incidents.

*loquitor* applies when '(1) the event [is] of a kind which ordinarily does not occur in the absence of someone's negligence; (2 the event [is] caused by an agency or instrumentality within the exclusive control of the defendant; and (3) the event [is not] due to any voluntary action … on the part of the plaintiff.' *Woosley v. State Farm Ins. Co.*, 117 Nev. 182, 18 P.3d 317, 321 (Nev. 2001). 'Once the elements … are met, the burden shifts to the defendant to show that something other than its negligence caused the accident.' *Id.*

In a like fashion, the instruction is appropriate in our case because all three elements are met here. First, the event is something that does not ordinarily occur. Second, the event is caused by an agency or instrumentality within the exclusive control of the defendant and third, the event is not due to voluntary action by the plaintiff.

Thus, although the actual miscreant has never been identified, Nevada law accepts *res ipsa loquitor* as an alternative legal theory of negligence and the evidence adduced to date and to be introduced at trial will fully support a jury instruction setting forth the elements of that theory regardless of whether the actual miscreant was an employee or a third party.

The explanation provided here is not intended as an exhaustive presentation. After all, this matter has been examined at great length in prior briefing.

## DEFENDANTS' POSITION

Defendants MGM Grand Hotel, LLC ("MGM Grand") and MGM Resorts International ("MGM Resorts") (together, "Defendants") fundamentally disagree that Plaintiff Dwight Manley ("Manley") can establish any theory of negligence liability in this matter – whether that theory rests on NRS 651.015 or otherwise.   Nevertheless, as made clear during the parties' meet and confer conference, Manley has not committed one way or another whether his theory of liability is premised upon allegations that (1) an MGM Grand employee is purportedly responsible for his alleged drugging, or alternatively, (2) a third-party is responsible.  As noted during the February 24, 2026 hearing before the Honorable District Court Judge Miranda Du, the latter theory of liability would implicate NRS 651.015, which states that foreseeability must be determined as a

matter of law.  (*See* ECF No. 221, 42:22-43:3; NRS 651.015(2).)

Considering that this issue remains unresolved, Defendants believe that supplemental briefing is necessary and thereby respectfully requests that the Court set a supplemental briefing schedule.  In addition to supplemental briefing on Manley's negligence theories of liability in this case, Defendants further intend to file a Motion for Reconsideration concerning the issue of ratification raised in their Motion for Summary Judgment.[2]

Finally, Defendants maintain that res ipsa loquitur has absolutely no application to this matter.  Thus, to the extent that Manley intends to rely upon a res ipsa loquitur theory of liability at the time of trial, Defendants believe it would be appropriate for the parties to submit supplemental briefing on that issue as well.

DATED this 17th day of March 2026.

PRHLAW LLC

*/s/Charles H. McCrea*
Paul R. Hejmanowski, Esq., Bar No. 94
Charles H. McCrea, Esq., Bar No. 104
520 S. Fourth St., Ste. 360
Las Vegas, Nevada 89101
*Attorneys for Plaintiff Dwight Manley*

DATED this 17th day of March 2026

SEMENZA RICKARD LAW

*/s/ Katie L. Cannata*
Lawrence J. Semenza, III, Esq, Bar No. 7174
Katie L. Cannata, Esq., Bar No. 14848
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
*Attorneys for Defendant/Counterclaimant MGM Grand Hotel, LLC & Defendant MGM Resorts International*

---

[2] Defendants will file their Motion for Reconsideration on or before March 24, 2026 in accordance with FRCP 59 and LR 59-1.

5

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that on this 17th day of March, 2026, I caused the foregoing JOINT STATUS REPORT to be served as follows:

[]    by depositing same for mailing in the United States Mail, in a sealed envelope addressed to:

> Lawrence J. Semenza, III, Esq.
> Katie L. Cannata, Esq.
> SEMENZA RICKARD LAW
> 10161 Park Run Drive, Suite 150
> Las Vegas, Nevada 89145

[X]    pursuant to FED. R. CIV. P. 5(b)(2)(E) to be sent via direct electronic mail as follows:

ljs@semenzarickard.com

klc@semenzarickard.com

[]    to be hand delivered to:

and/or

[]    by the Court's CM/ECF System.

*/s/Charles H. McCrea*

6