Paul R. Hejmanowski, Esq. (SBN #94)
Charles H. McCrea, Esq. (SBN #104)
PRHLAW LLC
520 South Fourth Street, Suite 360
Las Vegas, NV 89101
T 702.834.6166
paul@prhlawllc.com
charles@prhlawllc.com

*Attorneys for DWIGHT MANLEY*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

DWIGHT MANLEY,

        Plaintiff,

v.

MGM RESORTS INTERNATIONAL; MGM GRAND HOTEL, LLC,

        Defendants,

AND ALL RELATED ACTIONS.

Case No.  2:22-cv-01906-MMD-EJY

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION (ECF NO. 224)**

## I.    INTRODUCTION

Defendants' motion for reconsideration of the Court's denial of summary judgment on Defendants' ratification arguments impermissibly, and unconvincingly, repeats Defendants' arguments made in briefing and at oral argument. Defendants fail to present new facts, new law, or otherwise meet the high standard to show cause supporting the disfavored motion.

As the Court stated on the record, the Court reviewed Defendants' filings before the hearing. (ECF No. 221-1 at 2:18–23.) And as is clear from the transcript, the Court heard and considered Defendants' ratification arguments during the hearing. Indeed, derivatives of the word "ratify" were used 24 times (*see generally id.*) and Defendants devoted substantial time at oral argument (spanning five pages of the hearing transcript) to the issue of ratification, a portion of which included Defendants' counsel reading to the Court the same selected text messages that Defendants filed with

**PRHLAW**LLC
520 S. 4th Street,
Suite. 360
LAS VEGAS, NEVADA
89101
702.834.6166

1

their motion for summary judgment (ECF No. 161-10), cited in their opening brief (e.g., ECF No. 160 at 14), cited in their reply brief (ECF No. 190 at 7), and provide screenshots of in their motion for reconsideration (*e.g.*, ECF No. 224 at 10–11). (*See, e.g.,* ECF No. 221-1 at 8:13–14 ("More importantly, and more critical to our argument is the issue of ratification."); *id.* at 10:13–20 (". . . we also have texts from Mr. Manley to his host on that Saturday morning and thereafter, while he was still on property, which established further the ratification of this particular debt. Those texts are found in Exhibit 10 of our Motion for Summary Judgment. And I want to make sure the Court understands what those—some, at least part of, what those texts say.").)

Defendants' other citations to the factual record in support of their ratification arguments were similarly repeated across their pre-hearing briefs, at oral argument, and again in their motion for reconsideration. Apparently believing their repetitiveness to be a strength as opposed to the fatal flaw it is under the law, Defendants emphasize that their facts and legal arguments *have already been presented* to the Court. (*See, e.g.,* ECF No. 224 at 4–6.)

The Court properly considered, and rejected, Defendants' arguments already and, given the absence of any new fact or law, the Court has no basis to consider them again. Defendants' regurgitation is a violation of Local Rule 59-1's prohibition—upon threat of sanctions—against "repeat[ing] arguments" in support of a motion for reconsideration. LR 59-1(b). Plaintiff respectfully requests the Court's denial of Defendants' motion so that this case may proceed without further delay.

## II.    ARGUMENT

### A.    <u>Defendants' "legal standard" section grossly understates the extraordinarily high bar for motions for reconsideration.</u>

"Motions for reconsideration are disfavored. A movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to

**PRHLAW**LLC
520 S. 4th Street,
Suite. 360
LAS VEGAS, NEVADA
89101
702.834.6166

argue new facts. A movant who repeats arguments will be subject to appropriate sanctions." LR 59-1(b).

The Ninth Circuit has held that motions to reconsider are "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources," and that they "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted) (citations omitted); *see also Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005) ("Reconsideration of a prior ruling is appropriate only in limited circumstances, such as the discovery of new evidence, an intervening change in controlling law, or where the initial decision was clearly erroneous or manifestly unjust.").

"A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown*, 378 F. Supp. 2d at 1288; *see also Iovino v. Amtrust Fin. Servs., Inc.*, No. 2:22-cv-01974, 2025 U.S. Dist. LEXIS 252670, at *6–7 (D. Nev. Dec. 5, 2025) (same) (citing *In re AgriBioTech, Inc.*, 319 B.R. 207, 209 (D. Nev. 2004)); *Collins v. Henry*, No. 2:23-cv-01812-GMN-MDC, 2025 U.S. Dist. LEXIS 42798, at *4 (D. Nev. Mar. 10, 2025) ("Motions for reconsideration are not a substitute for appeal or a means of attacking some perceived error of the court.") (citing *Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir.1981)). A motion for reconsideration is properly denied if it presents no new arguments. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985); *cf Sessa v. Ancestry.com Operations Inc.*, 713 F. Supp. 3d 997, 1002 (D. Nev. 2024) (granting motion for reconsideration due to Ninth Circuit's new personal-jurisdiction test and "expan[sion] on the application of personal jurisdiction jurisprudence as it applies to website-based contacts" (*id.* at 1003 (citation omitted))).

Defendants now argue that the Court committed "clear error" in denying Defendants'

**PRHLAW**LLC
520 S. 4th Street,
Suite. 360
LAS VEGAS, NEVADA
89101
702.834.6166

3

summary-judgment motion on the issue of ratification (and, therefore, "Manley's claims for Breach of the Implied Covenant of Good Faith and Fair Dealing, Unjust Enrichment and Declaratory Relief" as well as "on MGM Grand's contract-based counterclaims"). (ECF No. 224 at 3, 4, 7, 8.) In so arguing, Defendants misstate the facts and misapprehend the law. Defendants' misstatements of the facts are discussed below (*see infra* II.B.). And as the Court knows, the bar for clear error is very high—appropriately so for the "extraordinary remedy" that is "to be used sparingly" and that "should not be granted, absent highly unusual circumstances." *Kona Enters.*, 229 F.3d at 890; *see also U.S. Bank Nat'l Ass'n v. Vill. at Lakeridge, LLC*, 583 U.S. 387, 393–95, 138 S. Ct. 960, 965-66 (2018) (holding that the Ninth Circuit "was right to review for clear error (rather than *de novo*) the Bankruptcy Court's determination" regarding a person's "qualification as a non-statutory insider" and describing "clear error" as "*a serious thumb on the scale*" in deference to the court's analysis (emphasis added)); *In re Walsh*, 15 F.4th 1005, 1008–09 (9th Cir. 2021) (in mandamus context, describing "clear error" requirements as "highly deferential" and requiring a "firm conviction" and more than identification of "legal error"); *Collins*, 2025 U.S. Dist. LEXIS 42798, at *4 (in denying motion for reconsideration, this Court described "clear error" as "occur[ring] when the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." (internal quotation marks omitted) (citing *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013)); *Ramos v. Garland*, No. 23-1539, 2024 U.S. App. LEXIS 30157, at *2 (9th Cir. Nov. 27, 2024) (in immigration context the Board of Immigration Appeals may find an Immigration Judge's "factual finding to be clearly erroneous if it is 'illogical or implausible,' or without 'support in inferences that may be drawn from the facts in the record.'" (citations omitted)).

Defendants have failed to come close to a required showing of clear error.

**B.    Defendants misstate the record and misapply the summary-judgment standard.**

Defendants somehow argue that Plaintiff "did not substantively address the ratifying acts"

**PRHLAW**LLC
520 S. 4th Street,
Suite. 360
LAS VEGAS, NEVADA
89101
702.834.6166

that Defendants argued and likewise allege that Manley "failed to present any counterargument" to the ratification argument at the hearing. (ECF No. 224 at 8.) Both of Defendants' statements are false and, more germane to the question of whether Defendants met the high bar for reconsideration, the Court properly analyzed *both* parties' arguments and held that there is a genuine issue of material fact for trial with respect to ratification and disaffirmance. (*See, e.g.,* ECF No. 221-1 at 31–35.)

*First*, Plaintiff *did* respond to Defendants' ratification and disaffirmance arguments in briefing (*see, e.g.,* ECF No. 178 at 6–8) and at oral argument when Plaintiff's counsel directed the Court to the text messages between Manley and host Vanessa Reboton at Exhibit 10 (ECF No. 161-10), citing specifically page MGM00107 (Appendix 054) in which Manley stated "I may want to fly home tonight. I think someone must have spiked a drink. Nat said I fell on floor in room and passed out at 6:00. And Chris told me what else I did. From a few drinks isn't possible. I'm still really woozy feeling." (ECF No. 221-1 at 20:9–24.) Plaintiff's counsel also pointed the Court to "two preservation demands" including one sent on "December 13th . . . which had been about three days after the event. And in the two preservation demands, that were both sent the same day, [Manley's counsel] identified, among other things, that he wanted to preserve the records of both the host, Vanessa Reboton, and Justin Manacher, the head of credit." (*Id.* at 20:25–22:2; *see also, e.g.,* ECF No. 161-2 (Manley Dep. Tr.) at 142 (testifying to conversation on December 11 with Manacher in which Manley stated that Manley believed he had been drugged, that Manacher was "kind of incredulous and pooh-poohed it, like he wanted to talk about something else. Like he wanted to change the subject" and Manley told Manacher and Reboton that "they needed to look into it").) Plaintiff's counsel further specifically argued that whether Manley's disaffirmance was "prompt" or "reasonable" was a fact question for the jury. (ECF No. 221-1 at 23:11–20.) As part of Plaintiff's briefing, and as referenced by the Court in denying summary judgment (*infra*), Plaintiff also put forward the July 1, 2025 Declaration of Dwight Manley which not only detailed the hair

PRHLAWLLC
520 S. 4th Street,
Suite. 360
LAS VEGAS, NEVADA
89101
702.834.6166

sample drug testing and polygraph examination, as well as his desire to avoid a "reputation as someone who wrote bad checks," but also importantly, also described Plaintiff's belief that "under Nevada law writing a check with insufficient funds was a criminal act that could result in a criminal penalty." (ECF No. 179-8.)

*Second,* the Court detailed its ruling on the record regarding Manley's incapacity defense (including the relevant questions related to ratification and disaffirmance), with reference to Plaintiff's arguments. (*See generally* ECF 221-1 at 31–34; *id.* at 31:8–22 (rejecting Defendants' argument that Manley "cannot establish his defense that he did not have the capacity to contract because he was poisoned" and "find[ing] that plaintiff has offered evidence to create a genuine issue of fact that the cocktail he was served by defendant's employee was poisoned such that he was incapacitated at the time he entered into the credit instrument at issue."); *id.* at 31:14–17 (citing *LaBarbera v. Wynn Las Vegas, LLC*, 134 Nev. 393, 396, 422 P.3d 138, 141 (2018) for the standard to establish incapacity defense)); *id.* at 32:8–19 ("plaintiff has offered evidence that he did disaffirm the contract and did not ratify it" and explaining that as Defendants "acknowledge, the next day, on December 11th of 2021[,] Plaintiff informed the casino host that he thought his drink had been spiked the afternoon before" and citing: "counterclaim, ECF 32, at page 15; and Exhibit 10, which is ECF 161-10, at ECF page 5, the page that Mr. Hejmanowski [Plaintiff's counsel] pointed out, also supports this allegation that plaintiff informed the casino host that he thought that his drink had been spiked the afternoon before.")); *id.* at 32:20–25 (describing that "[t]hree days after the incident, plaintiff's counsel sent defendants a preservation demand letter in anticipation of litigation. This is ECF 171 at 2. Plaintiff refused to pay the balance of the $2,440,000.00 after he left, despite attempts by defendant's employees to seek payment."); *id.* at 32:25–33:8 (explaining that when Defendants presented the credit instrument to Manley's bank for payment, "plaintiff asserted that he worked quickly with his bank to arrange for transfer of sufficient funds because he believed defendants were

PRHLAW LLC
520 S. 4th Street, Suite. 360
LAS VEGAS, NEVADA 89101
702.834.6166

still investigating the incident, and had the resources to return the money once they learned he had been wronged, and he wanted to protect his reputation. This is from ECF 181 at 8 and 9, and defendant's declaration submitted at ECF 179-8."); *id.* at 33:9–10 ("Plaintiff continued to then refuse to pay the balance of 440,000 from the instrument number 782929189."); *id.* at 33:11–16 (holding "a rational trier of fact could find that Plaintiff did not ratify the contract, and that his conduct, all evidence prompt disaffirmance").

*Third*, the Court's detailed ruling from the bench also discussed Defendants' arguments that Manley's other conduct indicates the opposite with respect to ratification and disaffirmance. (*Id.* at 33:17–25.) In analyzing Defendants' arguments, the Court properly applied the summary-judgment standard, and applied Nevada Supreme Court law regarding ratification and disaffirmance. (*See* ECF No. 221-1 at 32:2–7 (quoting *Seeley v. Goodwin*, 39 Nev. 315, 323, 156 P. 934, 936 (1916) for the rule that under Nevada law the incapacitated party "will be deemed to have ratified the contract unless within a reasonable time after becoming sober he takes steps to disaffirm it")).) Defendants cannot credibly claim clear error when Defendants, themselves, cited that exact quote from *Seeley* with respect to ratification and disaffirmance. (*See* ECF No. 160 at 13 ("The Nevada Supreme Court has held that an incapacitated party 'will be deemed to have ratified the contract unless within a reasonable time after becoming sober he takes steps to disaffirm it.'") (citing *Seeley*, 39 Nev. at 323, 156 P. at 936 (Defendants' emphasis omitted)).)

*Fourth*, Defendants' circular arguments that ratification and disaffirmance should be "considered separate and apart from one another" in this matter (ECF No. 224 at 12) ignores not only the undisputed statement of the incapacity defense from *Seeley*, but also the Court's detailed ruling, including the specific evidence that the Court held created a genuine issue of material fact under *Seeley*. (*See generally* ECF 221-1 at 31–34.) Ultimately, after much detail, the Court succinctly summarized its reasoning:

**PRHLAW**LLC
520 S. 4th Street,
Suite. 360
LAS VEGAS, NEVADA
89101
702.834.6166

While this evidence and statements support defendant[s'] argument as to ratification and plaintiff's credibility, the Court cannot draw the inference that the defendant needs to draw against plaintiff in finding that this evidence . . . is a lack of prompt disaffirmance. For those reasons, I deny the motion as to the breach of contract claim.

(ECF No. 221-1 at 34:1–7; *see also id.* at 34:8–15 (applying same rationale to claim for breach of implied covenant of good faith and fair dealing); *id.* at 35:1–12.)

The Court's refusal to engage in credibility findings and improper inferences follows black-letter law. To do otherwise would *actually* be clear error.

**C.  Oral argument is not necessary and would only serve to further delay this matter.**

Plaintiff notes that Defendants have requested oral argument on their motion for reconsideration. Oral argument has already been held on all of the issues raised in Defendants' motion. Given that Defendants fail to raise any new issues of fact, a change in law, or any clear error by the Court, there is no basis for Defendants to bring this motion, which is itself a violation of LR 59-1(b), and there is even less basis to require the Court's and parties' time and expense of a second hearing on these issues.

Plaintiff is grateful for the Court's aim to keep this matter moving and respectfully requests that the Court deny the motion for reconsideration and allow this matter to proceed without the added delay of oral argument.[1] (*See* ECF No. 221-1 at 30:4–10 ("I decided that I would give an oral ruling to ensure that this case moved forward so there's no further delay because the Motion for Summary Judgment has been pending for a while, and if you sat and heard my comments earlier about the docket of the Court and the number of emergency petitions filed, I don't want to delay this case any further").)

---

[1]    A final Order on Defendants' motion for reconsideration and the parties' briefing on Plaintiff's negligence claim (*e.g.,* ECF No. 223), is also necessary before custodian depositions are taken. (*See* ECF No. 210.) Plaintiff simply wants to keep this matter moving forward.

PRHLAWLLC
520 S. 4th Street,
Suite. 360
LAS VEGAS, NEVADA
89101
702.834.6166

8

## III.    CONCLUSION

A motion for reconsideration is not a do-over for arguments already presented—and rejected—as Defendants seek here. Defendants have failed to meet the high bar required for the extraordinary relief they seek in requesting reconsideration. Plaintiff therefore respectfully requests that the Court deny Defendants' attempt to get a second bite at the summary-judgment apple simply because they do not like the Court's ruling.

DATED: April 7, 2026

Respectfully submitted,
PRHLAWLLC

By: */s/Paul R. Hejmanowski*
Paul R. Hejmanowski, Esq. (SBN #94)

By:*/s/Charles H. McCrea*
Charles H. McCrea, Esq. (SBN #104)

*Attorneys for DWIGHT MANLEY*

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that on this 7th day of April, 2026, I caused the foregoing **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION (ECF NO. 224)** to be served by the Court's CM/ECF System to all parties and counsel of record.

*/s/Charles H. McCrea*

**PRHLAW**LLC
520 S. 4th Street, Suite. 360
LAS VEGAS, NEVADA 89101
702.834.6166