Lawrence J. Semenza, III, Esq., Bar No. 7174
Email: ljs@semenzarickard.com
Katie L. Cannata, Esq., Bar No. 14848
Email: klc@semenzarickard.com
SEMENZA RICKARD LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone:  (702) 835-6803
Facsimile:   (702) 920-8669

*Attorneys for Defendant MGM Resorts International*
*& Defendant/Counterclaimant MGM Grand Hotel, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| DWIGHT MANLEY,<br><br>                              Plaintiff,<br><br>v.<br><br>MGM RESORTS INTERNATIONAL; MGM GRAND HOTEL, LLC,<br><br>                              Defendants.<br><br>_____<br><br>*And related actions*. | Case No.   2:22-cv-01906-MMD-EJY<br><br>**DEFENDANT / COUNTERCLAIMANT MGM GRAND HOTEL, LLC AND DEFENDANT MGM RESORTS INTERNATIONAL'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF FEBRUARY 24, 2026 ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [ECF NO. 224]** |
|---|---|

*Attorneys ... column label (left margin):* SEMENZA RICKARD LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803

**I.    INTRODUCTION**

Plaintiff Dwight Manley ("Manley") erroneously contends that there is no basis for the Court to reconsider its February 24, 2026 Order [ECF No. 215].  In doing so, Manley alleges that Defendants have not established that the Court committed clear error by failing to conclude that he ratified the credit instruments at issue as a matter of law.  Manley is mistaken.  While Defendants MGM Grand Hotel, LLC ("MGM Grand") and MGM Resorts International ("MGM Resorts") (together, "Defendants") appreciate that reconsideration is an extraordinary remedy, there is simply no question that it is warranted here.

As set forth in the Motion, and as discussed below, the Court respectfully committed clear error by not concluding that Manley engaged in a series of acts on December 11-12, 2021

1

that were materially inconsistent with an intent to disaffirm the credit instruments – and instead – ratified them as a matter of law.  The undisputed facts in this matter cannot lead to any other conclusion.  Nevertheless, upon deciding Defendants' Motion for Summary Judgment, the Court conflated the issues of ratification and disaffirmance – despite the fact that they are two distinct legal concepts.  In other words, the Court allowed arguments regarding disaffirmance to obscure the threshold legal effect of Manley's ratifying conduct.  The foregoing, respectfully, constitutes clear error.  Indeed, once ratification occurs, the right to disaffirm is immediately extinguished – which is exactly what happened in this matter.

Thus, the Court should reconsider its February 24, 2026 Order for purposes of concluding that Manley ratified the credit instruments at issue in this action.  By virtue of that conclusion, summary judgment should also be entered in Defendants' favor on Manley's claims for Breach of the Implied Covenant of Good Faith and Fair Dealing, Unjust Enrichment and Declaratory Relief, as well as MGM Grand's contract-based counterclaims.

## II.      ARGUMENT

### A.      Reconsideration of the Court's February 24, 2026 Order Is Warranted

#### 1.      *The Undisputed Facts In this Matter Establish that Manley Ratified the Credit Instruments*

Reconsideration is appropriate where the Court committed clear error upon rendering a decision.  *Sch. Dist. No. 1J v. ACandS, Inc*.,5 F.3d 1255, 1263 (9th Cir. 1993.)  As the Court knows, a party seeking reconsideration must set forth a valid reason why reconsideration is proper by presenting facts and/or law of a strongly convincing nature.  *See Axon Enter., Inc. v. Luxury Home Buyers, LLC*, 711 F. Supp. 3d 1227, 1229–30 (D. Nev. 2024).  Defendants' Motion does just that.  As discussed in the Motion, the Court respectfully committed clear error upon declining to conclude that Manley ratified the credit instruments at issue as a matter of law.

"The doctrine of ratification by conduct . . . operates to make [a] contract legally valid."  *Merrill v. DeMott*, 113 Nev. 1390, 1396-97, 951 P.2d 1040, 1044 (1997). Ratification in this fashion "is based on a theory of mutual assent." *Id.* at 1397, 951 P.2d at 1044.   By ratifying a contract, a party thereby becomes bound by it.  *See Lopez v. U.S. Bank Nat'l Ass'n as Tr. for*

SEMENZA RICKARD LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803

*Springleaf Mortg. Loan Tr. 2013-1*, 545 P.3d 730 (Nev. App. 2024).  That is precisely the case here.  The following facts are undisputed and conclusively establish that Manley ratified his credit instruments:

1. He continued to gamble at MGM Grand's property on December 11-12, 2021;

2. He utilized his credit line with MGM Grand while continuing to gamble;

3. He participated in a poker tournament on December 11, 2011, the entrance fee to which was completely comped;

4. He and his wife utilized MGM Resorts' bunker to attend a UFC Fight on December 11, 2021;

5. He continued to accept other comps through December 12, 2021, including accommodations, food and beverage;

6. He acknowledged his gambling losses – and the fact that he was trying to "dig out" – to his host, Vannessa Reboton, on December 12, 2021;

7. He utilized MGM Resorts' private jet to travel home to California; and

8. He provided Ms. Reboton with $560,000.00 worth of gambling chips to be deposited toward his acknowledged, outstanding balance owed to MGM Grand.

Clearly, the foregoing acts were materially inconsistent with an intent to disaffirm.  17A C.J.S. Contracts § 185.  Put differently, each of Manley's acts manifested his intent to ratify the credit instruments he executed in favor of MGM Grand.  *See* Restatement (Second) of Contracts § 380 cmt. b (stating that a party may manifest their intention to affirm a contract by "words or other conduct").

Notwithstanding the overwhelming evidence supporting a finding of ratification, Manley did not substantively address Defendants' related arguments upon responding to their Motion for Summary Judgment.[1]  Instead, Manley confused (and continues to confuse) ratification with disaffirmance.  Unfortunately, upon declining to decide the issue of ratification in Defendants'

---

[1] As noted in the Motion, the record in this matter demonstrates that Manley did not substantively (or directly) address Defendants' ratification arguments.  Thus, the Court should have treated the issue of ratification in the same manner as Manley's Deceptive Trade Practice claim (which he also failed to address), *i.e.* by entering summary judgment in Defendants' favor.

SEMENZA RICKARD LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803

favor, the Court did the same.  In doing so, the Court respectfully committed clear error – and as such – should reconsider its February 24, 2026 Order.

### 2. *The Court Erred by Conflating Ratification with Disaffirmance*

As set forth in Defendants' Motion, ratification and disaffirmance are distinct legal concepts, and therefore, must be considered separate and apart from one another.  Nevertheless, upon deciding Defendants' Motion for Summary Judgment, the Court appeared to conflate the two – in large part because Manley ***solely*** argued disaffirmance.  However, the question of whether Manley attempted (promptly, or not) to disaffirm the credit instruments at issue does not have any bearing on the Court's analysis of whether he ***ratified*** them as a matter of law, and in return, is responsible for the amount of the credit instruments.[2]  The reason for that is simple: by virtue of his ratifying acts, Manley ***could not have*** disaffirmed the credit instruments.

Once a party has ratified a contract, they may not later withdraw that ratification in an effort to avoid that contract.  *See Malin Int'l Ship Repair & Drydock, Inc. v. Oceanografia, S.A. de C.V.*, 817 F.3d 241, 250 (5th Cir. 2016); *Merrill v. DeMott,* 113 Nev. 1390, 1396–97, 951 P.2d 1040, 1045 (1997) (stating that ratification "operates to make the contract legally valid rather than simply preventing a party from challenging the contract's validity"). In other words, after a contract is ratified, it "instantly and automatically [becomes] valid," and a party does not "get to change [their] mind and undo it later on a whim."  *See Wynn Las Vegas, LLC v. Tofani,* 133 Nev. 1095 (Nev. App. 2017) (J. Tao, concurring in part and dissenting in part).

Put simply, "[b]y ratifying a contract, the party waives the right to rescind."  *Banque Arabe Et Internationale D'Investissement v. Maryland Nat. Bank*, 850 F. Supp. 1199, 1212 (S.D.N.Y. 1994), *aff'd,* 57 F.3d 146 (2d Cir. 1995) (citing *Vista Co. v. Columbia Pictures Industries, Inc.,* 725 F.Supp. 1286, 1295 (S.D.N.Y.1989)).; *see also Alexander v. Winters*, 3 Nev. 475, 49 P. 116, 119 (1897) ("[N]o person can accept and reject the same instrument.");

---

[2] The question of prompt disaffirmance is independent of the issue of ratification presented in this case. For instance, if Manley had not ratified the credit instruments (he did) but otherwise failed to promptly disaffirm them, the credit instruments would be deemed enforceable.  *See Seeley v. Goodwin*, 39 Nev. 315, 323, 156 P. 934, 936 (1916) (stating that an incapacitated party "will be deemed to have ratified the contract unless within a reasonable time after becoming sober he takes steps to disaffirm it.")

SEMENZA RICKARD LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803

4

SEMENZA RICKARD LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803

Restatement (Second) of Contracts § 380 (stating that the power of a party to avoid a contract for incapacity is lost if "he manifests to the other party his intention to affirm it or acts with respect to anything that he has received in a manner inconsistent with disaffirmance.")

Here, Manley's ratifying acts rendered the credit instruments valid and immediately extinguished his ability to disaffirm them.  Thus, Manley's (albeit, erroneous) contention that he may have attempted to disaffirm the credit instruments by way of a preservation of evidence letter sent to MGM Grand on December 13, 2021[3] – or via text messages sent between Manley and Ms. Reboton[4] – has **no bearing** on the issue of whether he ratified the credit instruments. Put differently, any question concerning whether Manley attempted to disaffirm those same credit instruments – or whether he did so "promptly" – would only arise if he did not ratify them, which is not the case here.  Again, there can be no dispute that because Manley ratified the credit instruments as a matter of law, he thereby destroyed any ability he may have had to disaffirm them.

Because the issue of credit instruments' purported unenforceability **ends** with Manley's ratifying acts, the Court should have concluded the same.  Indeed, a ruling to the contrary would be inconsistent with the undisputed facts in this matter, as well as controlling law.  *See Mo. Pac. R.R. Co. v. Lely Dev. Corp.*, 86 S.W.3d 787, 792-93 (Tex. Ct. App. 2002) ("Whether a party has ratified a contract may be determined as a matter of law if the evidence is not controverted or is incontrovertible.")  Accordingly, the Court should reconsider its February 24, 2026 Order for purposes of concluding that Manley ratified the credit instruments as a matter of law.  Based upon that conclusion, the Court should further enter summary on Manley's claims for Breach of the Implied Covenant of Good Faith and Fair Dealing, Unjust Enrichment and Declaratory Relief, as well as on MGM Grand's contract-based counterclaims.

///

---

[3] The December 13, 2021 preservation of evidence letter was sent to MGM Grand **after** Manley had already ratified the credit instruments on December 11-12, 2021, and did not contain anything that could be construed as a disaffirmance.

[4] These text messages make **no mention** of the credit instruments at issue.

5

SEMENZA RICKARD LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803

**B.      The Court Should Hear Oral Argument on Defendants' Motion**

The Response contends that oral argument on Defendants' Motion "is not necessary and would only serve to further delay this matter." (ECF No. 225, 8:9-24.)  That is untrue.  First, a hearing on the Motion would not cause any substantial delays to this case.   While Manley contends that the Motion (as well as the parties' supplemental briefing on his Negligence claim) must be decided before his counsel conducts the depositions of certain litigation hold custodians, the Response fails to explain why that would be the case.  Indeed, there is simply nothing about the instant Motion (or the parties' supplemental briefs) that would otherwise impact and/or alter Manley's ability to proceed with those depositions as currently scheduled.[5]  Moreover, considering that the Court may elect to hear oral arguments on the parties' supplemental briefing (which Defendants' maintain that it should), arguments on Defendants' instant Motion could be heard concurrently therewith.

In addition, Manley's contention that there is no basis "to require the Court's and the parties' time and expense" on a hearing concerning Defendants' Motion is equally false. (*Id.* at 8:15-16.) As set forth in the Motion, and as reiterated herein, the Court respectfully erred by declining to decide the issue of ratification – which is central to most of Manley's claims in this action, as well as MGM Grand's related counterclaims.  Thus, the instant Motion clearly warrants a hearing, and Defendants respectfully request that the Court permit the same.

///
///
///
///
///
///
///
///

---

[5] In fact, counsel for Defendants confirmed that the depositions of Kendall Hart, Chris Durlej and Stewart Patchefsky may move forward as noticed.

**III.    CONCLUSION**

Based upon the foregoing, Defendants respectfully request that the Court grant the Motion for purposes of (1) concluding that Manley ratified his credit instruments with MGM Grand, (2) entering summary judgment on Manley's claims for Breach of the Implied Covenant of Good Faith and Fair Dealing, Unjust Enrichment and Declaratory Relief 1 and (3) also entering summary judgment on MGM Grand's contract-based counterclaims.

DATED this 14th day of April, 2026.

SEMENZA RICKARD LAW


*/s/ Lawrence J. Semenza, III*
Lawrence J. Semenza, III, Esq., Bar No. 7174
Katie L. Cannata, Esq., Bar No. 14848
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145

*Attorneys for Defendant MGM Resorts International & Defendant/Counterclaimant MGM Grand Hotel, LLC*

SEMENZA RICKARD LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803

7

**CERTIFICATE OF SERVICE**

I am employed by the law firm of Semenza Rickard Law in Clark County, Nevada. I am over the age of 18 and not a party to this action. The business address is 10161 Park Run Drive, Suite 150, Las Vegas, Nevada 89145.

I hereby certify that on the 14th day of April 2026, I served the document(s), described as:

**DEFENDANT / COUNTERCLAIMANT MGM GRAND HOTEL, LLC AND DEFENDANT MGM RESORTS INTERNATIONAL'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF FEBRUARY 24, 2026 ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [ECF NO. 224]**

☒   by sending the ☐ original ☒ a true copy will be sent by the following:

☒   a.   via **ECF System** *(You must attach the "Notice of Electronic Filing", or list all persons and addresses and attach additional paper if necessary)*

**PRHLAW LLC**
Charles H. McCrea, charles@prhlawllc.com, tlc@hmlawlv.com
Paul R. Hejmanowski, paul@prhlawllc.com, tc@hmlawlv.com
*Attorneys for Plaintiff*

☐   b.   **BY U.S. MAIL.** I deposited such envelope in the mail at Las Vegas, Nevada. The envelope(s) were mailed with postage thereon fully prepaid. I am readily familiar with Semenza Rickard Law's practice of collection and processing correspondence for mailing. Under that practice, documents are deposited with the U.S. Postal Service on the same day which is stated in the proof of service, with postage fully prepaid at Las Vegas, Nevada in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date stated in this proof of service.

☐   c.   **BY PERSONAL SERVICE.**

☐   d.   **BY DIRECT EMAIL**

☐   e.   **BY FACSIMILE TRANSMISSION.**

I declare under penalty of perjury that the foregoing is true and correct.

*/s/ Angie Barreras*
An Employee of Semenza Rickard Law

SEMENZA RICKARD LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803