UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DWIGHT MANLEY,<br><br>                                    Plaintiff,<br><br>        v.<br><br>MGM RESORTS INTERNATIONAL, *et al.*,<br><br>                                    Defendants. | Case No. 2:22-cv-01906-MMD-EJY<br><br>ORDER |

**I.    SUMMARY**

Plaintiff Dwight Manley sued Defendants MGM Resorts International and MGM Grand Hotel, LLC (collectively, "Defendants") for alleged injuries arising from his consumption of an Old-Fashion cocktail contaminated with ketamine while gaming at Defendants' casino on December 10, 2021, and from Defendants' alleged failure to provide medical assistance or stop him gaming. (ECF No. 64 at 2-12.) After the Court issued oral rulings on Defendants' motion for summary judgment,[1] Defendants sought clarification as to Plaintiff's third-party theory of liability in support of his negligence claim. (ECF Nos. 215, 223.) The Court directed counsel to confer, file a status report and if needed, the Cout would allow for supplemental briefing. (*Id.*) The parties could not reach agreement, resulting in their filing of supplemental briefs. (ECF Nos. 226, 227.) Separately, Defendants filed a motion for reconsideration, asking the Court to reconsider denial of summary judgment as to ratification. (ECF No. 224 ("Motion").)[2] The Court will address both matters in turn below.

---

[1]Defendants moved for sought summary judgment on Defendants' counterclaims and Plaintiff's claims. (ECF No. 160.) The Court granted Defendants' motion as to Plaintiff's Nevada Deceptive Trade Practices Act claim and denied it as to the remaining claims and as to Defendants' counterclaims. (ECF No. 226.)

[2]Plaintiff responded (ECF No. 225), and Defendants replied (ECF No. 228).

## II.    SUPPLMENTAL BRIEF

In denying summary judgment on Plaintiff's negligence claim, the Court found Plaintiff showed the existence of a material issue of fact as to whether he was drugged with ketamine while on Defendants' property. The Court relied on Plaintiff's testimony that he believed the bartender who made the first Old Fashion cocktail contaminated his drink and that either the ingredients included ketamine or ketamine was added.[3] (ECF No. 161-2 at 12.) Defendants sought clarification as to the Court's ruling on Plaintiff's alternative theory—that a third party, not Defendants' employees, tampered with the cocktail in question. (ECF No. 215.) Because Defendants raised this argument in their motion for summary judgment (ECF No. 160 at 25-26), the Court agreed to consider the argument assuming Plaintiff still pursued this alternative theory.

The parties do not dispute that NRS § 651.015 governs Defendants' liability to Plaintiff for the alleged conduct of a third party. (ECF Nos. 226 at 2, 227 at 2.) The Nevada Supreme Court held that NRS § 651.015(2) establishes "the applicable standard for assessing whether an innkeeper is liable for the acts of a third party." *Estate of Smith ex. rel. Smith v. Mahoney's Silver Nugget, Inc.*, 265 P.3d 688, 691 (Nev. 2011). Under the statute, an innkeeper is liable for injuries caused by the wrongful act of a third party if the "wrongful act which caused the  . . . injury was foreseeable." NRS § 651.015(2)(a). Moreover, "[t]he court shall determine as a matter of law whether the wrongful act was foreseeable." *Id.* at § 651.015(2)*; see Mahoney's Silver Nugget,* 265 P.3d at 691 ("The determination of foreseeability as it relates to an inkeeper's duty of care to a patron must be made by the district court as a matter of law.").[4] NRS § 651.015(3) defines foreseeability: "a wrongful act is not foreseeable unless:

---

[3]In the Third Amended Complaint, Plaintiff alleges he remarked "the [first] cocktail tasted bitter." (ECF No. 64 at 5.) He alleges he "was drugged with ketamine." (*Id.*)

[4]Plaintiff's assertion that "foreseeability has always been an element of a negligence claim to be resolved as an issue of fact" as it relates to third party liability is contrary to Nevada law. (ECF No. 226 at 2.)

(a) The owner or keeper failed to exercise due care for the safety of the patron or other person on the premises; or

(b) Prior incidents of similar wrongful acts occurred on the premises and the owner or keeper had notice or knowledge of those incidents."

Defendants argue that Plaintiff offers no evidence to show that his alleged drugging by a third party is foreseeable under either definition. (ECF No. 227 at 2-3.) Plaintiff counters that he has shown foreseeability under both definitions. (ECF No. 226 at 2-4.) The Court agrees with Defendants.

Here, the undisputed evidence as seen on the relevant surveillance video shows the cocktail in question was prepared by the bartender with the only other person touching the cocktail before Plaintiff was Plaintiff's partner. (ECF Nos. 160-5, 160 at 25.) Plaintiff offers no evidence to create a genuine factual dispute as to how a third party could have or did contaminate his cocktail under the circumstances here to rebut Defendants' evidence. Plaintiff's reliance on *res ipsa loquitor* (ECF No. 226 at 4-5) is misplaced given Nevada's statutory framework found in NRS § 651.015 for determining an innkeeper's civil liability for harm caused by a third party.

In sum, the Court agrees with Defendants and grants their motion for summary judgment as to Plaintiff's theory that a third-party contaminated Plaintiff's cocktail in support of his negligence claim.

## III.    MOTION FOR RECONSIDERATION

Defendants move for reconsideration of the Court's denial of summary judgment as to the issue of ratification.[5] (ECF No. 224.) A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening

---

[5]Defendants also ask for oral argument. The Court denies the request as the Court finds oral argument to be unnecessary.

change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Defendants argue the Court committed clear errors primarily in two ways.

First, Defendants argue the Court committed clear error in providing inconsistent rulings. In particular, Defendants suggest the Court granted summary judgment on Plaintiff's Deceptive Trade Practices Act ("DTPA") claim because it was unopposed but committed clear error in not taking the same approach on Defendants' ratification argument. (ECF No. 224 at 6-7, 8-9.) First and foremost, as Defendants' cited portion of the Court's oral ruling indicates, the Court noted Plaintiff did not respond to Defendants' DTPA argument, and "f[ou]nd that the defendants have met their burden on summary judgment." (ECF No. 224 at 6 (citing ECF No. 221 at 34).) The Court therefore did not grant Defendants' motion on the DTPA claim solely because Plaintiff failed to respond to Defendants' argument. In fact, such a ruling would have been contrary to LR 7-2(d).[6] Moreover, as Plaintiff points out in response to the Motion, Plaintiff did oppose summary judgment as to ratification. (ECF No. 225 at 5.)

Second, Defendants recount the evidence presented in seeking summary judgment on the issue of ratification, contending the Court clearly erred in denying summary judgment. (ECF No. 224 at 9-14.) The Court concluded that viewing the evidence in the light most favorable to Plaintiff, a rational trier of fact could find the plaintiff did not ratify the contract. (ECF No. 221 at 32-33.)  Defendants' repackaged arguments are not appropriate grounds for reconsideration.  "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled," and, in general, such motions are disfavored. *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005); *see also* LR 59-1(b)-(c).

///

///

///

---

[6]"The failure of an opposing party to file points and authorities in response to any motion, *except a motion under Fed. R. Civ. P. 56* or a motion for attorney's fees, constitutes a consent to the granting of the motion." LR 7-2(d) (emphasis added).

## IV.     CONCLUSION

The Court notes that the parties made several arguments and cited several cases not discussed above. The Court reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Defendants' motion for summary judgment (ECF No. 160) as to Plaintiff's negligence claim based on third-party liability is granted.

It is further ordered that Defendants' motion for reconsideration (ECF No. 224) is denied.

DATED THIS 23rd Day of April 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE