Lawrence J. Semenza, III, Esq., Bar No. 7174
Email: ljs@semenzarickard.com
Katie L. Cannata, Esq., Bar No. 14848
Email: klc@semenzarickard.com
SEMENZA RICKARD LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803
Facsimile: (702) 920-8669

Bethany Woodard Kristovich, Esq. (*pro hac vice*)
E-mail: bethany.kristovich@mto.com
John Schwab, Esq. (*pro hac vice*)
Email: john.schwab@mto.com
Graham J. Wyatt, Esq. (*pro hac vice*)
Email: graham.wyatt@mto.com
MUNGER TOLLES & OLSON, LLP
350 South Grand Avenue
Los Angeles, California 90071
Telephone: (213) 683-9216
*Attorneys for Defendant/Counterclaimant*
*MGM Grand Hotel, LLC and Defendant*
*MGM Resorts International*

SEMENZA RICKARD LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DWIGHT MANLEY,<br><br>Plaintiff,<br><br>v.<br><br>MGM RESORTS INTERNATIONAL; MGM GRAND HOTEL, LLC,<br><br>Defendants.<br>_____<br><br>MGM GRAND HOTEL, LLC, a Nevada limited liability company,<br><br>Counterclaimant,<br><br>v.<br><br>DWIGHT MANLEY, an individual,<br><br>Counter-Defendant. | Case No.   2:22-cv-01906-MMD-EJY<br><br>**DEFENDANTS' UNOPPOSED MOTION TO SEAL OR REDACT CERTAIN EXHIBITS TO PLAINTIFF'S RESPONSE [ECF NO. 248] TO DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S PUNITIVE DAMAGES REQUEST AND/OR PRECLUDE PLAINTIFF FROM SEEKING PUNITIVE DAMAGES AT THE TIME OF TRIAL [ECF NO. 245]** |

1

SEMENZA RICKARD LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803

Pursuant to the Court's July 14, 2026 Minute Order [ECF No. 251], Defendants MGM Resorts International ("MGM Resorts") and MGM Grand Hotel, LLC ("MGM Grand") (together, "Defendants") hereby submit this Unopposed Motion to Seal or Redact Certain Exhibits to Plaintiff's Response [ECF No. 248] (the "Response") to Defendants' Motion to Strike Plaintiff's Punitive Damages Request and/or Preclude Plaintiff from Seeking Punitive Damages at the Time of Trial  [ECF No. 245] (the "Motion"). Plaintiff Dwight Manley ("Plaintiff") does not oppose Defendants' motion given the designations of the documents under the Stipulated Protective Order in this matter. Plaintiff reserves the right to contest confidentiality of these and other documents, as applicable, at trial.

This Unopposed Motion to Seal is made pursuant to Local Rule IA 10-5 and is supported by the following Memorandum of Points and Authorities, the pleadings and papers on file, as well as any oral argument of counsel that may be entertained by the Court.

## I.   PERTINENT PROCEDURAL BACKGROUND

On July 7, 2025, Plaintiff filed his Response to Defendants' Motion. (ECF No. 248.)  The Response contained certain redactions of references to and/or quotations of exhibits that Defendants previously designated as "CONFIDENTIAL" pursuant to the Parties' Stipulated Protective Order. (*Id.*)  Plaintiff concurrently filed a Motion to File Under Seal Exhibits 4-5, 7, 11-12 and 14 to his Response (the "Motion to Seal"). (ECF No. 249.)

On July 14, 2026, the Court issued a Minute Order denying the Motion to Seal without prejudice. (ECF No. 251.)  In doing so, the Court noted that Plaintiff was required to establish good cause or compelling reason for sealing as required under Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172 (9th Cir. 2006). (*Id.*)  Plaintiff was thereby requested to file a renewed motion to seal. (*Id.*)

To comply with the Court's Minute Order, and because Defendants are seeking to maintain the certain exhibits' confidentiality, the Parties hereby bring the instant Joint Motion.  As discussed below, both good cause and compelling reasons support the Parties' request to seal Exhibits 7 and 12, as well as to redact Exhibits 4-5 and 14.

///

2

SEMENZA RICKARD LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803

## II.    ARGUMENT

### A.    Legal Standard

While there exists a strong presumption in favor of access to court records and documents, *Foltz v. State Farm Mut. Auto Ins. Co*., 331 F.3d 1122, 1135 (9th Cir. 2003), this general right to public documents is not absolute.  *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978). Compelling reasons must be shown to seal judicial records attached to a dispositive motion.  *Id.* at 331 F.3d at 1136.

The factors relevant to a determination of whether the strong presumption of access is overcome include the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) (citing *EEOC v. Erection Co., Inc.,* 900 F.2d 168, 170 (9th Cir.1990)).   What constitutes a "compelling reason" is left to the sound discretion of the trial court.  *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–97 (9th Cir. 2016).

In order to meet this standard, a "party must "articulate[ ] compelling reasons supported by specific factual findings," that outweigh the general history of access and the public policies favoring disclosure, such as the "public interest in understanding the judicial process." *San Jose Mercury News, Inc. v. U.S. Dist. Ct.,* 187 F.3d 1096, 1102–03 (9th Cir.1999); *EEOC v. Erection Co.,* 900 F.2d 168, 170 (9th Cir.1990)).   In turn, the court must "conscientiously balance[ ] the competing interests" of the public and the party who seeks to keep certain judicial records secret. *Foltz,* 331 F.3d at 1135. After considering these interests, if the court decides to seal certain judicial records, it must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Hagestad,* 49 F.3d at 1434 (citing *Valley Broadcasting Co. v. U.S. Dist. Ct.,* 798 F.2d 1289, 1295 (9th Cir.1986)); *see also Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006).

### B.    Plaintiff's Exhibit 7 – Defendants' TTO Policies – Must Be Kept Under Seal

With respect to business agreements, proprietary information, and internal policies and procedures, a reviewing court may grant the motion to seal if there are compelling reasons

SEMENZA RICKARD LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803

sufficient to outweigh the public's interest in disclosure of the information. *Callahan v. PlusFour, Inc.*, Case No. 2:17-cv-2513 JCM (GWF), 2019 WL 302492, at *5 (D. Nev. Jan. 23, 2019), *citing Kamakana*, 447 F.3d at 1178-79; *Nixon*, 435 U.S. at 598 (noting that use of records to circulate trade secrets constitutes a compelling reason to seal said record); *see also Garcia v. Specialized Loan Servicing LLC,* No. 217CV01721RFBVCF, 2018 WL 3489237, at *2 (D. Nev. July 18, 2018) (granting defendant's motion to seal its internal policies and procedures since they fell "well within the Ninth Circuit's definition of a trade secret"); *Birch v. Lombardo,* No. 216CV01051RFBCWH, 2017 WL 6063068, at *6 (D. Nev. Dec. 6, 2017) (policy and procedure manual subject to protective order due to safety concerns); *Sherwin v. Inifinity Auto Ins. Co.,* No. 2:11-CV-00043-JCM, 2011 WL 4479757, at *2 (D. Nev. Sept. 26, 2011) (internal "best practices guide" subject to protective order was correctly deemed as confidential).

The TTO Polices pertain to Defendants' practices of issuing temporary lines of credit to patrons for purposes of gambling activities. These policies are not available to the general public – but only to certain, but not all, MGM Grand and MGM Resorts employees. Moreover, Defendants' policies regarding temporary lines of credit contain commercial information and/or trade secrets concerning its credit practices that warrant protection from public disclosure under FRCP 26(c)(1)(G). *See* FRCP 26(c)(1)(G) (noting that a protective order is appropriate where "trade secret or other confidential research, development, or commercial information" is involved).

Indeed, because the policies and procedures at issue constitute proprietary information concerning Defendants' business operations, their public disclosure may cause Defendants a commercial disadvantage. The TTO Polices specifically state that they contain "private and/or proprietary information and may not be used or disclosed outside MGM Resorts International except pursuant to a written agreement." As such, Defendants have an irrefutable interest in keeping these policies and procedures confidential.

The foregoing are compelling reasons to keep the policies and procedures under seal. *See, e.g., Selling Source, LLC v. Red River Ventures, LLC*, Case No. 2:09-cv-01491-JCM, 2011 WL 1630338, at *6 (D. Nev. Apr. 29, 2011) (granting motion to seal documents containing

4

SEMENZA RICKARD LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803

"information related to the parties' propriety business operations and trade secrets" under compelling reasons standard); *Le v. Equifax Info. Servs., LLC*, No. 216CV02393RFBGWF, 2017 WL 4350976, at *2 (D. Nev. Sept. 29, 2017) (finding compelling reasons to seal where "public disclosure could aid Defendant's competitors in creating or enhancing upon Defendant's policies and procedures, thereby destroying Defendant's competitive advantage.")

### C.    Plaintiff's Exhibit 12 – Prior Incident Reports – Must Also Remain Under Seal

As the Court will recall, during the September 9, 2024 hearing on Plaintiff's Motion to Compel prior incident reports [ECF No. 65], the Court specifically required prior incident reports to be produced attorneys' eyes only and further stated that they are not to be shared – without a Court order – with Plaintiff.  Therefore, the prior incident reports at issue were designed by Defendants as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Keeping that in mind, there are clearly compelling reasons to keep Exhibit 12 under seal.

First, the prior incident reports pertain to *alleged*, but unsubstantiated, claims of former patrons being purportedly drugged by MGM Resorts employees.  Defendants firmly maintain that former patrons' unsubstantiated allegations against MGM Resorts employees have no probative value to this case, given, among other reasons, that the underlying facts of the alleged incidents are drastically different from Manley's allegations.  More importantly, these incidents never resulted in a lawsuit and/or an actual finding of an MGM Resorts employee drugging an unknowing patron.  Thus, it goes without saying that keeping the names of involved employees – and the purported allegations against them and/or Defendants – confidential is of utmost importance.[1]    Moreover, there would be an unnecessary risk of public scandal and/or embarrassment to Defendants and its employees by publicly filing the incident reports, which again, are based upon nothing more than unsubstantiated allegations.  The foregoing is precisely why the *contents* of the prior incident reports must be filed under seal.  Permitting the public filing of these reports raises considerable concerns of their misuse.   As such, mere redaction of names

---

[1] The prior incident reports also contain the names and other personal identifying information concerning the employees and patrons involved in the alleged incidents, as well as photographs of those patrons.

SEMENZA RICKARD LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803

and other personal identifying information will not suffice.

What's more, Defendants' incident reports are only available to certain, but not all, MGM Resorts employees.  These are not widely accessible and/or public records.   In fact, and as stated above, the incident reports at issue have not even been made available to Plaintiff in the context of this litigation, given Defendants' concerns regarding their potential misuse.  Put simply, because the *details* of the reports have not been made available to Plaintiff due to these concerns, they similarly should *not* be accessible to the general public.  *See Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978) (stating that use of records to gratify private spite, promote public scandal, disseminate libelous statements, or circulate trade secrets are compelling reasons to seal records)

In addition, the incident reports contain both direct and indirect information as to how MGM Resorts security personnel investigate alleged incidents.  Designating security reports as confidential (or here, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY) in the context of litigation ensures that MGM Resorts' security systems can continue to work effectively, without putting the property and/or its employees at risk.  The incident reports also inherently contain MGM Resorts properties' methods and operations for investigating guest incidents.  In order to provide and maintain a safe environment for its employees and guests, the foregoing information must remain confidential.  If such information is made publicly available, it may be utilized by third parties to potentially exploit MGM Resorts' security systems and procedures.

For these reasons, there are compelling reasons to keep Exhibit 12 to Plaintiff's Response under seal.

**D.    Exhibits 4-5 and 14 Should Be Filed in Redacted Form**

Exhibits 4 and 5 to Plaintiff's Response are certain e-mail communications between Plaintiff's host and MGM Resorts' Executive Director of VIP Accounts, which concern (1) Plaintiff's $2 million corporate credit line, and (2) his subsequent TTO request.  While these internal communications were previously designated by Defendants as "CONFIDENTIAL," Defendants do not object to the removal of that designation for purposes of Exhibits 4 and 5 being publicly filed with the Court in redacted form.  Specifically, for purposes of addressing third-party privacy concerns, the e-mail addresses of MGM Resorts employees should be redacted prior to

SEMENZA RICKARD LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803

filing.[2]

Exhibit 14 to Plaintiff's Response is a "Marker Limit Change in Customer Information/Reactivation" form.   This exhibit contains (1) Plaintiff's player card number and date of birth, as well as (2) Vannessa Reboton's employee identification number.  This document was previously designated as "CONFIDENTIAL" by Defendants.  However, Defendants do not object to Exhibit 14 being publicly filed, so long as the foregoing personal identifying information is appropriately redacted.

Accordingly, the Defendants respectfully submit that good cause exists to permit the filing of redacted versions of Exhibits 4-5 and 14, which Plaintiff does not oppose.

### E.    **Exhibit 11 May Be Publicly Filed Without Redaction**

Exhibit 11 to Plaintiff's Response is a copy of MGM Resorts' Responsible Gaming Best Practices. Defendants previously removed Responsible Gaming Best Practices' confidentiality designation as part of their Eighth Supplemental Disclosures in this action.  As such, Exhibit 11 to Plaintiff's Response is not required to be filed under seal.

DATED this 28th day of July 2026.

SEMENZA RICKARD LAW

*/s/ Lawrence J. Semenza, III*
Lawrence J. Semenza, III, Esq, Bar No. 7174
Katie L. Cannata, Esq., Bar No. 14848
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
-
MUNGER TOLLES & OLSON, LLP
Bethany Woodard Kristovich, Esq. (*pro hac vice*)
John Schwab, Esq. (*pro hac vice*)
Graham J. Wyatt, Esq. (*pro hac vice*)
350 South Grand Avenue
Los Angeles, California 90071
*Attorneys for Defendant/Counterclaimant*
*MGM Grand Hotel, LLC and Defendant*
*MGM Resorts International*

DATED this 28th day of July 2026.

MADEL PA

*/s/ Jennifer M. Robbins*
Christopher W. Madel, Esq. (*pro hac vice*)
Jennifer M. Robbins, Esq. (*pro hac vice*)
434 Lake Street
Excelsior, Minnesota 55331
-
PRHLAW LLC
Paul R. Hejmanowski, Esq., Bar No. 94
Charles H. McCrea, Esq., Bar No. 104
520 S. Fourth St., Ste. 360
Las Vegas, Nevada 89101
*Attorneys for Plaintiff/Counter-Defendant*
*Dwight Manley*

---

[2] In light of the media attention given to this case, Defendants are concerned that publicly filing the e-mail addresses of their employees may lead to unwanted solicitation by various outlets and/or reporters.

**CERTIFICATE OF SERVICE**

I am employed by the law firm of Semenza Rickard Law in Clark County, Nevada.  I am over the age of 18 and not a party to this action.  The business address is 10161 Park Run Drive, Suite 150, Las Vegas, Nevada 89145.

I hereby certify that on the 28th day of July 2026, I served the document(s), described as:

**DEFENDANTS' UNOPPOSED MOTION TO SEAL OR REDACT CERTAIN EXHIBITS TO PLAINTIFF'S RESPONSE [ECF NO. 248] TO DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S PUNITIVE DAMAGES REQUEST AND/OR PRECLUDE PLAINTIFF FROM SEEKING PUNITIVE DAMAGES AT THE TIME OF TRIAL [ECF NO. 245]**

☒    by placing the ☐ original ☒ a true copy thereof enclosed/attached and delivered:

☒  a.    via **ECF System** *(You must attach the "Notice of Electronic Filing", or list all persons and addresses and attach additional paper if necessary)*

**PRHLAW LLC**
Charles H. McCrea, charles@prhlawllc.com, tlc@hmlawlv.com
Paul R. Hejmanowski, paul@prhlawllc.com, tc@hmlawlv.com
-
**MADEL PA**
Christopher W. Madel, Esq. (*pro hac vice*), cmadel@madellaw.com
Jennifer M. Robbins, Esq. (*pro hac vice*), jmrobbins@madellaw.com, 6815994420@filings.docketbird.com, madelpafile@madellaw.com
*Attorneys for Plaintiff/Counter-Defendant Dwight Manley*

☐ b.    **BY U.S. MAIL.** I deposited such envelope in the mail at Las Vegas, Nevada. The envelope(s) were mailed with postage thereon fully prepaid. I am readily familiar with Semenza Rickard Law's practice of collection and processing correspondence for mailing. Under that practice, documents are deposited with the U.S. Postal Service on the same day which is stated in the proof of service, with postage fully prepaid at Las Vegas, Nevada in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date stated in this proof of service.

☐ c.    **BY PERSONAL SERVICE.**

☐ d.    **BY DIRECT EMAIL**

☐ e.    **BY FACSIMILE TRANSMISSION.**

I declare under penalty of perjury that the foregoing is true and correct.

*/s/ Olivia A. Kelly*
An Employee of Semenza Rickard Law

SEMENZA RICKARD LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803