Paul R. Hejmanowski, Esq. (SBN #94)
Charles H. McCrea, Esq. (SBN #104)
PRHLAWLLC
520 South Fourth Street, Suite 360
Las Vegas, NV 89101
Telephone: (702) 834-6166
paul@prhlawllc.com
charles@prhlawllc.com

Christopher W. Madel, Esq. (*pro hac vice*)
Jennifer M. Robbins, Esq. (*pro hac vice*)
MADEL PA
434 Lake Street
Excelsior, MN 55331
Telephone: (612) 605-0630
cmadel@madellaw.com
jmrobbins@madellaw.com

*Attorneys for DWIGHT MANLEY*

Lawrence J. Semenza, III, Esq. (SBN #7174)
ljs@semenzarickard.com
Katie L. Cannata, Esq. (SBN #14848)
SEMENZA RICKARD LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803
Facsimile: (702) 920-8669

Bethany Kristovich, Esq. (*pro hac vice*)
bethany.kristovich@mto.com
John Schwab, Esq. (*pro hac vice*)
john.schwab@mto.com
Graham J. Wyatt, Esq. (*pro hac vice*)
graham.wyatt@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

*Attorneys for Defendant MGM Resorts International & Defendant/Counterclaimant MGM Grand Hotel, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DWIGHT MANLEY,

Plaintiff,

vs.

MGM RESORTS INTERNATIONAL;
MGM GRAND HOTEL, LLC,

Defendants.

AND ALL RELATED ACTIONS.

Case No. 2:22-cv-01906-MMD-EJY

**JOINT PRETRIAL ORDER**

///

///

After pretrial proceedings in this case,

IT IS ORDERED:

## I. Statement of the Nature of the Action

Plaintiff Dwight Manley ("Manley") sued Defendants MGM Resorts International and MGM Grand Hotel, LLC ("MGM Grand" and together with MGM Resorts International, "Defendants"). Plaintiff Manley alleges the following: that he suffered injuries arising from his consumption of a cocktail contaminated with ketamine while gaming at Defendants' casino on December 10, 2021, and from Defendants' failure to provide medical assistance, to stop his gaming or take other action after casino personnel observed his erratic behavior and incapacitation, and due to Defendants' continued extension of credit and significant increases in his credit limit despite his incapacitation. Manley seeks declaratory relief as well as damages under theories of negligence, unjust enrichment, and breach of the implied covenant of good faith and fair dealing.

Defendants deny Manley's allegations, including but not limited to his contention that his cocktail was contaminated with ketamine, and assert affirmative defenses. Defendants also bring counterclaims against Manley seeking declaratory relief and damages for breach of contract, breach of the implied covenant of good faith and fair dealing, conversion, and unjust enrichment. Defendants allege that, during his December 10–12, 2021 visit to Defendants' properties, Manley requested and executed in relevant part credit instruments totaling $3,000,000. Defendants contend that the credit instruments are valid and enforceable and that, after accounting for a $560,000 payment by Manley and Defendants' depositing of a $2,000,000 credit instrument executed by Manley, Manley remains obligated to repay the outstanding principal balance of $440,000. Defendants seek recovery of that outstanding balance, plus reasonable attorneys' fees, costs, and interest.

Plaintiff Manley denies Defendants' allegations and asserts his own affirmative defenses.

## II. Statement of Jurisdiction

The parties do not contest federal jurisdiction or venue. The court has diversity jurisdiction over the dispute pursuant to 28 USC § 1332. There is complete diversity among the parties; Plaintiff is not a resident or domiciled in the same state as any Defendant in this action. Venue is proper in

this Judicial District pursuant to 28 USC § 1391 (b) and (c) at least because Defendants reside in this Judicial District by virtue of doing business with the Judicial District and a substantial portion of the events complained of took place in this Judicial District.

## III. Material Uncontested Facts

The following facts are admitted by the parties and require no proof:

1. MGM Resorts International is the parent company of MGM Grand Hotel, LLC.

## IV. Contested Issues of Fact

The issues of fact to be tried and determined at trial include but are not limited to:

1. The length and nature of Manley's relationship with Defendants and Defendants' casino properties in Las Vegas, Nevada.
2. Defendants' historical treatment of Manley as a patron.
3. Whether Defendants' casino host assigned to Manley, Vanessa Reboton, had been assigned to, and worked with, Manley for approximately five years before November 2021.
4. The sequence of events before, during, and after Manley's stay at the MGM Grand in December 2021.
5. Whether, and why, Manley sought medical assistance after his return to California.
6. Whether Manley sustained injuries and damages as a result Defendants' conduct.
7. The extent and value of Manley's injuries and damages.

**Plaintiff's Additional Contested Issues of Fact**

1. MGM Grand employs the staff at its hotel and casino.[1]
2. Defendants provided Manley with three (3) "This-Trip-Only" ("TTO") credit line increase request forms for execution on December 10, 2021, which Manley executed, increasing Manley's credit limit as follows:
   a. $0 to $2 million;

[1] Plaintiff proposed this language in an intentionally neutral manner and Defendants would not agree to it. Therefore, Plaintiff proposes this in his own Additional Contested Issues of Fact.

b. $2 million to $3 million; and

c. $3 million to $3.5 million.[1]

3. Defendants deposited the $2 million credit instrument or "marker" and received $2 million from Manley's bank.[1]

4. Defendants' complimentary travel and lodging for Manley and his guests to and from the MGM Grand, including at the MGM Mansion, a luxury, high-end hotel property at the MGM Grand, and whether such "comps" to Manley were part of Defendants' efforts to maintain Manley's business and make sure that he engaged in gaming at their properties.

5. Defendants' decision to provide monetary advances to Manley and to issue credit to Manley for his gaming at the MGM Grand and whether Defendants violated their own policy or policies in doing so.

6. Whether Defendants' casino host assigned to Manley, Vanessa Reboton, contacted Manley in or about November 2021 to invite him to stay at the MGM Mansion.

7. The number of drinks served to Manley while he was playing in the MGM Mansion high-limit salon on December 10, 2021, and the amount that Manley drank of each.

8. Whether Manley was served a drink by Defendants' employee, contractor, or agent that was poisoned with ketamine while he was gaming in the MGM Mansion high-limit salon on December 10, 2021.

9. Whether Defendants' employee, contractor, or agent caused ketamine to be put into Manley's drink while he was gaming in the MGM Mansion high-limit salon on December 10, 2021.

10. Manley's behavior while gaming in the MGM Mansion high-limit salon on December 10, 2021.

11. Defendants' conduct and communications related to Manley's behavior while gaming in the MGM Mansion high-limit salon on December 10, 2021, including but not limited to whether Defendants provided medical treatment to Manley after he injured himself and shattered an ashtray and was bleeding at the blackjack table

without realizing it; whether casino host Vanessa Reboton stated that Manley was acting or behaving erratically; the timing that Defendants provided Manley with applications for increases in his credit limit and the decision(s) to provide Manley with such applications (or "markers").

12. Whether Manley lacked the capacity to contract when signing credit increase agreements, applications, or credit instruments at the time that Defendants presented them to Manley for signature (i.e., whether he was able to understand the nature and consequences of signing such documents presented by Defendants).

13. Events and observations of Manley and others during and following Manley's gaming session at the MGM Mansion high-limit salon on December 10, 2021, including but not limited to Manley's comments that the drink served to him was bitter; whether ketamine tastes bitter; whether the bartender intentionally made the drink sweeter to attempt to mask the bitterness; Manley's need for assistance from his friends to stand or walk by the end of the gaming session; whether Manley fell multiple times even with his friends' assistance getting back to his lodging and whether he sustained severe bruises; whether Manley stated that he felt dizzy and slow; communications between Defendants and Manley on December 11, 2021 regarding Manley's belief that he was drugged, requests that Defendants review surveillance tapes related to the belief that he was drugged, effects or symptoms Manley experienced from the drink(s) at the MGM Mansion high-limit salon on December 10, 2021.

14. Whether Manley disaffirmed and/or disavowed the obligations created by the credit instruments.

15. Whether Defendants received two evidence preservation demands on or about December 13, 2021 from Manley's counsel.

16. Whether, and to what extent if any, Defendants investigated whether Manley had been drugged or poisoned on December 10, 2021.

17. Whether Defendants failed to act responsibly toward Manley.

18. Whether Defendants failed to exercise due care toward Manley by, among other things, refusing or failing to properly address Manley's incapacitated state while at the same time extending credit and significantly increasing his credit limit, failing to provide medical attention, and refusing or failing to take action after Defendants' casino personnel observed Manley's erratic behavior.

19. Whether Defendants knew or should have known that Manley was unable to understand the nature and consequences of his actions and the transactions.

20. Whether the credit increase agreements, applications, or credit instruments are invalid and/or unenforceable.

21. Whether, with Defendants' knowledge and consent, Manley conferred a benefit on Defendants by staying and gaming at Defendants' property during the December 10-12, 2021 trip.

22. Whether Defendants accepted the benefits of Manley's business and gaming, including but not limited to the $2 million it obtained when Defendants deposited Manley's credit instruments.

23. Whether Defendants accepted the benefits despite being on notice of Manley's erratic behavior and incapacity.

24. Whether it is inequitable for Defendants to retain Manley's money under the circumstances.

25. With respect to any agreements or contracts between Defendants and Manley that are found to be valid or enforceable, whether Defendants took advantage of Manley's long history of gaming at Defendants' properties.

26. Whether during December 10 through 12, 2021, Defendants' conduct in having Manley enter into written agreements in furtherance of past business dealings was a breach of the covenant of good faith and fair dealing.

27. Whether Defendants' conduct is unfaithful to the purpose of such contracts or agreements and inconsistent with Manley's justified expectations.

28. Whether Manley was damaged as a direct and proximate cause of Defendants'

breaches of the implied covenant of good faith and fair dealing.

29. Whether Defendants failed to preserve relevant evidence that Defendants knew or reasonably should have known was relevant to this matter.

30. Whether Defendants' failure to preserve, or destruction of, relevant evidence in this matter was due to the evidence being unfavorable to Defendants.

31. Whether Defendants' conduct was despicable and in conscious disregard for the rights or safety of others or whether Defendants acted with oppression, fraud, or malice.

**Defendants' Additional Contested Issues of Fact**

***Manley's December 10–12, 2021 Debt***[2]

1. Before Manley's December 10–12, 2021 visit to Defendants' Las Vegas property, Manley requested and was approved for a $2,000,000 casino credit line by Defendants.

2. On December 10, 2021, Manley requested and executed two additional credit line increase requests, increasing his credit line from $2,000,000 to $3,000,000 and then from $3,000,000 to $3,500,000.

3. On December 10, 2021, Manley requested and executed two credit instruments in favor of Defendants: (a) Instrument No. 782928177 in the amount of $2,000,000; and (b) Instrument No. 782929189 in the amount of $1,000,000. In exchange, Defendants provided Manley with $3,000,000 in gambling chips.

4. On December 10, 2021 Manley lost $3,000,000 while playing blackjack in the MGM Mansion's high-limit gaming salon.

5. On December 12, 2021, Manley delivered $560,000 in gambling chips to Defendants for the purpose of making a partial payment toward the outstanding balance of the

[2] Defendants sought agreement with Plaintiff during the parties' meet-and-confer process that these eight facts are uncontested because they are straightforward and not reasonably subject to genuine dispute. Plaintiff nevertheless refused to stipulate to them, leaving Defendants with no choice but to identify them here as "contested" factual issues.

$1,000,000 credit instrument.

6. Manley did not pay the remaining $2,440,000 balance reflected by Instrument No. 782928177 and Instrument No. 782929189.

7. On or about March 23, 2022, Defendants presented Instrument No. 782928177, in the amount of $2,000,000, for payment through Manley's bank, and Defendants received $2,000,000 from Manley's account at the bank.

8. Manley has not paid the outstanding principal owed to Defendants under Instrument No. 782929189, which totals $440,000.

***Relationship Between Manley and Defendants***

9. Manley's prior conduct and behavior during visits to Defendants' casino properties before December 10, 2021, including but not limited to an incident in which Manley kicked a hole in a wall.

10. The purpose of Reboton's communications with Manley in or about November 2021 concerning his December 2021 visit to Las Vegas.

11. Defendants' provision of complimentary travel and lodging for Manley and his guests during his December 2021 trip, including the basis on which such complimentary benefits were provided by Defendants.

12. The timing of and reasons for Defendants' approval and extension of casino credit and monetary advances to Manley for his December 2021 trip.

***December 10, 2021 Conduct***

13. The sequence of events leading up to and during Manley's December 10, 2021 gaming session at the MGM Mansion high-limit salon.

14. The number of drinks served to Manley while he was playing in the MGM Mansion high-limit salon on December 10, 2021, and the amount that Manley consumed.

15. The quality and strategic soundness of Manley's blackjack play on December 10, 2021, including whether he made optimal gaming decisions throughout his gaming session.

16. Whether the first drink prepared by Jerilyn Koch on December 10, 2021 that was

served to Manley at the high-limit salon contained ketamine.

17. Whether Ms. Koch, Manley, or any member of Manley's party caused ketamine, if any, to be introduced into Manley's first drink at the MGM Mansion high-limit salon on December 10, 2021.

18. Whether Manley had used ketamine before December 10, 2021.

19. Whether ketamine has a bitter taste and, if so, whether that taste can be masked in an Old Fashioned cocktail.

20. Whether Manley commented that the first drink served to him tasted bitter.

21. Whether Ms. Koch intentionally altered the preparation of Manley's first drink, and if so, why.

22. The extent to which Manley's allegation that Ms. Koch spiked his drink has harmed Ms. Koch personally and professionally.

***Manley's Condition and Defendants' Response***

23. Manley's behavior while gaming in the MGM Mansion high-limit salon on December 10, 2021.

24. Manley's condition and physical abilities after leaving the gaming salon, including whether he required assistance walking, fell, or sustained bruising.

25. The symptoms Manley experienced on the evening of December 10, 2021, and the following day, and the cause of those symptoms.

26. Defendants' observations of and communications regarding Manley's condition and behavior on December 10, 2021.

27. Whether, and to what extent, Defendants' personnel believed Manley was acting or behaving erratically on December 10, 2021 and the basis for any such belief.

28. What caused Manley to break an ashtray and injure his hand while gaming on December 10, 2021.

29. Whether Manley was capable of understanding the nature and consequences of his actions when he requested and executed credit line increase requests and credit instruments on December 10, 2021, and what Defendants' personnel knew about his

condition at those times.

***December 11–12, 2021 Conduct***

30. Communications between Manley and Defendants' personnel on December 11–12, 2021, including Manley's reports concerning his condition, Defendants' response to Manley's reports, and Manley's decision to stay in Las Vegas.

31. Manley's conduct on December 11–12, 2021, including his continued gambling, acceptance of complimentary benefits provided by Defendants, use of additional casino credit, negotiation of a discount on his debt, and partial repayment of amounts borrowed, and whether that conduct was consistent with accepting or rejecting the obligations created by Manley's credit instruments.

32. Manley's communications with Defendants on December 11–12, 2021, concerning the validity or enforceability of the credit instruments and his obligation to repay amounts borrowed thereunder.

***Investigations***

33. Whether Manley or others acting on his behalf undertook efforts to investigate his claim that he had been drugged, including the retention of private investigators and the offering or funding of rewards for information.

34. Manley's communications with the Las Vegas Metropolitan Police Department, the Nevada Gaming Control Board, and other governmental authorities concerning his claim that he had been drugged, including requests for additional investigation or other action.

35. The investigations conducted by Defendants, the Las Vegas Metropolitan Police Department, the Nevada Gaming Control Board, and other governmental authorities into Manley's claim that he had been drugged or poisoned on December 10, 2021, including the scope of those investigations and their findings.

***Preservation Issues***

36. The circumstances surrounding the loss of certain December 10, 2021 text messages exchanged between Vanessa Reboton and Justin Manacher, and the reasonable

inferences, if any, to be drawn from the unavailability of those missing text messages. *See* Dkt. 171, at 9 ("IT IS FURTHER ORDERED that Plaintiff is permitted to present evidence and argument to the jury regarding the loss of information allowing the jury to draw reasonable inferences from this argument. This does not preclude Defendants from making counter arguments seeking alternative inferences.").

## V. Contested Issues of Law

The issues of law to be tried and determined at trial include but are not limited to:

1. Whether Manley has established the elements of his claims for:
   a. Declaratory relief;
   b. Negligence;
   c. Unjust enrichment; and
   d. Breach of the implied covenant of good faith and fair dealing.
2. Whether Defendants have established the elements of their counterclaims for:
   a. Declaratory relief
   b. Breach of contract
   c. Breach of the implied covenant of good faith and fair dealing
   d. Conversion; and
   e. Unjust enrichment.
3. Whether Defendants have established their affirmative defenses to Manley's claims.
4. Whether Manley has established his affirmative defenses to Defendants' counterclaims.
5. All legal issues raised by motions in limine, pretrial motions, objections to jury instructions, or otherwise presented to the Court before or during trial.

## VI. Plaintiff's Statement of Other Issues of Fact or Law

1. Plaintiff reserves all rights to add additional issues of fact or law depending on the outcome of the parties' ongoing meet-and-confer efforts.

## VII. Defendants' Statement of Other Issues of Fact or Law

1. Defendants reserve all rights to add additional issues of fact or law depending on the outcome of the parties' ongoing meet-and-confer efforts.

## VIII. Exhibits and Depositions to be Presented at Trial

1. The following exhibits are stipulated into evidence in the case and may be so marked by the clerk:

| Exhibit # | Begin Bates | End Bates | Date | Description |
|---|---|---|---|---|
| **1** | MGM00083 | MGM00083 | 1993 - 2021 | D. Manley Player Statistics for December 29, 1993 - April 16, 2021 |
| **5** | MGM00017 | MGM00019 | 1994-2022 | D. Manley Credit and Deposit History with MGM Grand Hotel and Casino for February 9, 1994 - April 8, 2022 |
| **7** | MGM00028 | MGM00028 | 2006-2021 | Manley MGMRI Properties Credit for December 3, 2006 - December 13, 2021 |
| **8** | MGM00027 | MGM00027 | 2011-2021 | D. Manley MGMRI Properties Gaming Statistics for January 22, 2011 - April 16, 2021 |
| **14** | P000061 | P000063 | 12/7/20 | MGM Grand's Marker Limit Application for D. Manley |
| **15** | MGM00024 | MGM00025 | 2020-2022 | D. Manley Credit Comments for MGM Grand Hotel and Casino for December 7, 2020 - April 6, 2022 |
| **21** | MGM00143 | MGM00146 | 4/15/21 | MGM Resorts International Marker Limit Change in Customer Information/Reactivation for D. Manley and Central Credit, LLC Full Gaming Report |
| **22** | P000001 | P000031 | April 2021 - November 2021 | Text messages between D. Manley and Vanessa Mgm 2 |
| **23** | P000032 | P000057 | November 2021 - February 2022 | Text messages between D. Manley and Vanessa Mgm 2 |
| **24** | MGM00163 | MGM00163 | 12/6/21 | Email chain between V. Reboton and L. Bilbao cc'd to J. Manacher re 12/10-12/12 Dwight Manley #1485301 - MGM |
| **27** | MGM00174 | MGM00175 | 12/9/21 | Email chain between V. Reboton and E. Ceralde cc'd to Flight |

| Exhibit # | Begin Bates | End Bates | Date | Description |
|---|---|---|---|---|
| | | | | Department re RE: Dwight Manley Flt. Cfm. for tomorrow |
| **28** | MGM00172 | MGM00172 | 12/9/21 | Email chain between V. Medina, V. Reboton, and MGM - Mansion Concierges re RE: 12/10 Dwight Manley #1485301 - Mansion dining |
| **29** | MGM00104 | MGM00120 | December 2021 - February 2022 | Text Messages chain between V. Reboton and D. Manley from December 9, 2021 - February 3, 2022 |
| **32** | MGM00262 | MGM00262 | 12/10/21 | MGM Grand Rim Activity Card for D. Manley |
| **33** | P000058 | P000058 | 12/10/21 | MGM Grand Marker Limit Increase Request for Nevada Properties for D. Manley for $2M |
| **34** | P000059 | P000059 | 12/10/21 | MGM Grand Marker Limit Increase Request for Nevada Properties for D. Manley from $2M to $3M |
| **35** | P000060 | P000060 | 12/10/21 | MGM Grand Marker Limit Increase Request for Nevada Properties for D. Manley from $3M to $3.5M |
| **36** | P000064 | P000068 | 12/10/21 | Photographs From Omar of Blackjack Table, Plane, and Don Julio 1942 |
| **39** | MGM00173 | MGM00173 | 12/10/21 | Email chain between Y. Rogers, C. Nox, MGMRI - Transportation Dispatchers, et al. cc'd Flight Department and V. Reboton re Re: D. Manley N785MM Arrival |
| **40** | MGM00142 | MGM00142 | 12/10/21 | D. Manley Check Number: 782928535 paid to the order of MGM Grand Hotel and Casino |
| **44** | MGM00010 | MGM00011 | 12/12/21 | Instagram posts from natnasongkhla |
| **63** | P000077 | P000077 | 2/3/22 | Email from V. Reboton to D. Manley re MGM Marker |
| **69** | MGM00003 | MGM00003 | 3/24/22 | Checks from D. Manley to MGM Grand Hotel and Casino check |

| Exhibit # | Begin Bates | End Bates | Date | Description |
|---|---|---|---|---|
| | | | | number 782928189 and 782928177 |
| **72** | P000192 | P000192 | 4/11/22 | Nevada Gaming Control Board Voluntary Statement from D. Manley |
| **75** | MGM00181 | MGM00181 | 4/29/22 | Email from D. Manley to V. Reboton and J. Manacher re [EXTERNAL] credit forms/markers |
| **76** | P000230 | P000231 | 7/18/22 | Email chain between D. Manley and T. Ochal re RE: visit |
| **77** | P000218 | P000218 | 7/19/22 | Email from D. Manley to j15096a@lvmpd.com re MGM drugging 12/12/21 |
| **78** | P000200 | P000200 | 8/12/22 | Email from D. Manley to G. Flores re case 220300070116 |
| **79** | P000202 | P000203 | 8/12/22 | Email chain between D. Manley and J. Adkins cc'd to G. Flores and N. Roberts re Re: |
| **80** | P000298 | P000298 | 8/12/22 | Email from D. Manley to afanticola@tfgflp.com re Fwd: |
| **81** | P000303 | P000304 | 8/15/22 | Email chain between D. Manley and J. Adkins cc'd to G. Flores and N. Roberts re Re: |
| **82** | P000206 | P000207 | 8/15/22 | Email chain between D. Manley and J. Adkins re LLV220300070116 |
| **83** | P000232 | P000234 | 8/15/22 | Email chain between D. Manley and T. Ochal re RE: update |
| **84** | P000306 | P000308 | 8/29/22 | Email chain between D. Manley and G. Flores re Re: case 22030007116 |
| **86** | P000309 | P000310 | 9/1/22 | Email chain between D. Manley and G. Flores re Re: LLV2203000070116 |
| **91** | P000242 | P000245 | 10/2/22 | Email chain between D. Manley and T. Ochal re RE: update |
| **92** | P000347 | P000347 | 10/19/22 | Email from J. Adkins to D. Manley cc'd to G. Flores re Follow up |
| **95** | P000333 | P000334 | 10/20/22 | Email chain between D. Manley and J. Adkins re Re: Follow up |
| **98** | P000311 | P000313 | 10/20/22 | Email chain between D. Manley and J. Adkins cc'd to G. Flores re Re: Follow up |

| Exhibit # | Begin Bates | End Bates | Date | Description |
|---|---|---|---|---|
| 101 | P000340 | P000342 | 11/15/22 | Email chain between J. Adkins and D. Manley cc'd to G. Flores re Re: Follow up |
| 102 | P000314 | P000316 | 11/15/22 | Email chain between D. Manley and J. Adkins cc'd to G. Flores re Re: Follow up |
| 105 | P000246 | P000246 | 3/5/23 | Statement TruNorth Consultants to T. Fletcher |
| 106 | P000247 | P000247 | 4/4/23 | Statement TruNorth Consultants to T. Fletcher |
| 109 | | | 10/23/23 | Fully Executed de Becker Investigations, Inc. Investigative Service Agreement |
| 117 | MGM00242 | MGM00245 | 4/19/24 | $500,000 Reward Offered to Find Who Spiked Vegas High Roller's Drink at MGM Grand |
| 122 | | | 4/9/25 | Defendants Rule 26(a)(1) Sixteenth Supplemental Disclosures |
| 129 | MGM00085 | MGM00085 | | D. Manley Patron Profile for MGM Grand Hotel and Casino |
| 131 | MGM00263 | MGM00263 | | Reward Doubled To $1,000,000 To Find Who Spiked Vegas High Roller's Drink At MGM Grand |
| 147 | | | 9/11/23 | MGM Grand Hotel's Second Supplemental Responses to Interrogatories [Set 1] |
| 148 | | | 9/11/23 | MGM Resort International's Second Supplemental Responses to Interrogatories [Set 1] |
| 149 | | | 9/11/23 | MGM Grand Hotel's Responses to Interrogatories [Set 2] |
| 150 | | | 9/11/23 | MGM Resort International's Responses to Interrogatories [Set 2] |
| 151 | | | 3/8/24 | MGM Grand Hotel's Responses to Interrogatories [Set 3] |
| 152 | | | 9/30/24 | MGM Grand Hotel's Supplemental Responses to Interrogatories [Set 4] |
| 153 | | | 5/16/24 | Defendants' Responses to Interrogatories [Set 5] |
| 154 | | | 5/26/23 | MGM Grand Hotel's Responses to Requests for Admission [Set 1] |

| Exhibit # | Begin Bates | End Bates | Date | Description |
|---|---|---|---|---|
| **155** | | | 5/26/23 | MGM Resort International's Responses to Requests for Admission [Set 1] |
| **156** | | | 3/8/24 | Defendant MGM Grand Hotel, LLC's Responses to Plaintiff's Second Set of Requests for Admissions |
| **157** | | | 11/18/24 | MGM Grand Hotel's Responses to Requests for Admission [Set 2] |
| **158** | | | 11/18/24 | MGM Resort International's Responses to Requests for Admission [Set 2] |

The parties are continuing to meet and confer regarding exhibits such that the parties may amend the above list before trial.

2. As to the following exhibits, the party against whom the same will be offered objects to their admission. The parties will continue to meet and confer regarding their objections and proposed exhibits.

| Exhibit # | Begin Bates | End Bates | Date | Description |
|---|---|---|---|---|
| **2** | MGM00084 | MGM00084 | 1994-2021 | D. Manley Player Ratings for January 2, 1994 - December 12, 2021 |
| **3** | MGM00016 | MGM00016 | 1994-2022 | D. Manley's credit history for February 9, 1994 - April 8, 2022. |
| **4** | MGM00086 | MGM00086 | 1994-2021 | D. Manley Marker History for February 9, 1994 - December 13, 2021 |
| **6** | MGM00026 | MGM00026 | 2005-2018 | D. Manley MGMRI Properties Collection Comments for August 23, 2005 - August 26, 2018 |
| **9** | MGM00153 | MGM00159 | 2012-2023 | Collection and Credit Comments from March 17, 2012 - May 25, 2023 |
| **10** | MGM00274 | MGM00339 | 2016-2021 | Compilation of MGM Incident Reports regarding allegations of being drugged |
| **11** | MGM00121 | MGM00124 | 3/1/19 | MGM Resorts International Responsible Gaming Best Practices |

| Exhibit # | Begin Bates | End Bates | Date | Description |
|---|---|---|---|---|
| **12** | MGM01047 | MGM01047 | 12/6/19 | TTO (Trip to Trip/This trip only) Policy |
| **13** | MGM00125 | MGM00126 | 5/11/20 | MGM Resorts International Trip to trip/This trip only and credit line increase request information |
| **16** | MGM00127 | MGM00141 | 2020-2021 | D. Manley Room Comp Folios, dated December 7, 2020 through December 12, 2021 |
| **17** | MGM00147 | MGM00152 | 12/7/20 | Compilation of MGM Resorts International Marker Limit Change In Customer Information/Reactivation; Email chain between L. Bilbao, K. Turra, and Corporate Marker Operations cc'd J. Andrews and V. Reboton re FW: Dwight Manley 1485301; and Central Credit, LLC Full Gaming Report for D. Manley |
| **18** | MGM00322 | MGM00326 | 4/14/21 | Aria Incident File Full Report Incident File #IN20210013823 |
| **19** | MGM00327 | MGM00332 | 4/14/21 | Aria Photographs of drinks, Donovan, and bartender Knapp |
| **20** | P000400 | P000404 | 4/14/21 | Aria Security Department Guest/Employee Statements of S. Donovan, P. Klinedinst, Adriana, E. Slevin and K. Knapp |
| **25** | MGM00187 | MGM00218 | 12/6/21-12/12/21 | MGM Mansion Bar Porter, Bartender, Bar Apprentice and Cocktail Waitress Schedule for December 6, 2021 - December 12, 2021 |
| **26** | MGM00226 | MGM00226 | 12/8/21 | Amendment to 2021 Casino Marketing Incentive Program |
| **30A** | MGM00012 | MGM00012 | 12/10/21 | All videos within Camera 2801 - PTZ Overview surveillance video |
| **30B** | MGM00012 | MGM00012 | 12/10/21 | All videos within Camera 2802 - BP805 surveillance video |
| **30C** | MGM00012 | MGM00012 | 12/10/21 | All videos within Camera 2803 - BP803 surveillance video |
| **30D** | MGM00012 | MGM00012 | 12/10/21 | All videos within Camera 2804 - PTZ Overview surveillance video |

| Exhibit # | Begin Bates | End Bates | Date | Description |
|---|---|---|---|---|
| 30E | MGM00012 | MGM00012 | 12/10/21 | All videos within Camera 2805 - PTZ Overview surveillance video |
| 30F | MGM00012 | MGM00012 | 12/10/21 | All videos within Camera 2806 - PTZ Overview surveillance video |
| 30G | MGM00012 | MGM00012 | 12/10/21 | All videos within Camera 2809 - Servers station surveillance video |
| 30H | MGM00012 | MGM00012 | 12/10/21 | All videos within Camera 2851 - Fixed Overview surveillance video |
| 30I | MGM00012 | MGM00012 | 12/10/21 | All videos within Camera 2852 - SR801 surveillance video |
| 30J | MGM00012 | MGM00012 | 12/10/21 | All videos within Camera 2853 - DP801 surveillance video |
| 30K | MGM00012 | MGM00012 | 12/10/21 | All videos within Camera 2854 - BP802 surveillance video |
| 30L | MGM00012 | MGM00012 | 12/10/21 | All videos within Camera 2860 - MB803 surveillance video |
| 30M | MGM00012 | MGM00012 | 12/10/21 | All videos within Camera 2867 - Bar Overview surveillance video |
| 30N | MGM00012 | MGM00012 | 12/10/21 | All videos within Camera 2868 - Bar Overview surveillance video |
| 30O | MGM00012 | MGM00012 | 12/10/21 | All videos within Camera 2870 - BP804 surveillance video |
| 30P | MGM00012 | MGM00012 | 12/10/21 | All videos within Camera 2982 - Walkway surveillance video |
| 30Q | MGM00012 | MGM00012 | 12/10/21 | All videos within Camera 3130 - Walkway 360 surveillance video |
| 30R | MGM00012 | MGM00012 | 12/10/21 | All videos within Camera 3136 - Walkway surveillance video |
| 30S | MGM00012 | MGM00012 | 12/10/21 | All videos within Manley Drinks surveillance videos |
| 30T | MGM00012 | MGM00012 | 12/10/21 | 18 pictures from surveillance videos |
| 30U | MGM00012 | MGM00012 | 12/10/21 | Diagrams of Pit 8 and Pit 9 |
| 30V | MGM00012 | MGM00012 | 12/10/21 | All videos within Security videos 1-10 |
| 30W | MGM00012 | MGM00012 | 12/10/21 | All videos within Tracking surveillance videos |
| 31 | MGM00160 | MGM00166 | 12/10/21 | Compilation of emails between L. Bilbao, J. Manacher, V. Reboton et al. re D. Manley corporate line |
| 37 | P000069 | P000070 | 12/10/21 | Photo of Black Jack table |
| 38 | MGM00182 | MGM00186 | 12/10/21 | Pit Sheet Report Dealers |

| Exhibit # | Begin Bates | End Bates | Date | Description |
|---|---|---|---|---|
| **41** | MGM00007 | MGM00009 | 12/11/21 | MGM LV Incident File Full Report Incident File #IN20210079465 |
| **42** | MGM00176 | MGM00179 | 12/11/21 | Email chain between V. Reboton and M. Miravite cc'd MGM - VIP Lounge Concierges re RE: MR. DWIGHT MANLEY \| PC# 1485301 |
| **43** | MGM00167 | MGM00170 | 12/11/21 | Compilation of emails between F. Aichel, V. Reboton, K. Greigo et all regarding limos for D. Manley |
| **45** | MGM00100 | MGM00103 | 12/12/21 | D. Manley room folios for December 10, 2021 - December 12, 2021 |
| **46** | LVMPD_000074 | LVMPD_000079 | 12/13/21 | Newport Beach Medical Associates Chart Update following blackout episode with Lab results attached |
| **47** | P000071 | P000073 | 12/13/21 | Email from R. Schonfeld to A. Eddy re Dwight Manley - Preservation Demand [attachment: Letter from R. Schonfeld to A. Eddy re Preservation Demand] |
| **48** | P000086 | P000088 | 12/13/21 | Newport Beach Medical Associates, Inc. Chart update |
| **49** | P000074 | P000074 | 12/13/21 | Email chain between A. Eddy and R. Schonfeld re RE: Dwight Manley - Preservation Demand |
| **50** | MGM01050 | MGM01054 | 12/13/21 | Legal Hold Notification |
| **51** | MGM01055 | MGM01055 | 12/13/21 | Legal Hold Frequently Asked Questions attachment |
| **52** | MGM01056 | MGM01060 | 12/13/21 | Revised Legal Hold Notification |
| **53** | P000075 | P000076 | 12/13/21 | Email chain between R. Schonfeld and A. Eddy re Re: Dwight Manley - Preservation Demand |
| **54** | P000084 | P000085 | 12/16/21 | Labcorp Patient Report for D. Manley |
| **55** | MGM00267 | MGM00273 | 12/21/21 | T-Mobile Phone Log for V. Reboton (702) 372-0110 and (702) 372-0644, December 10, 2021 - December 12, 2021 |
| **56** | P000094 | P000097 | 12/21/21 | Labcorp Patient Report for D. Manley |

| Exhibit # | Begin Bates | End Bates | Date | Description |
|---|---|---|---|---|
| **57** | P000089 | P000091 | 12/21/21 | Newport Beach Medical Associates, Inc. Lab Result Report for D. Manley |
| **58** | P000098 | P000099 | 12/22/21 | Email chain between Dr. Yu and D. Manley cc'd to MA for Dr. Yu re Re: Lab results |
| **59** | MGM00020 | MGM00022 | 2021 | D. Manley 2021 Credit Details for MGM Grand Hotel and Casino |
| **60** | MGM00023 | MGM00023 | 2021 | D. Manley 2021 Credit Balance Activity for MGM Grand Hotel and Casino |
| **61** | MGM00219 | MGM00225 | 2021 | MGM Resorts International 2021 Casino Marketing Incentive Program International & National Casino & Slot Marketing |
| **62** | P000092 | P000093 | 1/31/22 | The Carlson Company Hair Drug Test for D. Manley sent via fax to D. Chesnoff |
| **64** | P000177 | P000179 | 2/25/22 | George Olivo and Associates Polygraph Examination Report on N. Nasongkhla |
| **64A** | | | | Video of N. Nasongkhla Polygraph Exam |
| **65** | P000180 | P000182 | 2/25/22 | George Olivo and Associates Polygraph Examination Report on O. Brioso |
| **65A** | | | | Video of O. Brioso Polygraph Exam |
| **66** | P000183 | P000185 | 2/25/22 | George Olivo and Associates Polygraph Examination Report on C. Snyder |
| **66A** | | | | Video of C. Snyder Polygraph Exam |
| **67** | P000186 | P000188 | 2/25/22 | George Olivo and Associates Polygraph Examination Report on J. Hermann |
| **67A** | | | | Video of J. Hermann Polygraph Exam |

| Exhibit # | Begin Bates | End Bates | Date | Description |
|---|---|---|---|---|
| **68** | P000193 | P000193 | 3/17/22 | Las Vegas Metropolitan Police Department Police Report Case Report No.: LLV220300070116 |
| **70** | P000189 | P000191 | 3/30/22 | Email from R. Schonfeld to R. Nickel cc'd to D. Chesnoff re Gaming Complaint [attachment: Letter to Nevada Gaming Control Board from D. Chesnoff re Re: Dwight Manley vs. MGM Resorts International, dated March 30, 2022] |
| **71** | P000174 | P000176 | 4/3/22 | George Olivo and Associates Polygraph Examination Report on D. Manley |
| **71A** | | | | Video of D. Manley Polygraph Exam |
| **73** | P000198 | P000199 | 4/11/22 | Nevada Gaming Control Board Voluntary Statement of D. Manley with Police report attached |
| **74** | | | 4/27/22 | George Olivo and Associates Second Polygraph Examination Report on D. Manley |
| **74A** | | | | Video of D. Manley Polygraph Exam |
| **85** | P000130 | P000130 | 8/31/22 | Letter from N. Santoro to A. Eddy Kott re Dwight Manley/Incident on December 10, 2021 |
| **87** | P000251 | P000258 | 9/19/22 | Notes about D. Manley's trip to Vegas from December 9 2021 - December 13, 2021 |
| **88** | P000114 | P000116 | 9/19/22 | Email chain between Dr. Yu and D. Manley cc'd to N. Santoro re Re: Lab results |
| **89** | P000106 | P000113 | 9/19/22 | Email chain between Dr. Yu and D. Manley re Re: Lab results [attachment: Labcorp Patient Report for D. Manley, dated December 21, 2021] |
| **90** | P000117 | P000120 | 9/19/22 | Email chain between Dr. Yu and D. Manley re Re: Lab results |

| Exhibit # | Begin Bates | End Bates | Date | Description |
|---|---|---|---|---|
| 93 | P000285 | P000287 | 10/20/22 | Email from D. Manley to J. Adkins re Ketamine positive hair test [attachment: The Carlson Company hair drug test for D. Manley dated January 31, 2022] |
| 94 | P000288 | P000294 | 10/20/22 | Email forward from D. Manley to lvmpd re Fw: Doctor Report 12/13/2021 [attachments: Newport Beach Medical Associates Chart update dated December 13, 2021] |
| 96 | P000219 | P000221 | 10/20/22 | Email from D. Manley to j15096a@lvmpd.com re Ketamine positive hair test [Attachment: The Carlson Company hair drug test for D. Manley dated January 3, 2022] |
| 97 | P000222 | P000228 | 10/20/22 | Email from D. Manley to j15096a@lvmpd.com re Doctor report 12/13/21 [Attachment: Newport Beach Medical Associates Chart Update for D. Manley dated December 13, 2021 |
| 99 | P000121 | P000121 | 10/21/22 | Spectrum Compliance Drug Test Result Details |
| 100 | MGM01048 | MGM01049 | 11/1/22 | TTO (Trip to Trip/This Trip Only) Policy |
| 103 | MGM01061 | MGM01065 | 12/1/22 | Reissued Legal Hold Notification |
| 104 | MGM00459 | MGM00630 | March - August 2023 | J. Koch Call and SMS Logs from March 1, 2023 through August 31, 2023 from T-Mobile |
| 107 | | | October 2023 | Compilation of emails to H. de Becker regarding alleged drugging incidents at MGM properties |
| 108 | MGM00231 | MGM00235 | 10/12/23 | Las Vegas Review-Journal article by Richard N. Velotta entitled "High roller offers $500K reward, says he was drugged while gambling" |
| 110 | MGM00411 | MGM00458 | 2023 | Las Vegas Metropolitan Police Department Electronic Communication Guidelines |
| 113 | | | 2/6/24 | Letter from the Carlson Company Inc. regarding D. Manley's Hair Analysis Results |

| Exhibit # | Begin Bates | End Bates | Date | Description |
|---|---|---|---|---|
| **118** | MGM00264 | MGM00266 | 5/8/24 | Las Vegas Review-Journal article by McKenna Ross entitled "High roller offers $1M reward for info on alleged drugging at Vegas casino" |
| **119** | LVMPD_000001 | LVMPD_000079 | 6/13/24 | Declaration of M. Paredes Clark County Custodian of Records in Response to Subpoena Duces Tecum with LVMPD Records attached |
| **120** | LVMPD_000080 | LVMPD_000115 | 8/21/24 | Declaration of M. Paredes, Clark County Custodian of Records in Response to Subpoena Duces Tecum with LVMPD Records attached |
| **121** | P000355 | P000399 | 10/3/24 | Email from LERRecords@T-Mobile.com to C. McCrea re Tasks for T-Mobile US, Inc. Tracking ID: 5259837 [attachments: T-Mobile Interpreting Records; Certificate of Records for T-Mobile Tracking ID: 5259837, dated October 2, 2024; Usage details for 310-867-3000 for December 10, 2021 - December 13, 2021; Notice regarding TimeStamp on TMUS Call Detail Records]; Email from LERRecords@T-Mobile.com to C. McCrea re Tasks for T-Mobile US, Inc. Tracking ID: 5229620, dated October 9, 2024 [attachments: Certification of Records for T-Mobile Tracking ID: 5229620, dated October 9, 2024; T-Mobile's Objection to Subpoena dated October 9, 2024; State for 702-372-0110 for December 10, 2021 - December 13, 2021; Notice Regarding Timestamp on TMUS Call Detail Records] |
| **123** | | | 4/9/25 | Defendants' third supplemental privilege log |
| **124** | MGM00631 | MGM01046 | 1/3/25 | Players' Trips With Multiple TTO Issued |
| **125** | P000416 | P000420 | 12/31/25 | MGM Resorts International And Subsidiaries Consolidated Statement Of Operations |

| Exhibit # | Begin Bates | End Bates | Date | Description |
|---|---|---|---|---|
| **126** | P000421 | P000422 | 12/31/25 | MGM Resorts International And Subsidiaries Supplemental Data - Net Revenues |
| **127** | P000423 | P000424 | 12/31/25 | MGM Resorts International And Subsidiaries Reconciliation Of Net Income Attributable To MGM Resorts International To Consolidated Adjusted Ebitda |
| **128** | P000405 | P000415 | 2025 | MGM Resorts International Reports Fourth Quarter And Full Year 2025 Results |
| **130** | MGM00087 | MGM00099 | | MGM Grand Security Department Handbook |
| **132** | P000104 | P000104 | | Video of D. Manley playing Blackjack |
| **133** | P000105 | P000105 | | Photo of bruise on D. Manley's thigh [Redacted] |
| **134** | | | | Photos of bruise on D. Manley's thigh [Redacted] |
| **135** | P000122 | PP000129 | | Text messages between Vanessa Mgm 2 and D. Manley |
| **136** | P000170 | P000172 | | Six (6) Polygraph Examination vis-a-vis Dwight Manley and his friends |
| **137** | P000173 | P000173 | | Background Experience on the two Retired FBI Agent - Polygraph Examiners who conducted the above six (6) Polygraph Examinations |
| **138** | P000248 | P000250 | | Timeline of events based on security camera footage |
| **139** | P000259 | P000259 | | CBI Criteria for Substance Use Disorders |
| **140** | P000260 | P000262 | | NCADD Michigan Alcohol Screening Test |
| **141** | P000264 | P000266 | | Journal of Analytical Toxicology, Vol. 29 article entitled "Evaluation of Ketamine Abuse Using Hair Analysis: Concentration Trends in a Singapore Population" |

| Exhibit # | Begin Bates | End Bates | Date | Description |
|---|---|---|---|---|
| **142** | P000267 | P000269 | | Forensic Science International Journal article entitled "Determination of ketamine and norketamine in hair by micropulverized extraction and liquid chromatography-high resolution mass spectrometry" |
| **143** | P000270 | P000272 | | DOJ/DEA's Ketamine Drug Fact Sheet |
| **144** | P000273 | P000274 | | Ketamine information textbook pages |
| **145** | | | | National Hospitality Institute Techniques of Alcohol Management Server/Seller Participation Manual |
| **146** | | | | The Carlson Company Website Hair and Nail Test Sample Collection |
| **159** | | | 9/12/23 | MGM Grand Hotel's Third Supplemental Responses to Request for Production [Set 1] |
| **160** | | | 9/12/23 | MGM Resort International's Third Supplemental Responses to Request for Production [Set 1] |
| **161** | | | 9/11/23 | MGM Grand Hotel's Responses to Requests for Production [Set 2] |
| **162** | | | 9/11/23 | MGM Resort International's Responses to Requests for Production [Set 2] |
| **163** | | | 3/8/24 | MGM Grand Hotel's Responses to Requests for Production [Set 3] |
| **164** | | | 9/30/24 | MGM Grand Hotel's Supplemental Responses to Requests for Production [Set 4] |
| **165** | | | 3/8/24 | MGM Grand Hotel's Responses to Requests for Production [Set 5] |
| **166** | | | 4/25/24 | Defendants' Responses to Requests for Production [Set 6] |
| **167** | | | 5/13/24 | Defendants' Responses to Requests for Production [Set 7] |
| **168** | | | 4/9/25 | Defendants' Rule 26(a)(1) Sixteenth Supplemental Disclosures |

| Exhibit # | Begin Bates | End Bates | Date | Description |
|---|---|---|---|---|
| **501** | | | 1/18/24 | 2024-01-18 Plaintiff Responses to MGM Grand RFA (Set One |
| **502** | | | 1/22/24 | 2024-01-22 Plaintiff Responses to MGM Grand ROG (Set One) |
| **503** | | | 1/25/24 | 2024-01-25 Plaintiff RFAs to MGM Grand & MGMRI (Set Two) |
| **504** | | | 5/22/24 | 2024-05-22 Plaintiff Responses to MGM Grand ROG (Set Two) |
| **509** | | | | Photo of MGM Jet - Internal Hallway |
| **510** | | | | Photo of MGM Jet - Internal TV |
| **511** | | | | Photo of MGM Jet - Internal Chairs |
| **512** | | | | Photo of MGM Jet - Internal Couch |
| **513** | | | | Photo of MGM Jet - Internal Chairs & Table |
| **514** | | | | Photo of MGM Jet - External On Ground |
| **515** | | | | Photo of MGM Jet - External In Air |
| **516** | | | | Photo of MGM Mansion - Room |
| **517** | | | | Photo of MGM Mansion - Parlor |
| **518** | | | | Photo of MGM Mansion - Atrium |
| **519** | | | | Photo of MGM Mansion - Entrance |
| **520** | DP0001 | DP0092 | 6/1/24 | Emails from D. Pearlman, D. Manley, P. Hejmanowski, and H. de Becker re: reward website |
| **521** | DP0093 | DP0106 | 5/7/24 | Emails by D. Pearlman and news sources re: D. Manley reward offer |
| **522** | MGM00001 | MGM00002 | 12/7/20 | Marker Limit Application for D. Manley |
| **523** | MGM00013 | MGM00014 | 12/7/20 | Text message re: D. Manley hole-in-wall incident |
| **524** | MGM00015 | MGM00015 | 12/7/20 | Photo of MGM pillar with hole |
| **525** | MGM00029 | MGM00082 | 1/5/22 | List of Casino Comps for D. Manley |
| **526** | MGM00171 | MGM00180 | 12/11/21 | Emails re: D. Manley's December 2021 reservations |
| **527** | MGM00246 | MGM00248 | 6/13/10 | Incident File Summary Report for 2010-06-13 |

| Exhibit # | Begin Bates | End Bates | Date | Description |
|---|---|---|---|---|
| **528** | MGM00249 | MGM00261 | 7/7/14 | Incident File Summary Report for 2014-07-07 |
| **529** | MGM00340 | MGM00340 | 9/30/24 | J. Koch Declaration |
| **530** | P000089 | P000090 | 12/13/21 | 2021-12-13 Test Result |
| **531** | P000100 | P000102 | 12/21/21 | 2021-12-21 Test Result |
| **532** | P000103 | P000103 | 11/4/21 | Text message between D. Manley and V. Reboton |
| **533** | P000131 | P000169 | 10/4/23 | Email chains and documents between D. Pearlman, H. de Becker, and R. Howell re: D. Manley case |
| **534** | P000208 | P000217 | 8/26/22 | Email correspondence between D. Manley and J. Adkins re: investigation |
| **535** | P000275 | P000284 | 6/6/23 | Text messages between D. Manley and T. Fletcher |
| **536** | P000317 | P000332 | 8/12/22 | Emails between D. Manley, J. Adkins, and G. Fores re: investigation |
| **537** | P000352 | P000354 | 6/1/23 | Text messages between T. Fletcher and D. Manley |

The parties have agreed to exchange proposed demonstratives on a mutually agreeable date to be determined ahead of trial. The parties are continuing to meet and confer regarding exhibits such that the parties may amend the above list before trial.

3. Plaintiff intends to present the following evidence in electronic format and will make arrangements with the Court with respect to technology in the courtroom and jury room:
    a. Exhibits 30A-30S, 30V-30W, 64A, 65A, 66A, 67A, 71A, 74A, and 132 to be presented in electronic video format.
4. Defendants reserve the right to present any of the video exhibits marked by Plaintiff to the jury and similarly will make arrangements with the Court with respect to technology in the courtroom and jury room.
5. Plaintiff intends to offer the following depositions at trial. Plaintiff expects to call other

witnesses live at trial but reserves the right to designate their testimony to the extent necessary if such other witnesses are unavailable for live testimony in Plaintiff's case-in-chief. The parties have agreed to continue to meet and confer regarding whether an agreement can be reached to call witnesses only once to increase efficiencies. To the extent the parties are unable to reach such an agreement, Plaintiff will add any necessary deposition designations with time for Defendants' objections and counter-designations, if any, to be brought to the Court in advance of trial.

| Deposition | Defendants' Objection (if any) |
|---|---|
| Shirley Donovan | *See below* |
| Penny Klinedinst | *See below* |

Plaintiff understands Defendants intend to bring a motion in limine with regard to both of the above witnesses. Plaintiff will respond to Defendants' motion in limine and related objections according to the briefing schedule for motions in limine.

Defendants object to the offering of the depositions of Shirley Donovan and Penny Klinedinst in whole or in part at the time of trial. Defendants object to each designation to the extent that such designation is irrelevant and/or inadmissible under the Federal Rules of Evidence. Defendants further object to a number of Plaintiff's designations to the extent that they lack foundation under the Federal Rules of Evidence. Defendants further object to each designation to the extent that such designations are incomplete and do not include all testimony in the record regarding the facts and issues at hand.

Defendants object to Plaintiff's introduction of deposition testimony as evidence at trial to the extent Defendants objected to the questioning or testimony during the depositions. Defendants further object to the extent that the testimony is leading, irrelevant, lacks foundation, constitutes inadmissible hearsay that is not subject to any of the exceptions to the hearsay rule, and under any other applicable grounds depending upon the purpose the deposition testimony is being offered into evidence.

Defendants further object on the grounds that the deposition testimony designated by

Plaintiff (1) concerns an MGM Resorts property not at issue in this matter, (2) does not pertain to and/or involve employees of MGM Grand, (3) involve unsubstantiated and speculative claims that will materially confuse a jury at the time of trial, and (4) is impermissibly prejudicial and inconsistent with the Federal Rules of Evidence.

Defendants' specific objections to the deposition designations identified by Plaintiff are as follows, along with Plaintiff's response to Defendants' objections:

| Penny Klinedinst | Defendants' Objections | Plaintiff's Response to Defendants' Objections |
|---|---|---|
| 4:6-4:8 | Defendants reiterate their general objections to the use of Ms. Klinedinst's deposition testimony for the reasons set forth above. Defendants further object on the grounds that they are moving to exclude Ms. Klinedinst's testimony in its entirety by way of a forthcoming motion in limine. | Introduction of witness for purposes of being sworn in; Plaintiff will respond to Defendants' motion in limine and related objections according to the briefing schedule for motions in limine |
| 4:17 - 4:19 | Defendants reiterate their general objections to the use of Ms. Klinedinst's deposition testimony for the reasons set forth above. Defendants further object on the grounds that they are moving to exclude Ms. Klinedinst's testimony in its entirety by way of a forthcoming motion in limine. | Introduction of witness for purposes of being sworn in; Plaintiff will respond to Defendants' motion in limine and related objections according to the briefing schedule for motions in limine |
| 4:22 - 6:15 | Defendants reiterate their general objections to the use of Ms. Klinedinst's deposition testimony for the reasons set forth above. Defendants further object on the grounds that they are moving to exclude Ms. Klinedinst's testimony in its entirety by way of a forthcoming motion in limine. | Relevant background information from witness; Plaintiff will respond to Defendants' motion in limine and related objections according to the briefing schedule for motions in limine; no objection from Defendants, so waived if to form/foundation. Fed. R. Civ. P. 32(d)(3) |
| 6:21 - 7:12 | Defendants reiterate their general objections to the use of Ms. Klinedinst's deposition testimony | Relevant testimony from witness; Plaintiff will respond to Defendants' |

| Penny Klinedinst | Defendants' Objections | Plaintiff's Response to Defendants' Objections |
| --- | --- | --- |
| | for the reasons set forth above. Defendants further object on the grounds that the referenced testimony is irrelevant and substantially more prejudicial than probative. Defendants further object on the grounds that they are moving to exclude Ms. Klinedinst's testimony in its entirety by way of a forthcoming motion in limine. | motion in limine and related objections according to the briefing schedule for motions in limine; no objection from Defendants, so waived if to form/foundation. Fed. R. Civ. P. 32(d)(3) |
| 7:21 - 9:5 | Defendants reiterate their general objections to the use of Ms. Klinedinst's deposition testimony for the reasons set forth above. Defendants further object on the grounds that the referenced testimony is irrelevant and substantially more prejudicial than probative. Defendants further object on the grounds that they are moving to exclude Ms. Klinedinst's testimony in its entirety by way of a forthcoming motion in limine. | Relevant testimony from witness; Plaintiff will respond to Defendants' motion in limine and related objections according to the briefing schedule for motions in limine; no objection from Defendants, so waived if to form/foundation. Fed. R. Civ. P. 32(d)(3) |
| 9:6 - 15:16 | Defendants reiterate their general objections to the use of Ms. Klinedinst's deposition testimony for the reasons set forth above. Defendants further object on the grounds that the referenced testimony is irrelevant and substantially more prejudicial than probative. Defendants further object on the grounds that they are moving to exclude Ms. Klinedinst's testimony in its entirety by way of a forthcoming motion in limine. Defendants further object to this testimony on the grounds that it contains inadmissible hearsay and calls for speculation. | Relevant testimony from witness; Plaintiff will respond to Defendants' motion in limine and related objections according to the briefing schedule for motions in limine; no objection from Defendants, so any form objection (including speculation) is waived under Fed. R. Civ. P. 32(d)(3); Defendants have not identified the row and line numbers of purported hearsay such that Plaintiff cannot provide a specific response, for example, depending on Defendants' specific |

| Penny Klinedinst | Defendants' Objections | Plaintiff's Response to Defendants' Objections |
| --- | --- | --- |
| | | hearsay objection(s) Fed. R. Evid. 801 and/or 803 may be applicable |
| 15:19 - 17:12 | Defendants reiterate their general objections to the use of Ms. Klinedinst's deposition testimony for the reasons set forth above. Defendants further object on the grounds that the referenced testimony is irrelevant and substantially more prejudicial than probative. Defendants further object on the grounds that they are moving to exclude Ms. Klinedinst's testimony in its entirety by way of a forthcoming motion in limine. Defendants further object to this testimony on the grounds of a lack of foundation for the utilized exhibit (Ex. 1 to Dep. - MGM00322-MGM00326). | Relevant testimony from witness; Plaintiff will respond to Defendants' motion in limine and related objections according to the briefing schedule for motions in limine; no objection from Defendants, so waived if to form/foundation. Fed. R. Civ. P. 32(d)(3) |
| 17:16 - 18:5 | Defendants reiterate their general objections to the use of Ms. Klinedinst's deposition testimony for the reasons set forth above. Defendants further object on the grounds that the referenced testimony is irrelevant and substantially more prejudicial than probative. Defendants further object on the grounds that they are moving to exclude Ms. Klinedinst's testimony in its entirety by way of a forthcoming motion in limine. | Relevant testimony from witness; Plaintiff will respond to Defendants' motion in limine and related objections according to the briefing schedule for motions in limine; no objection from Defendants, so waived if to form/foundation. Fed. R. Civ. P. 32(d)(3) |
| 18:24 - 19:3 | Defendants reiterate their general objections to the use of Ms. Klinedinst's deposition testimony for the reasons set forth above. Defendants further object on the grounds that the referenced testimony is irrelevant and substantially more prejudicial than probative. Defendants further object on the grounds that | Relevant testimony from witness; Plaintiff will respond to Defendants' motion in limine and related objections according to the briefing schedule for motions in limine; no objection from Defendants, so waived if to form/foundation. Fed. |

| Penny Klinedinst | Defendants' Objections | Plaintiff's Response to Defendants' Objections |
|---|---|---|
| | they are moving to exclude Ms. Klinedinst's testimony in its entirety by way of a forthcoming motion in limine. | R. Civ. P. 32(d)(3) |
| 19:15 - 20:12 | Defendants reiterate their general objections to the use of Ms. Klinedinst's deposition testimony for the reasons set forth above. Defendants further object on the grounds that the referenced testimony is irrelevant and substantially more prejudicial than probative. Defendants further object on the grounds that they are moving to exclude Ms. Klinedinst's testimony in its entirety by way of a forthcoming motion in limine. | Relevant testimony from witness; Plaintiff will respond to Defendants' motion in limine and related objections according to the briefing schedule for motions in limine; no objection from Defendants, so waived if to form/foundation. Fed. R. Civ. P. 32(d)(3) |
| 20:17 - 23:10 | Defendants reiterate their general objections to the use of Ms. Klinedinst's deposition testimony for the reasons set forth above. Defendants further object on the grounds that the referenced testimony is irrelevant and substantially more prejudicial than probative. Defendants further object on the grounds that they are moving to exclude Ms. Klinedinst's testimony in its entirety by way of a forthcoming motion in limine. Defendants further object on the grounds that the referenced testimony contains inadmissible hearsay. | Relevant testimony from witness; Plaintiff will respond to Defendants' motion in limine and related objections according to the briefing schedule for motions in limine; no objection from Defendants, so any form objection is waived under Fed. R. Civ. P. 32(d)(3); Defendants have not identified the row and line numbers of purported hearsay such that Plaintiff cannot provide a specific response, for example, depending on Defendants' specific hearsay objection(s) Fed. R. Evid. 801 and/or 803 may be applicable |
| 23:11 - 25:20 | Defendants reiterate their general objections to the use of Ms. Klinedinst's deposition testimony for the reasons set forth above. Defendants further object on the grounds that the referenced | Relevant testimony from witness; Plaintiff will respond to Defendants' motion in limine and related objections according to the briefing |

| Penny Klinedinst | Defendants' Objections | Plaintiff's Response to Defendants' Objections |
|---|---|---|
| | testimony is irrelevant and substantially more prejudicial than probative. Defendants further object on the grounds that they are moving to exclude Ms. Klinedinst's testimony in its entirety by way of a forthcoming motion in limine. Defendants further object on the grounds that the referenced testimony contains inadmissible hearsay. Defendants further object on the grounds that the referenced testimony calls for speculation and provides a legal conclusion concerning causation. | schedule for motions in limine; Defendants have not identified the row and line numbers of purported hearsay such that Plaintiff cannot provide a specific response, for example, depending on Defendants' specific hearsay objection(s) Fed. R. Evid. 801 and/or 803 may be applicable; just one form objection is noted at 25:21, after the answer was provided; to the extent the objection to form was not waived under Fed. R. Civ. P. 32(d)(3), the only question objected to did not call for speculation, but only the witness's personal knowledge |
| 27:1 (From "Let's go to the page...") - 27:14 | Defendants reiterate their general objections to the use of Ms. Klinedinst's deposition testimony for the reasons set forth above. Defendants further object on the grounds that they are moving to exclude Ms. Klinedinst's testimony in its entirety by way of a forthcoming motion in limine. Defendants further object on the grounds that the referenced testimony is irrelevant and substantially more prejudicial than probative. Defendants further object on the grounds that the referenced testimony contains inadmissible hearsay. Defendants further object on the grounds that the referenced testimony calls for speculation. | Relevant testimony from witness; Plaintiff will respond to Defendants' motion in limine and related objections according to the briefing schedule for motions in limine; Defendants have not identified the row and line numbers of purported hearsay such that Plaintiff cannot provide a specific response, for example, depending on Defendants' specific hearsay objection(s) Fed. R. Evid. 801 and/or 803 may be applicable; no form objection was made, and therefore form/foundation objections are waived under Fed. R. Civ. P. |

| Penny Klinedinst | Defendants' Objections | Plaintiff's Response to Defendants' Objections |
|---|---|---|
| | | 32(d)(3), including speculation |
| 28:20 - 29:13 | Defendants reiterate their general objections to the use of Ms. Klinedinst's deposition testimony for the reasons set forth above. Defendants further object on the grounds that they are moving to exclude Ms. Klinedinst's testimony in its entirety by way of a forthcoming motion in limine. Defendants further object on the grounds that the referenced testimony is irrelevant and substantially more prejudicial than probative. Defendants further object on the grounds that the referenced testimony contains inadmissible hearsay. Defendants further object to this testimony on the grounds of a lack of foundation for the utilized exhibit (Ex. 3A to Dep. - P00400 through P00404 – Donovan Statement). | Witness testifying to her personal knowledge; relevant testimony from witness; Plaintiff will respond to Defendants' motion in limine and related objections according to the briefing schedule for motions in limine; Defendants have not identified the row and line numbers of purported hearsay such that Plaintiff cannot provide a specific response, for example, depending on Defendants' specific hearsay objection(s) Fed. R. Evid. 801 and/or 803 may be applicable; no form objection made by Defendants so form and foundation objections are waived under Fed. R. Civ. P. 32(d)(3) |
| 29:18 - 31:7 | Defendants reiterate their general objections to the use of Ms. Klinedinst's deposition testimony for the reasons set forth above. Defendants further object on the grounds that they are moving to exclude Ms. Klinedinst's testimony in its entirety by way of a forthcoming motion in limine. Defendants further object on the grounds that the referenced testimony is irrelevant and substantially more prejudicial than probative. Defendants further object on the grounds that the referenced testimony calls for speculation and contains a legal conclusion as to causation | Witness testifying to her personal knowledge; relevant testimony from witness; Plaintiff will respond to Defendants' motion in limine and related objections according to the briefing schedule for motions in limine; no form objection made by Defendants so form and foundation objections are waived under Fed. R. Civ. P. 32(d)(3) |

| Penny Klinedinst | Defendants' Objections | Plaintiff's Response to Defendants' Objections |
|---|---|---|
| 32:4 - 34:9 | Defendants reiterate their general objections to the use of Ms. Klinedinst's deposition testimony for the reasons set forth above. Defendants further object on the grounds that they are moving to exclude Ms. Klinedinst's testimony in its entirety by way of a forthcoming motion in limine. Defendants further object on the grounds that the referenced testimony is irrelevant and substantially more prejudicial than probative. Defendants further object on the grounds that the referenced testimony contains inadmissible hearsay. Defendants further object to this testimony on the grounds of a lack of foundation for the utilized exhibit (Ex. 3A to Dep. - P00400 through P00404 – Typewritten Employee Statement). | Witness testifying to her personal knowledge; relevant testimony from witness; Plaintiff will respond to Defendants' motion in limine and related objections according to the briefing schedule for motions in limine; Defendants have not identified the row and line numbers of purported hearsay such that Plaintiff cannot provide a specific response, for example, depending on Defendants' specific hearsay objection(s) Fed. R. Evid. 801 and/or 803 may be applicable; no form objection made by Defendants so form and foundation objections are waived under Fed. R. Civ. P. 32(d)(3) |
| 34:12 - 34:16 | Defendants reiterate their general objections to the use of Ms. Klinedinst's deposition testimony for the reasons set forth above. Defendants further object on the grounds that they are moving to exclude Ms. Klinedinst's testimony in its entirety by way of a forthcoming motion in limine. Defendants further object on the grounds that the referenced testimony is irrelevant and substantially more prejudicial than probative. | Relevant testimony from witness; Plaintiff will respond to Defendants' motion in limine and related objections according to the briefing schedule for motions in limine |
| 34:22 - 34:24 | Defendants reiterate their general objections to the use of Ms. Klinedinst's deposition testimony for the reasons set forth above. Defendants further object on the grounds that they are moving to exclude Ms. Klinedinst's | Relevant testimony from witness; Plaintiff will respond to Defendants' motion in limine and related objections according to the briefing schedule for motions in |

| Penny Klinedinst | Defendants' Objections | Plaintiff's Response to Defendants' Objections |
|---|---|---|
| | testimony in its entirety by way of a forthcoming motion in limine. Defendants further object on the grounds that the referenced testimony is irrelevant and substantially more prejudicial than probative. | limine |
| 35:3 - 36:4 | Defendants reiterate their general objections to the use of Ms. Klinedinst's deposition testimony for the reasons set forth above. Defendants further object on the grounds that they are moving to exclude Ms. Klinedinst's testimony in its entirety by way of a forthcoming motion in limine. Defendants further object on the grounds that the referenced testimony is irrelevant and substantially more prejudicial than probative. Defendants further object on the grounds that the referenced testimony calls for speculation. | Witness testifying to her personal knowledge; relevant testimony from witness; Plaintiff will respond to Defendants' motion in limine and related objections according to the briefing schedule for motions in limine; Defendants have not identified the row and line numbers of purported speculation; no form objection made by Defendants so form and foundation objections are waived under Fed. R. Civ. P. 32(d)(3) |
| 36:21 - 36:24 | Defendants reiterate their general objections to the use of Ms. Klinedinst's deposition testimony for the reasons set forth above. Defendants further object on the grounds that they are moving to exclude Ms. Klinedinst's testimony in its entirety by way of a forthcoming motion in limine. Defendants further object on the grounds that the referenced testimony is irrelevant and substantially more prejudicial than probative. | Introduction of new questioner in deposition to avoid confusion; Plaintiff will respond to Defendants' motion in limine and related objections according to the briefing schedule for motions in limine |
| 38:25 - 39:20 | Defendants reiterate their general objections to the use of Ms. Klinedinst's deposition testimony for the reasons set forth above. Defendants further object on the grounds that they are moving to exclude Ms. Klinedinst's | Relevant testimony from witness; Plaintiff will respond to Defendants' motion in limine and related objections according to the briefing schedule for motions in |

| Penny Klinedinst | Defendants' Objections | Plaintiff's Response to Defendants' Objections |
|---|---|---|
| | testimony in its entirety by way of a forthcoming motion in limine. Defendants further object on the grounds that the referenced testimony is irrelevant and substantially more prejudicial than probative. | limine |
| 40:9 - 40:23 | Defendants reiterate their general objections to the use of Ms. Klinedinst's deposition testimony for the reasons set forth above. Defendants further object on the grounds that they are moving to exclude Ms. Klinedinst's testimony in its entirety by way of a forthcoming motion in limine. | Relevant testimony from witness; Plaintiff will respond to Defendants' motion in limine and related objections according to the briefing schedule for motions in limine |
| 41:5 - 41:23 | Defendants reiterate their general objections to the use of Ms. Klinedinst's deposition testimony for the reasons set forth above. Defendants further object on the grounds that they are moving to exclude Ms. Klinedinst's testimony in its entirety by way of a forthcoming motion in limine. | Relevant testimony from witness; Plaintiff will respond to Defendants' motion in limine and related objections according to the briefing schedule for motions in limine |
| 41:24 - 42:3 | Defendants reiterate their general objections to the use of Ms. Klinedinst's deposition testimony for the reasons set forth above. Defendants further object on the grounds that they are moving to exclude Ms. Klinedinst's testimony in its entirety by way of a forthcoming motion in limine. | Relevant testimony from witness; Plaintiff will respond to Defendants' motion in limine and related objections according to the briefing schedule for motions in limine |
| 42:20 - 43:20 | Defendants reiterate their general objections to the use of Ms. Klinedinst's deposition testimony for the reasons set forth above. Defendants further object on the grounds that they are moving to exclude Ms. Klinedinst's testimony in its entirety by way of a forthcoming motion in | Witness testifying to her personal knowledge; relevant testimony from witness; Plaintiff will respond to Defendants' motion in limine and related objections according to the briefing schedule for motions in |

| Penny Klinedinst | Defendants' Objections | Plaintiff's Response to Defendants' Objections |
|---|---|---|
| | limine. Defendants further object on the grounds that the referenced testimony is irrelevant and substantially more prejudicial than probative. Defendants further object on the grounds that the referenced testimony calls for speculation. | limine; Defendants have not identified the row and line numbers of purported speculation; no form objection made by Defendants so form and foundation objections are waived under Fed. R. Civ. P. 32(d)(3) |
| 44:2 - 44:4 | Defendants reiterate their general objections to the use of Ms. Klinedinst's deposition testimony for the reasons set forth above. Defendants further object on the grounds that they are moving to exclude Ms. Klinedinst's testimony in its entirety by way of a forthcoming motion in limine. | Relevant testimony from witness; Plaintiff will respond to Defendants' motion in limine and related objections according to the briefing schedule for motions in limine |
| 44:8 - 44:18 | Defendants reiterate their general objections to the use of Ms. Klinedinst's deposition testimony for the reasons set forth above. Defendants further object on the grounds that they are moving to exclude Ms. Klinedinst's testimony in its entirety by way of a forthcoming motion in limine. | Relevant testimony from witness; Plaintiff will respond to Defendants' motion in limine and related objections according to the briefing schedule for motions in limine |

| Shirley Donovan | Defendants' Objections | Plaintiff's Response to Defendants' Objections |
|---|---|---|
| 4:6 - 4:8 | Defendants reiterate their general objections to the use of Ms. Donovan's deposition testimony for the reasons set forth above. Defendants further object on the grounds that they are moving to exclude Ms. Donovan's testimony in its entirety by way of a forthcoming motion in limine. | Introduction of witness for purposes of being sworn in; Plaintiff will respond to Defendants' motion in limine and related objections according to the briefing schedule for motions in limine |
| 4:15 - 4:17 | Defendants reiterate their general objections to the use of Ms. Donovan's deposition testimony | Introduction of witness for purposes of being sworn in; Plaintiff will |

| Shirley Donovan | Defendants' Objections | Plaintiff's Response to Defendants' Objections |
|---|---|---|
| | for the reasons set forth above. Defendants further object on the grounds that they are moving to exclude Ms. Donovan's testimony in its entirety by way of a forthcoming motion in limine. | respond to Defendants' motion in limine and related objections according to the briefing schedule for motions in limine |
| 4:20 - 5:15 | Defendants reiterate their general objections to the use of Ms. Donovan's deposition testimony for the reasons set forth above. Defendants further object on the grounds that they are moving to exclude Ms. Donovan's testimony in its entirety by way of a forthcoming motion in limine. | Relevant background information from witness; Plaintiff will respond to Defendants' motion in limine and related objections according to the briefing schedule for motions in limine; no objection from Defendants, so waived if to form/foundation. Fed. R. Civ. P. 32(d)(3) |
| 5:20 - 6:18 | Defendants reiterate their general objections to the use of Ms. Donovan's deposition testimony for the reasons set forth above. Defendants further object on the grounds that they are moving to exclude Ms. Donovan's testimony in its entirety by way of a forthcoming motion in limine. | Relevant testimony from witness; Plaintiff will respond to Defendants' motion in limine and related objections according to the briefing schedule for motions in limine; no objection from Defendants, so waived if to form/foundation. Fed. R. Civ. P. 32(d)(3) |
| 6:19 - 6:24 | Defendants reiterate their general objections to the use of Ms. Donovan's deposition testimony for the reasons set forth above. Defendants further object on the grounds that they are moving to exclude Ms. Donovan's testimony in its entirety by way of a forthcoming motion in limine. | Relevant testimony from witness; Plaintiff will respond to Defendants' motion in limine and related objections according to the briefing schedule for motions in limine; no objection from Defendants, so waived if to form/foundation. Fed. R. Civ. P. 32(d)(3) |
| 7:11 - 7:25 | Defendants reiterate their general objections to the use of Ms. Donovan's deposition testimony for the reasons set forth above. Defendants further object on the | Relevant testimony from witness; Plaintiff will respond to Defendants' motion in limine and related objections |

| Shirley Donovan | Defendants' Objections | Plaintiff's Response to Defendants' Objections |
|---|---|---|
| | grounds that they are moving to exclude Ms. Donovan's testimony in its entirety by way of a forthcoming motion in limine. Defendants further object on the grounds that the referenced testimony is irrelevant and substantially more prejudicial than probative. | according to the briefing schedule for motions in limine; no objection from Defendants, so waived if to form/foundation. Fed. R. Civ. P. 32(d)(3) |
| 8:5 - 8:23 | Defendants reiterate their general objections to the use of Ms. Donovan's deposition testimony for the reasons set forth above. Defendants further object on the grounds that they are moving to exclude Ms. Donovan's testimony in its entirety by way of a forthcoming motion in limine. Defendants further object on the grounds that the referenced testimony is irrelevant and substantially more prejudicial than probative. | Relevant testimony from witness; Plaintiff will respond to Defendants' motion in limine and related objections according to the briefing schedule for motions in limine; no objection from Defendants, so waived if to form/foundation. Fed. R. Civ. P. 32(d)(3) |
| 8:24 - 9:21 | Defendants reiterate their general objections to the use of Ms. Donovan's deposition testimony for the reasons set forth above. Defendants further object on the grounds that they are moving to exclude Ms. Donovan's testimony in its entirety by way of a forthcoming motion in limine. Defendants further object on the grounds that the referenced testimony is irrelevant and substantially more prejudicial than probative. | Relevant testimony from witness; Plaintiff will respond to Defendants' motion in limine and related objections according to the briefing schedule for motions in limine; no objection from Defendants, so waived if to form/foundation. Fed. R. Civ. P. 32(d)(3) |
| 11:3 - 11:11 | Defendants reiterate their general objections to the use of Ms. Donovan's deposition testimony for the reasons set forth above. Defendants further object on the grounds that they are moving to exclude Ms. Donovan's testimony in its entirety by way of a forthcoming motion in | 11:3–11:10: Relevant testimony from witness; Plaintiff will respond to Defendants' motion in limine and related objections according to the briefing schedule for motions in limine; no objection from |

| Shirley Donovan | Defendants' Objections | Plaintiff's Response to Defendants' Objections |
|---|---|---|
| | limine. Defendants further object on the grounds that the referenced testimony is irrelevant and substantially more prejudicial than probative. | Defendants, so waived if to form/foundation. Fed. R. Civ. P. 32(d)(3) |
| 11:13 - 12:3 | Defendants reiterate their general objections to the use of Ms. Donovan's deposition testimony for the reasons set forth above. Defendants further object on the grounds that they are moving to exclude Ms. Donovan's testimony in its entirety by way of a forthcoming motion in limine. Defendants further object on the grounds that the referenced testimony is irrelevant and substantially more prejudicial than probative. | 11:11–12:3: Relevant testimony from witness regarding personal experience and knowledge; Plaintiff will respond to Defendants' motion in limine and related objections according to the briefing schedule for motions in limine |
| 12:14 - 12:25 | Defendants reiterate their general objections to the use of Ms. Donovan's deposition testimony for the reasons set forth above. Defendants further object on the grounds that they are moving to exclude Ms. Donovan's testimony in its entirety by way of a forthcoming motion in limine. Defendants further object on the grounds that the referenced testimony is irrelevant and substantially more prejudicial than probative. | Relevant testimony from witness; Plaintiff will respond to Defendants' motion in limine and related objections according to the briefing schedule for motions in limine; no objection from Defendants, so waived if to form/foundation. Fed. R. Civ. P. 32(d)(3) |
| 13:1 - 13:17 | Defendants reiterate their general objections to the use of Ms. Donovan's deposition testimony for the reasons set forth above. Defendants further object on the grounds that they are moving to exclude Ms. Donovan's testimony in its entirety by way of a forthcoming motion in limine. Defendants further object on the grounds that the referenced testimony is irrelevant and substantially more | Relevant testimony from witness; Plaintiff will respond to Defendants' motion in limine and related objections according to the briefing schedule for motions in limine; no objection from Defendants, so waived if to form/foundation. Fed. R. Civ. P. 32(d)(3) |

| Shirley Donovan | Defendants' Objections | Plaintiff's Response to Defendants' Objections |
|---|---|---|
| | prejudicial than probative. | |
| 13:25 - 14:14 | Defendants reiterate their general objections to the use of Ms. Donovan's deposition testimony for the reasons set forth above. Defendants further object on the grounds that they are moving to exclude Ms. Donovan's testimony in its entirety by way of a forthcoming motion in limine. Defendants further object on the grounds that the referenced testimony is irrelevant and substantially more prejudicial than probative. | Relevant testimony from witness; Plaintiff will respond to Defendants' motion in limine and related objections according to the briefing schedule for motions in limine; no objection from Defendants, so waived if to form/foundation. Fed. R. Civ. P. 32(d)(3) |
| 14:15 - 14:16 | Defendants reiterate their general objections to the use of Ms. Donovan's deposition testimony for the reasons set forth above. Defendants further object on the grounds that they are moving to exclude Ms. Donovan's testimony in its entirety by way of a forthcoming motion in limine. Defendants further object on the grounds that the referenced testimony is irrelevant and substantially more prejudicial than probative. | See below entry |
| 14:18 - 14:24 | Defendants reiterate their general objections to the use of Ms. Donovan's deposition testimony for the reasons set forth above. Defendants further object on the grounds that they are moving to exclude Ms. Donovan's testimony in its entirety by way of a forthcoming motion in limine. Defendants further object on the grounds that the referenced testimony is irrelevant and substantially more prejudicial than probative. | 14:15–14:24: Relevant testimony from witness; Plaintiff will respond to Defendants' motion in limine and related objections according to the briefing schedule for motions in limine; proper questioning and testimony regarding witness's recollection |
| 15:2 - 15:4 | Defendants reiterate their general objections to the use of Ms. | Relevant testimony from witness; Plaintiff will |

| Shirley Donovan | Defendants' Objections | Plaintiff's Response to Defendants' Objections |
| --- | --- | --- |
| | Donovan's deposition testimony for the reasons set forth above. Defendants further object on the grounds that they are moving to exclude Ms. Donovan's testimony in its entirety by way of a forthcoming motion in limine. Defendants further object on the grounds that the referenced testimony is irrelevant and substantially more prejudicial than probative. | respond to Defendants' motion in limine and related objections according to the briefing schedule for motions in limine; proper questioning and testimony regarding witness's recollection |
| 15:7 - 15:11 | Defendants reiterate their general objections to the use of Ms. Donovan's deposition testimony for the reasons set forth above. Defendants further object on the grounds that they are moving to exclude Ms. Donovan's testimony in its entirety by way of a forthcoming motion in limine. Defendants further object on the grounds that the referenced testimony is irrelevant and substantially more prejudicial than probative. | Relevant testimony from witness; Plaintiff will respond to Defendants' motion in limine and related objections according to the briefing schedule for motions in limine; proper questioning and testimony regarding witness's recollection |
| 15:13 - 15:17 | Defendants reiterate their general objections to the use of Ms. Donovan's deposition testimony for the reasons set forth above. Defendants further object on the grounds that they are moving to exclude Ms. Donovan's testimony in its entirety by way of a forthcoming motion in limine. Defendants further object on the grounds that the referenced testimony is irrelevant and substantially more prejudicial than probative. | Relevant testimony from witness; Plaintiff will respond to Defendants' motion in limine and related objections according to the briefing schedule for motions in limine; proper questioning and testimony regarding witness's recollection |
| 15:20 - 15:22 | Defendants reiterate their general objections to the use of Ms. Donovan's deposition testimony for the reasons set forth above. Defendants further object on the grounds that they are moving to | Relevant testimony from witness; Plaintiff will respond to Defendants' motion in limine and related objections according to the briefing |

| Shirley Donovan | Defendants' Objections | Plaintiff's Response to Defendants' Objections |
|---|---|---|
| | exclude Ms. Donovan's testimony in its entirety by way of a forthcoming motion in limine. Defendants further object on the grounds that the referenced testimony is irrelevant and substantially more prejudicial than probative. | schedule for motions in limine; proper questioning and testimony regarding witness's recollection |
| 15:24 - 15:24 | Defendants reiterate their general objections to the use of Ms. Donovan's deposition testimony for the reasons set forth above. Defendants further object on the grounds that they are moving to exclude Ms. Donovan's testimony in its entirety by way of a forthcoming motion in limine. Defendants further object on the grounds that the referenced testimony is irrelevant and substantially more prejudicial than probative. | Relevant testimony from witness; Plaintiff will respond to Defendants' motion in limine and related objections according to the briefing schedule for motions in limine; proper questioning and testimony regarding witness's recollection |
| 16:2 - 16:6 | Defendants reiterate their general objections to the use of Ms. Donovan's deposition testimony for the reasons set forth above. Defendants further object on the grounds that they are moving to exclude Ms. Donovan's testimony in its entirety by way of a forthcoming motion in limine. Defendants further object on the grounds that the referenced testimony is irrelevant and substantially more prejudicial than probative. | Relevant testimony from witness; Plaintiff will respond to Defendants' motion in limine and related objections according to the briefing schedule for motions in limine; no objection from Defendants, so waived if to form/foundation. Fed. R. Civ. P. 32(d)(3); proper question and answer regarding witness's personal knowledge |
| 16:8 - 16:14 | Defendants reiterate their general objections to the use of Ms. Donovan's deposition testimony for the reasons set forth above. Defendants further object on the grounds that they are moving to exclude Ms. Donovan's testimony in its entirety by way of a forthcoming motion in | Relevant testimony from witness; Plaintiff will respond to Defendants' motion in limine and related objections according to the briefing schedule for motions in limine; no objection from Defendants, so waived if |

| Shirley Donovan | Defendants' Objections | Plaintiff's Response to Defendants' Objections |
|---|---|---|
| | limine. Defendants further object on the grounds that the referenced testimony is irrelevant and substantially more prejudicial than probative. | to form/foundation. Fed. R. Civ. P. 32(d)(3); proper question and answer regarding witness's personal knowledge |
| 16:15 - 16:18 | Defendants reiterate their general objections to the use of Ms. Donovan's deposition testimony for the reasons set forth above. Defendants further object on the grounds that they are moving to exclude Ms. Donovan's testimony in its entirety by way of a forthcoming motion in limine. Defendants further object on the grounds that the referenced testimony is irrelevant and substantially more prejudicial than probative. | Relevant testimony from witness; Plaintiff will respond to Defendants' motion in limine and related objections according to the briefing schedule for motions in limine; no objection from Defendants, so waived if to form/foundation. Fed. R. Civ. P. 32(d)(3); proper question and answer regarding witness's personal knowledge |
| 16:20 - 17:6 | Defendants reiterate their general objections to the use of Ms. Donovan's deposition testimony for the reasons set forth above. Defendants further object on the grounds that they are moving to exclude Ms. Donovan's testimony in its entirety by way of a forthcoming motion in limine. Defendants further object on the grounds that the referenced testimony is irrelevant and substantially more prejudicial than probative. | Relevant testimony from witness; Plaintiff will respond to Defendants' motion in limine and related objections according to the briefing schedule for motions in limine; no objection from Defendants, so waived if to form/foundation. Fed. R. Civ. P. 32(d)(3); proper question and answer regarding witness's personal knowledge |
| 17:7 - 17:8 | Defendants reiterate their general objections to the use of Ms. Donovan's deposition testimony for the reasons set forth above. Defendants further object on the grounds that they are moving to exclude Ms. Donovan's testimony in its entirety by way of a forthcoming motion in limine. Defendants further object | Relevant testimony from witness; Plaintiff will respond to Defendants' motion in limine and related objections according to the briefing schedule for motions in limine; proper question and answer regarding witness's personal |

| Shirley Donovan | Defendants' Objections | Plaintiff's Response to Defendants' Objections |
|---|---|---|
| | on the grounds that the referenced testimony is irrelevant and substantially more prejudicial than probative. | knowledge |
| 17:10 - 17:18 | Defendants reiterate their general objections to the use of Ms. Donovan's deposition testimony for the reasons set forth above. Defendants further object on the grounds that they are moving to exclude Ms. Donovan's testimony in its entirety by way of a forthcoming motion in limine. Defendants further object on the grounds that the referenced testimony is irrelevant and substantially more prejudicial than probative. | Relevant testimony from witness; Plaintiff will respond to Defendants' motion in limine and related objections according to the briefing schedule for motions in limine; proper question and answer regarding witness's personal knowledge |
| 17:20 - 17:20 | Defendants reiterate their general objections to the use of Ms. Donovan's deposition testimony for the reasons set forth above. Defendants further object on the grounds that they are moving to exclude Ms. Donovan's testimony in its entirety by way of a forthcoming motion in limine. Defendants further object on the grounds that the referenced testimony is irrelevant and substantially more prejudicial than probative. | Relevant testimony from witness; Plaintiff will respond to Defendants' motion in limine and related objections according to the briefing schedule for motions in limine; proper question and answer regarding witness's personal knowledge |
| 18:17 - 19:5 | Defendants reiterate their general objections to the use of Ms. Donovan's deposition testimony for the reasons set forth above. Defendants further object on the grounds that they are moving to exclude Ms. Donovan's testimony in its entirety by way of a forthcoming motion in limine. Defendants further object on the grounds that the referenced testimony is irrelevant and substantially more prejudicial than probative. | Relevant testimony from witness; Plaintiff will respond to Defendants' motion in limine and related objections according to the briefing schedule for motions in limine; no objection from Defendants, so waived if to form/foundation. Fed. R. Civ. P. 32(d)(3) |

| Shirley Donovan | Defendants' Objections | Plaintiff's Response to Defendants' Objections |
|---|---|---|
| 19:11 - 20:12 | Defendants reiterate their general objections to the use of Ms. Donovan's deposition testimony for the reasons set forth above. Defendants further object on the grounds that they are moving to exclude Ms. Donovan's testimony in its entirety by way of a forthcoming motion in limine. Defendants further object on the grounds that the referenced testimony is irrelevant and substantially more prejudicial than probative. | Relevant testimony from witness; Plaintiff will respond to Defendants' motion in limine and related objections according to the briefing schedule for motions in limine; no objection from Defendants, so waived if to form/foundation. Fed. R. Civ. P. 32(d)(3) |
| 20:13 - 20:14 | Defendants reiterate their general objections to the use of Ms. Donovan's deposition testimony for the reasons set forth above. Defendants further object on the grounds that they are moving to exclude Ms. Donovan's testimony in its entirety by way of a forthcoming motion in limine. Defendants further object on the grounds that the referenced testimony is irrelevant and substantially more prejudicial than probative. Defendants further object to this testimony on the grounds of a lack of foundation for the utilized exhibit (Ex. 1 to Dep. - MGM00322-MGM00326). | Relevant testimony from witness; Plaintiff will respond to Defendants' motion in limine and related objections according to the briefing schedule for motions in limine; no objection from Defendants, so waived if to form/foundation. Fed. R. Civ. P. 32(d)(3); question introduces document to lay foundation for next designated question |
| 21:2 - 21:22 | Defendants reiterate their general objections to the use of Ms. Donovan's deposition testimony for the reasons set forth above. Defendants further object on the grounds that they are moving to exclude Ms. Donovan's testimony in its entirety by way of a forthcoming motion in limine. Defendants further object on the grounds that the referenced testimony is irrelevant and substantially more | Relevant testimony from witness; Plaintiff will respond to Defendants' motion in limine and related objections according to the briefing schedule for motions in limine; no objection from Defendants, so waived if to form/foundation. Fed. R. Civ. P. 32(d)(3); proper question and answer to establish |

| Shirley Donovan | Defendants' Objections | Plaintiff's Response to Defendants' Objections |
|---|---|---|
| | prejudicial than probative. Defendants further object to this testimony on the grounds of a lack of foundation for the utilized exhibit (Ex. 1 to Dep. - MGM00322-MGM00326). | witness's personal knowledge |
| 21:23 - 22:9 | Defendants reiterate their general objections to the use of Ms. Donovan's deposition testimony for the reasons set forth above. Defendants further object on the grounds that they are moving to exclude Ms. Donovan's testimony in its entirety by way of a forthcoming motion in limine. Defendants further object on the grounds that the referenced testimony is irrelevant and substantially more prejudicial than probative. Defendants further object to this testimony on the grounds of a lack of foundation for the utilized exhibit (Ex. 1 to Dep. - MGM00322-MGM00326). | Relevant testimony from witness; Plaintiff will respond to Defendants' motion in limine and related objections according to the briefing schedule for motions in limine; if no objection from Defendants, then waived if to form/foundation. Fed. R. Civ. P. 32(d)(3); proper question and answer regarding witness's personal knowledge |
| 23:25 - 24:4 | Defendants reiterate their general objections to the use of Ms. Donovan's deposition testimony for the reasons set forth above. Defendants further object on the grounds that they are moving to exclude Ms. Donovan's testimony in its entirety by way of a forthcoming motion in limine. Defendants further object on the grounds that the referenced testimony is irrelevant and substantially more prejudicial than probative. Defendants further object on the grounds that the referenced testimony calls for speculation and provides a legal conclusion concerning causation. | Relevant testimony from witness; Plaintiff will respond to Defendants' motion in limine and related objections according to the briefing schedule for motions in limine; if no objection from Defendants, then waived if to form/foundation. Fed. R. Civ. P. 32(d)(3); proper question and answer regarding witness's personal knowledge |
| 24:7 - 24:10 | Defendants reiterate their general objections to the use of Ms. | Relevant testimony from witness; Plaintiff will |

| Shirley Donovan | Defendants' Objections | Plaintiff's Response to Defendants' Objections |
|---|---|---|
| | Donovan's deposition testimony for the reasons set forth above. Defendants further object on the grounds that they are moving to exclude Ms. Donovan's testimony in its entirety by way of a forthcoming motion in limine. Defendants further object on the grounds that the referenced testimony is irrelevant and substantially more prejudicial than probative. Defendants further object on the grounds that the referenced testimony calls for speculation. | respond to Defendants' motion in limine and related objections according to the briefing schedule for motions in limine; if no objection from Defendants, then waived if to form/foundation. Fed. R. Civ. P. 32(d)(3); proper question and answer regarding witness's personal knowledge |
| 24:12 - 24:25 | Defendants reiterate their general objections to the use of Ms. Donovan's deposition testimony for the reasons set forth above. Defendants further object on the grounds that they are moving to exclude Ms. Donovan's testimony in its entirety by way of a forthcoming motion in limine. Defendants further object on the grounds that the referenced testimony is irrelevant and substantially more prejudicial than probative. Defendants further object on the grounds that the referenced testimony calls for speculation. | Relevant testimony from witness; Plaintiff will respond to Defendants' motion in limine and related objections according to the briefing schedule for motions in limine; if no objection from Defendants, then waived if to form/foundation. Fed. R. Civ. P. 32(d)(3); proper question and answer regarding witness's personal knowledge |
| 25:3 - 25:4 | Defendants reiterate their general objections to the use of Ms. Donovan's deposition testimony for the reasons set forth above. Defendants further object on the grounds that they are moving to exclude Ms. Donovan's testimony in its entirety by way of a forthcoming motion in limine. Defendants further object on the grounds that the referenced testimony is irrelevant and substantially more prejudicial than probative. | Relevant testimony from witness; Plaintiff will respond to Defendants' motion in limine and related objections according to the briefing schedule for motions in limine; proper question and answer regarding witness's personal knowledge |

| Shirley Donovan | Defendants' Objections | Plaintiff's Response to Defendants' Objections |
|---|---|---|
| 25:6 - 25:18 | Defendants reiterate their general objections to the use of Ms. Donovan's deposition testimony for the reasons set forth above. Defendants further object on the grounds that they are moving to exclude Ms. Donovan's testimony in its entirety by way of a forthcoming motion in limine. Defendants further object on the grounds that the referenced testimony calls for speculation. | Relevant testimony from witness; Plaintiff will respond to Defendants' motion in limine and related objections according to the briefing schedule for motions in limine; no objection from Defendants, so waived if to form/foundation. Fed. R. Civ. P. 32(d)(3); proper question and answer regarding witness's personal knowledge |
| 25:23 - 26:24 | Defendants reiterate their general objections to the use of Ms. Donovan's deposition testimony for the reasons set forth above. Defendants further object on the grounds that they are moving to exclude Ms. Donovan's testimony in its entirety by way of a forthcoming motion in limine. | Introduction of new questioner designated to avoid confusion; Plaintiff will respond to Defendants' motion in limine and related objections according to the briefing schedule for motions in limine |
| 27:3 - 27:5 | Defendants reiterate their general objections to the use of Ms. Donovan's deposition testimony for the reasons set forth above. Defendants further object on the grounds that they are moving to exclude Ms. Donovan's testimony in its entirety by way of a forthcoming motion in limine. | Relevant testimony from witness; Plaintiff will respond to Defendants' motion in limine and related objections according to the briefing schedule for motions in limine; if no objection from Defendants, then waived if to form/foundation. Fed. R. Civ. P. 32(d)(3) |
| 28:23 - 29:7 | Defendants reiterate their general objections to the use of Ms. Donovan's deposition testimony for the reasons set forth above. Defendants further object on the grounds that they are moving to exclude Ms. Donovan's testimony in its entirety by way of a forthcoming motion in | Relevant testimony from witness; Plaintiff will respond to Defendants' motion in limine and related objections according to the briefing schedule for motions in limine; if no objection from Defendants, then |

| Shirley Donovan | Defendants' Objections | Plaintiff's Response to Defendants' Objections |
|---|---|---|
| | limine. Defendants further object on the grounds that the referenced testimony is irrelevant and substantially more prejudicial than probative. | waived if to form/foundation. Fed. R. Civ. P. 32(d)(3); proper question and answer regarding witness's personal knowledge |

To the extent that any portion of the foregoing witnesses' deposition testimony is permitted to be utilized by Plaintiff at trial, Defendants hereby provide the following counter-designations:

| Penny Klinedinst | Shirley Donovan |
|---|---|
| 39:21-40:17 | 27:6-28:22 |
| 41:5-23 | 29:8-31:19 |
| 45:11-46:2 | 31:22 |
| 47:10-49:4 | 32:2-14 |
| 50:16-54:18 | 32:25-33:10 |
| 55:12-57:17 | |
| 58:8--20 | |
| 59:10-60:4 | |
| 60:12-22 | |
| 60:25-61:5 | |
| 61:12-13 | |
| 61:15-23 | |
| 62:4-17 | |
| 63:10-65:17 | |
| 65:24-68:2 | |
| 68:17-72:12 | |
| 72:19-73:7 | |
| 73:24-74:6 | |
| 74:17-75:2 | |

Plaintiff objects to Defendants' counter-designations as follows:

| Relevant counter-designations by Defendants for Penny Klinedinst | Plaintiff's objections |
|---|---|
| 60:25-61:5 | Objection by Plaintiff's counsel related to question at 60:25–61:5; argumentative |

Plaintiff's counter-designations are as follows, along with Defendants' objections to Plaintiff's counter-designations:

| Penny Klinedinst | Defendants' Objections |
|---|---|
| 49:5–50:15 | Defendants reiterate their general objections to the use of Ms. Klinedinst's |

| | |
|---|---|
| | deposition testimony for the reasons set forth above. Defendants further object on the grounds that they are moving to exclude Ms. Klinedinst's testimony in its entirety by way of a forthcoming motion in limine. |
| 55:4–55:11 | Defendants reiterate their general objections to the use of Ms. Klinedinst's deposition testimony for the reasons set forth above. Defendants further object on the grounds that they are moving to exclude Ms. Klinedinst's testimony in its entirety by way of a forthcoming motion in limine. |
| 57:21–58:7 | Defendants reiterate their general objections to the use of Ms. Klinedinst's deposition testimony for the reasons set forth above. Defendants further object on the grounds that they are moving to exclude Ms. Klinedinst's testimony in its entirety by way of a forthcoming motion in limine. |
| 60:5–60:11 | Defendants reiterate their general objections to the use of Ms. Klinedinst's deposition testimony for the reasons set forth above. Defendants further object on the grounds that they are moving to exclude Ms. Klinedinst's testimony in its entirety by way of a forthcoming motion in limine. Defendants further object on the grounds that the referenced testimony is irrelevant and substantially more prejudicial than probative. Defendants further object on the grounds that the referenced testimony calls for speculation. |
| 72:13–72:18 | Defendants reiterate their general objections to the use of Ms. Klinedinst's deposition testimony for the reasons set forth above. Defendants further object on the grounds that they are moving to exclude Ms. Klinedinst's testimony in its entirety by way of a forthcoming motion in limine. Defendants further object on the grounds that the referenced testimony is irrelevant and substantially more prejudicial than probative. Defendants further object on the grounds that the referenced testimony calls for speculation. |

| | |
|---|---|
| 73:8–73:10 | Defendants reiterate their general objections to the use of Ms. Klinedinst's deposition testimony for the reasons set forth above. Defendants further object on the grounds that they are moving to exclude Ms. Klinedinst's testimony in its entirety by way of a forthcoming motion in limine. |

Plaintiff does not have objections to Defendants' counter-designations for Shirley Donovan.

Plaintiff does not have counter-designations for Shirley Donovan.

6. To the extent that any of the below witnesses identified by Defendants are unavailable and/or incapable of presenting live testimony at the time of trial, Defendants reserve the right to utilize their deposition testimony, in whole or in part.

## IX. Witnesses

The following witnesses may be called by the parties at trial:

***1. Plaintiff's witnesses[3]:***

| Witness Name | Address of Witness |
|---|---|
| Adkins, Justin | c/o Matt Christian, Esq., 400 S. Martin Luther King Blvd., Las Vegas, NV 89106 |
| Bilbao, Lynda | c/o Defense counsel Lawrence J. Semenza, III, Esq., of SEMENZA KIRCHER RICKARD, 10161 Park Run Drive, Suite 150, Las Vegas, NV 89145 |
| Bissani, Kaily | The Carlson Company Inc., 10343 Federal Blvd., Suite #J – 401, Westminster, CO 80260 |
| Brioso, Omar | 3264 E. Lavender Drive, Ontario, CA 91762 |
| Buono, Ronald | c/o Defense counsel Lawrence J. Semenza, III, Esq., of SEMENZA KIRCHER RICKARD, 10161 Park Run Drive, Suite 150, Las Vegas, NV 89145 |
| Cassell, Marc | c/o Defense counsel Lawrence J. Semenza, III, Esq., of SEMENZA KIRCHER RICKARD, 10161 Park Run Drive, Suite 150, Las Vegas, NV 89145 |

[3] As noted above, Plaintiff intends to call these witnesses live at trial but reserves the right to designate deposition testimony if any witness becomes unavailable or are not available during Plaintiff's case-in-chief.

| Witness Name | Address of Witness |
|---|---|
| Chesnoff, David | 520 South 4th Street, Las Vegas, NV 89101 |
| Cooper, Jeffrey | c/o Defense counsel Katie L. Cannata, Esq., of SEMENZA KIRCHER RICKARD, 10161 Park Run Drive, Suite 150, Las Vegas, NV 89145 |
| de Becker, Hal | c/o Grobal & Associates, Ltd., 4625 W. Nevso Drive, Stes. 2 & 3, Las Vegas, NV 89103 |
| Durlej, Chris | c/o Defense counsel Katie L. Cannata, Esq., of SEMENZA KIRCHER RICKARD, 10161 Park Run Drive, Suite 150, Las Vegas, NV 89145 |
| Eddy, Ashley | c/o Defense counsel Katie L. Cannata, Esq., of SEMENZA KIRCHER RICKARD, 10161 Park Run Drive, Suite 150, Las Vegas, NV 89145 |
| Fletcher, Thomas | c/o George Kelesis, Esq., 517 South 9th St., Las Vegas, NV 89101 |
| Flores, Gregory | c/o Matt Christian, Esq., 400 S. Martin Luther King Blvd., Las Vegas, NV 89106 |
| Hart, Kendall | c/o Defense counsel Lawrence J. Semenza, III, Esq., of SEMENZA KIRCHER RICKARD, 10161 Park Run Drive, Suite 150, Las Vegas, NV 89145 |
| Herman, John | 5103 Scholarship, Irvine, CA 92612 |
| Johnson, Wiley Ph.D | 19700 Fairchild Road, Suite 285, Irvine, CA 92612 |
| Johnson, Zachary | c/o Defense counsel Lawrence J. Semenza, III, Esq., of SEMENZA KIRCHER RICKARD, 10161 Park Run Drive, Suite 150, Las Vegas, NV 89145 |
| Kinsler, Jeffrey | c/o George Kelesis, Esq., 517 South 9th St., Las Vegas, NV 89101 |
| Koch, Jerilyn | c/o Defense counsel Katie L. Cannata, Esq., of SEMENZA KIRCHER RICKARD, 10161 Park Run Drive, Suite 150, Las Vegas, NV 89145 |
| Manacher, Justin | c/o Defense counsel Katie L. Cannata, Esq., of SEMENZA KIRCHER RICKARD, 10161 Park Run Drive, Suite 150, Las Vegas, NV 89145 |
| Manley, Dwight | c/o Plaintiff's Counsel Chris Madel, MADEL PA, 434 Lake Street, Excelsior, MN 55331 |
| Manley, Natalie Nasongkhla | c/o Plaintiff's Counsel Chris Madel, MADEL PA, 434 Lake Street, Excelsior, MN 55331 |
| Olivo, George | 838 Carson St., Suite 304, Torrance, CA 90503 |
| Overbeek, Daniel MD | Rockford, MI 49341 |
| Patchefsky, Stewart | c/o Defense counsel Lawrence J. Semenza, III, Esq., of SEMENZA KIRCHER RICKARD, 10161 Park Run Drive, Suite 150, Las Vegas, NV 89145 |
| Pearlman, Donn | 4491 Via Bianca Ave., Las Vegas, NV 89141 |

| Witness Name | Address of Witness |
|---|---|
| Petropulos, Tim | 5712 E. Bryce Ave., Orange, CA 92867 |
| Rains, Adam | 7495 Babbs Ct., Las Vegas, NV 89123 |
| Reboton, Vanessa | c/o Defense counsel Katie L. Cannata, III, Esq., of SEMENZA KIRCHER RICKARD, 10161 Park Run Drive, Suite 150, Las Vegas, NV 89145 |
| Rodman, Dennis | c/o Plaintiff's counsel Chris Madel, MADEL PA, 434 Lake Street, Excelsior, MN 55331 |
| Sahl, Daniel Ph.D | University of NV, Las Vegas - International Gaming Institute<br>4505 Maryland Parkway, Box 456037<br>Las Vegas, NV 89154 |
| Schonfeld, Richard | 520 South 4th Street, Las Vegas, NV 89101 |
| Sibella, Scott | c/o J. Colby Williams, Esq., 710 S. 7 St., Suite A, Las Vegas, NV 89101 |
| Snyder, Christopher | 3055 Bonnyview Circle, Corona, CA 92882 |
| Soltani, Saeed MD | P.O. Box 17811, Anaheim Hills, CA 92817-7811 |
| Stern, James | 7900 Riviera Beach Drive, Las Vegas, Nevada 89128 |
| Sucher, Michael | Sucher Medical Management, Ltd., P.O. Box 13600, Scottsdale, AZ 85267-3600 |
| Person(s) Most Knowledgeable/Rule 30(b)(6) Witness of De Becker Investigations, Inc. | c/o Grobal & Associates, Ltd., 4625 W. Nevso Drive, Stes. 2 & 3, Las Vegas, NV 89103 |
| Person(s) Most Knowledgeable of Carlson Company, LLC | 10343 Federal Blvd., Suite J-401, Westminster, CO 80260 |
| Custodian of Records of Carlson Company, LLC | 10343 Federal Blvd., Suite J-401, Westminster, CO 80260 |
| Person(s) Most Knowledgeable of LabCorp | 320 Superior Avenue, Suite 150, Newport Beach, CA, 92663 |
| Custodian of Records of LabCorp | 320 Superior Avenue, Suite 150, Newport Beach, CA, 92663 |

| Witness Name | Address of Witness |
|---|---|
| FRCP 30(b)(6) Designee / Custodian of Records for Las Vegas Metropolitan Police Department | c/o Matt Christian, Esq., 400 S. Martin Luther King Blvd., Las Vegas, NV 89106 |
| Person(s) Most Knowledgeable/Rule 30(b)(6) Witness of LVReward, LLC | c/o Best Delaware Registered Agent LLC, 8 The Green, Suite F, Dover, DE 19901 |
| Company Representatives/Persons Most Knowledgeable for MGM Grand Hotel, LLC | c/o Defense counsel Katie L. Cannata, Esq., of SEMENZA KIRCHER RICKARD, 10161 Park Run Drive, Suite 150, Las Vegas, NV 89145 |
| Custodian of Records for MGM Grand Hotel, LLC | c/o Defense counsel Katie L. Cannata, Esq., of SEMENZA KIRCHER RICKARD, 10161 Park Run Drive, Suite 150, Las Vegas, NV 89145 |
| Company Representatives/Persons Most Knowledgeable for MGM Resorts International | c/o Defense counsel Katie L. Cannata,, Esq., of SEMENZA KIRCHER RICKARD, 10161 Park Run Drive, Suite 150, Las Vegas, NV 89145 |
| Custodian of Records for MGM Resorts International | c/o Defense counsel Katie L. Cannata, Esq., of SEMENZA KIRCHER RICKARD, 10161 Park Run Drive, Suite 150, Las Vegas, NV 89145 |
| Person(s) Most Knowledgeable of Newport Beach Medical Associates Inc. | c/o Dr. Michael Yu, 361 Hospital Road, Suite 322, Newport Beach, CA 92663 |
| Custodian of Records for Newport Beach Medical Associates Inc. | c/o Dr. Michael Yu, 361 Hospital Road, Suite 322, Newport Beach, CA 92663 |
| Person(s) Most Knowledgeable of Spectrum Compliance | c/o Affinityehealth |
| Custodian of Records of Spectrum Compliance | c/o Affinityehealth |
| Person(s) Most Knowledgeable of Therapeutic Health Services | c/o Saeed Soltani, P.O. Box 17811, Anaheim Hills, CA 92817-7811 |
| Custodian of Records of Therapeutic Health Services | c/o Saeed Soltani, P.O. Box 17811, Anaheim Hills, CA 92817-7811 |

***2. Defendants' Witnesses:***

The following are witnesses Defendants are likely to call at the time of trial:

| Witness Name | Address of Witness |
| --- | --- |
| Adkins, Justin | c/o Matt Christian, Esq., 400 S. Martin Luther King Blvd., Las Vegas, NV 89106 |
| Bilbao, Lynda | c/o Lawrence J. Semenza, III, Esq., of SEMENZA RICKARD LAW, 10161 Park Run Drive, Suite 150, Las Vegas, NV 89145 |
| Fletcher, Thomas | c/o George Kelesis, Esq., 517 South 9th St., Las Vegas, NV 89101 |
| Flores, Gregory | c/o Matt Christian, Esq., 400 S. Martin Luther King Blvd., Las Vegas, NV 89106 |
| Herman, John | 5103 Scholarship, Irvine, CA 92612 |
| Johnson, Zachary | c/o Lawrence J. Semenza, III, Esq., of SEMENZA RICKARD LAW, 10161 Park Run Drive, Suite 150, Las Vegas, NV 89145 |
| Kinsler, Jeffrey | c/o George Kelesis, Esq., 517 South 9th St., Las Vegas, NV 89101 |
| Koch, Jerilyn | c/o Lawrence J. Semenza, III, Esq., of SEMENZA RICKARD LAW, 10161 Park Run Drive, Suite 150, Las Vegas, NV 89145 |
| Manacher, Justin | c/o Lawrence J. Semenza, III, Esq., of SEMENZA RICKARD LAW, 10161 Park Run Drive, Suite 150, Las Vegas, NV 89145 |
| Manley, Dwight | c/o Chris Madel, MADEL PA, 434 Lake Street, Excelsior, MN 55331 |
| Manley, Natalie Nasongkhla | c/o Chris Madel, MADEL PA, 434 Lake Street, Excelsior, MN 55331 |
| Overbeek MD, Daniel | Rockford, MI 49341 |
| Rains, Adam | 7495 Babbs Ct., Las Vegas, NV 89123 |
| Reboton, Vanessa | c/o Lawrence J. Semenza, III, Esq., of SEMENZA RICKARD LAW, 10161 Park Run Drive, Suite 150, Las Vegas, NV 89145 |
| Sahl Ph.D, Daniel | 4505 Maryland Parkway, Box 456037<br>Las Vegas, NV 89154 |
| Custodian of Records for Las Vegas Metropolitan Police Department | c/o Matt Christian, Esq., 400 S. Martin Luther King Blvd., Las Vegas, NV 89106 |
| FRCP 30(b)(6) Designee of LVReward, LLC – Dwight Manley | c/o Chris Madel, MADEL PA, 434 Lake Street, Excelsior, MN 55331 |

| Witness Name | Address of Witness |
|---|---|
| Custodian of Records for LVReward, LLC – Dwight Manley | c/o Chris Madel, MADEL PA, 434 Lake Street, Excelsior, MN 55331 |
| Custodian of Records for MGM Grand Hotel, LLC | c/o Lawrence J. Semenza, III, Esq., of SEMENZA RICKARD LAW, 10161 Park Run Drive, Suite 150, Las Vegas, NV 89145 |
| Custodian of Records for MGM Resorts International | c/o Lawrence J. Semenza, III, Esq., of SEMENZA RICKARD LAW, 10161 Park Run Drive, Suite 150, Las Vegas, NV 89145 |
| FRCP 30(b)(6) of MGM Grand Hotel, LLC and/or MGM Resorts International (Regarding Credit, Plaintiff's Player Statistics, etc.) | c/o Lawrence J. Semenza, III, Esq., of SEMENZA RICKARD LAW, 10161 Park Run Drive, Suite 150, Las Vegas, NV 89145 |

The following are witnesses Defendants may call at the time of trial, to the extent that their testimony is deemed necessary and/or warranted:

| Witness Name | Address of Witness |
|---|---|
| Brioso, Omar | 3264 E. Lavender Drive, Ontario, CA 91762 |
| Buono, Ronald | c/o Lawrence J. Semenza, III, Esq., of SEMENZA RICKARD LAW, 10161 Park Run Drive, Suite 150, Las Vegas, NV 89145 |
| Cassell, Marc | c/o Lawrence J. Semenza, III, Esq., of SEMENZA RICKARD LAW, 10161 Park Run Drive, Suite 150, Las Vegas, NV 89145 |
| Cooper, Jeffrey | c/o Lawrence J. Semenza, III, Esq., of SEMENZA RICKARD LAW, 10161 Park Run Drive, Suite 150, Las Vegas, NV 89145 |
| De Becker, Hal | c/o Grobal & Associates, Ltd., 4625 W. Nevso Drive, Stes. 2 & 3, Las Vegas, NV 89103 |
| Durlej, Chris | c/o Lawrence J. Semenza, III, Esq., of SEMENZA RICKARD LAW, 10161 Park Run Drive, Suite 150, Las Vegas, NV 89145 |
| Hart, Kendall | c/o Lawrence J. Semenza, III, Esq., of SEMENZA RICKARD LAW, 10161 Park Run Drive, Suite 150, Las Vegas, NV 89145 |
| Patchefsky, Stewart | c/o Lawrence J. Semenza, III, Esq., of SEMENZA RICKARD LAW, 10161 Park Run Drive, Suite 150, Las Vegas, NV 89145 |
| Pearlman, Donn | 4491 Via Bianca Ave., Las Vegas, NV 89141 |

| Witness Name | Address of Witness |
|---|---|
| Petropulos, Tim | 5712 E. Bryce Ave., Orange, CA 92867 |
| Snyder, Christopher | 3055 Bonnyview Circle, Corona, CA 92882 |
| FRCP 30(b)(6) Designee of De Becker Investigations – Hal De Becker | c/o Grobal & Associates, Ltd., 4625 W. Nevso Drive, Stes. 2 & 3, Las Vegas, NV 89103 |

## X. Motions in Limine

The parties provide the below lists of motions in limine that are currently contemplated. The parties have agreed to continue meet-and-confer efforts to resolve any motions in limine, in whole or in part, to the extent possible. That said, each side expressly reserves the right to add additional motions in limine to the extent necessary.

Further, the parties respectfully request that the court allow reply briefs in support of motions in limine, and that the following agreed-upon scheduling for motions in limine be entered to allow for additional time for the parties' briefing beyond that contemplated in LR 16-3.

1. Opening motions in limine to be filed on or before: October 27, 2026
2. Responses to motions in limine to be filed on or before: December 3, 2026
3. Replies to be filed on or before: December 18, 2026

***Plaintiff intends to file the following motions in limine:***

1. To exclude testimony and other evidence related to past alleged conduct of Manley, including but not limited to allegations that Manley kicked a pillar at Defendants' property on a past visit.
2. To exclude testimony and other evidence from Defendants' expert Adam Rains.
3. To exclude testimony and other evidence from Defendants' expert Daniel Overbeek, MD.
4. To preclude argument that Defendants' spoliation of evidence was not in bad faith.
5. To admit evidence, including surveillance videos and polygraph evidence.
6. To exclude certain testimony and other evidence related to Thomas Fletcher's communications with Manley, including Defendants' proposed exhibits 535 and 537.

***Defendants intend to file the following motions in limine:***

1. To exclude testimony, argument, and other evidence regarding Manley's January 3, 2022 hair drug test, including the opinions, testimony, and expert report of Mr. Kaily Bissani.
2. To exclude testimony, argument, and other evidence regarding Defendants' policies concerning temporary credit line increases, responsible gaming, and security procedures.
3. To exclude the portion of the expert opinions and testimony of Dr. Michel Sucher that Manley was poisoned.
4. To exclude testimony, argument, and other evidence regarding prior incidents at Defendants' properties.
5. To exclude testimony, argument, and other evidence regarding Manley's claims for emotional distress damages.
6. To exclude testimony, argument, and other evidence that Manley was drugged by any means other than his first drink.
7. To exclude testimony, argument, and other evidence that Manley's alleged incapacitation was caused solely by alcohol.
8. To exclude testimony, argument, and other evidence regarding polygraph examinations.
9. To exclude testimony, argument, and other evidence regarding Defendants' financial condition or financial information.
10. To exclude testimony, argument, and other evidence regarding Manely's internal surveillance timeline.
11. To exclude testimony, argument, and other evidence constituting improper "reptile theory" advocacy.
12. To exclude testimony, argument, and other evidence inviting jurors to place themselves in the position of any party or to decide the case based on personal interest, sympathy, or emotion.

13. To exclude testimony, argument, and other evidence from witnesses not timely or properly disclosed.

## XI. Proposed Trial Dates

The parties have met and jointly propose **February 8–19, 2027** as the trial dates. If those dates are unavailable, the parties jointly propose February 1–12, 2027 or February 15–16, 2027 as alternative trial dates.

It is expressly understood by the undersigned that the Court will set the trial of this matter on one of the above agreed-upon dates if possible; if not, the trial will be set at the convenience of the Court's calendar. The parties note that counsel have conflicts during the following dates: January, the first week of March (March 1–5), and the weeks of March 22–26, March 29–April 2, and April 5–9, 2027. The parties respectfully request that these dates be avoided to the extent the above-proposed trial dates are unavailable for the Court.

## XII. Trial Estimate

It is estimated that the trial will take a total of 10 trial days.

Approved AS TO FORM AND CONTENT:

*/s/ Jennifer Robbins*
MADEL PA, Attorneys for Plaintiff

*/s/ Lawrence J. Semenza, III*
Semenza Rickard Law, Attorneys for Defendants

*/s/ Bethany Kristovich*
Munger Tolles & Olson, LLP, Attorneys for Defendants

## XIII. Action by the Court

This case is set for the jury trial on the stacked calendar for February 9, 2027, at 9:00 A.M.

Calendar call will be held on January 19, 2027, at 9:00 A.M.

DATED this 5th day of August, 2026.

United States District Judge

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that on this 3rd day of August, 2026, I caused the foregoing **PRETRIAL ORDER** to be served by the Court's CM/ECF System.

*/s/ Angie Barreras*
An Employee of Semenza Rickard Law