✓ FILED
ENTERED
RECEIVED
SERVED ON
COUNSEL/PARTIES OF RECORD
AUG 5, 2026
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

DWIGHT MANLEY,

Plaintiff,

v.

MGM RESORTS INTERNATIONAL, et al.,

Defendants.

Case No. 2:23-cv-01906-MMD-EJY

JUDGE MIRANDA M. DU'S AMENDED ORDER REGARDING TRIAL IN CIVIL CASES

1. This case is scheduled for trial before the Honorable Miranda M. Du, United States District Judge, in Las Vegas, Nevada, on the trial stack commencing on **TUESDAY, the 9th day of FEBRUARY, 2027, at 9:00 a.m.** This is a **2-week** stack.

2. Motions in Limine. Motions in limine must be filed as one consolidated motion (as opposed to numerous separate motions). Motions in limine must be fully briefed and submitted for decision no later than 30 days before trial. Motions filed after this established deadline will be automatically denied. Counsel[1] are required to meet and confer on the issues raised in the motion in limine before filing the motion and must include a statement certifying compliance with this personal consultation requirement. *See* LR 16-3(a). Replies will generally not be permitted.

3. Calendar Call. Counsel for all parties and all pro se parties must appear telephonically[2] on **MONDAY, JANUARY 19, 2027, at 9:00 a.m.** for Calendar Call. Unless a party is appearing *pro se*, individual parties are not required to appear for

[1]The term "counsel" as used in this Order refers to attorneys as well as parties appearing *pro se* unless otherwise indicated.

[2]Counsel must call 1-855-244-8681, at least 5 minutes before the hearing is scheduled to begin and enter access code 23050683701. The use of speaker phones and cell phones is prohibited.

Calendar Call unless the Court directs otherwise. Counsel or their clients will be excused from Calendar Call if, at least five days prior to the scheduled calendar call, settlement papers have been filed, with corresponding notices filed on the docket. If the parties do not meet this deadline, they must attend the Calendar Call.

At the Calendar Call, all cases that remain to be tried will be ranked in order of trial with criminal cases taking priority over civil cases. If there is more than one case to be tried, the Court will advise the parties of the order in which the Court intends to try the cases and will give the parties an estimate of the start date of their trial. Thereafter, the Court will not grant a continuance to any party absent a showing of good cause. Unless the Court directs otherwise, the cases will then be tried one after the other on 24 hours' notice from the Clerk.

4. STATUS HEARINGS. The Court may conduct a status conference prior to the scheduled Calendar Call. Any party who wishes to request a pretrial status conference must notify the Courtroom Administrator no later than two weeks before Calendar Call. If the Court is satisfied during the status conference that the case is ready for trial, the Court may vacate the Calendar Call.

5. WITNESSES. Counsel must immediately subpoena all witnesses for the time and trial date as listed above. Inasmuch as the cases will be tried in a trailing fashion, the subpoenas should contain a special instruction from counsel directing witnesses to contact counsel's office—not the Court—for further instructions prior to appearing for trial. Witnesses are not required to be present at the Calendar Call but must appear as subpoenaed. Counsel must file their witness lists one week before trial. During trial, counsel and parties appearing *pro se* must provide to the opposing party a list of their witnesses who will be called the trial next day by 3 p.m. the day before. The parties may agree to provide this list earlier, and the Court may adjust the timeline as needed.

6. EXHIBITS. Counsel must electronically file their complete exhibit lists—containing all exhibits they intend to use during the trial—one week before trial. Counsel

must serve a copy of the same upon opposing counsel in the same time frame. Plaintiffs must use numerals 1 through 499 to number their exhibits, and defendants must use numerals 500 through 999. The exhibits are to be listed on a form provided by the Clerk's Office, and they may be computer-generated if they conform to the requirements of the form that is provided by the Clerk.[3] The Court uses the Jury Electronic Recording System ("JERS"). At least five calendar days before trial, the parties must provide the Courtroom Administrator with electronic media (*e.g.*, CD, thumb drive, or hard drive) that contains images of all the exhibits counsel intend to use, in a format specified by the memorandum attached as exhibit 1 to this Order. Counsel should retain copies of their exhibits for use by witnesses in the courtroom if needed. But for clarity, the parties need not prepare any paper exhibits unless the other party is proceeding *pro se*, in which case the represented party should make paper copies of all exhibits and make them available to the *pro se* party such that the exhibits are reasonably accessible to the *pro se* party a reasonable amount of time before trial. If the parties expect they will use many voluminous exhibits or are otherwise concerned about the presentation of exhibits at trial, they must immediately file a joint motion requesting a status conference with the Court and notify the Courtroom Administrator when they have done so.

7. <u>MARKING EXHIBITS</u>. During preparations for trial, counsel for all parties must meet, confer, pre-mark, and exchange all trial exhibits. At least five calendar days before trial, counsel in civil cases must notify Judge Du's Courtroom Administrator that the exhibits have been pre-marked.

8. <u>EVIDENCE DISPLAY EQUIPMENT</u>. Counsel may use the Court's evidence display equipment or their own display equipment. Counsel must contact the Courtroom Administrator if they wish to use evidence display equipment, either to

[3]Exhibit list forms can be found at https://www.nvd.uscourts.gov/. If Plaintiffs have more than 500 exhibits, Defendants may begin numbering at 1000 or 2000.

reserve the Court's equipment and arrange for training to use the Court's equipment or to arrange a time and date to set up counsel's equipment prior to trial.

9. JURY INSTRUCTIONS. Counsel must comply with the Joint Pretrial Order. One week before trial, counsel must file with the Clerk's Office *one* document containing the parties' mutually acceptable jury instructions, disputed jury instructions, and proposed verdict forms.[4] These jury instructions must include the supporting authority; and for disputed instructions, a brief argument for each instruction as well as the opposing party's objections to the disputed instructions. The Court has found that footnotes are a good way to do this. For example, each disputed instruction should be followed by two footnotes, one explaining why the proponent of the instruction argues the Court should give it, and the other explaining why the other side argues the Court should not. All proposed instructions must be supported by legal authority, such as the Ninth Circuit Manual of Model Jury Instructions. Any modifications of instructions from statutory authority, the Ninth Circuit Manual of Model Jury Instructions, or any other model instructions, must specifically state the modification made to the original source and the authority and argument supporting the modification. The parties can expect that Judge Du will give her standard instructions; please do not propose any of her standard instructions or their equivalents. Instead, please provide only instructions specific to your case. Counsel must provide a copy of their proposed jury instructions in Microsoft Word file format to chambers by email to the Courtroom Administrator at Karen_Walker@nvd.uscourts.gov.

10. SUGGESTED VOIR DIRE QUESTIONS. One week before trial, counsel must file with the Clerk of Court all suggested voir dire questions to be asked of the jury panel by the Court. Counsel must provide a copy of the same in Microsoft Word format to chambers by email to the Courtroom Administrator at Karen_Walker@nvd.uscourts.gov.

[4]Judge Du's standard jury instructions are available at https://www.nvd.uscourts.gov/court-information/judges/judge-miranda-m-du/.

11. STATEMENT OF THE CASE. One week before trial, counsel must also jointly file with the Clerk of Court a brief joint statement of the case, no longer than one-half page, stating the nature of the claims and defenses, to be read to prospective jurors at the time of jury selection. Counsel must provide a copy of the same in Microsoft Word format to chambers by email to the Courtroom Administrator at Karen_Walker@nvd.uscourts.gov. If the parties cannot agree on a joint statement, they must file separate statements of the case explaining the areas of disagreement.

12. TRIAL BRIEFS IN CIVIL CASES. Trial briefs must also be filed one week before trial.

13. TRIAL SCHEDULE. Trial will generally begin at 9:00 a.m. and end at 3 or 3:30pm. However, parties should plan to be available between 8:30 and 9:00 a.m. and after the end of each trial day to address matters outside the presence of the jury. This standard trial schedule may be modified for good cause; however, requests should be submitted at Calendar Call or before the written trial schedule is issued to jurors. The Court generally takes a morning recess of about fifteen minutes and a later lunch of about thirty minutes. The Court accordingly advises the parties to bring lunch or make lunch arrangements in advance.

14. TRIAL JUDGE. Although the cases that are on the trial stack are assigned to Judge Du, the cases may proceed to trial before another Nevada district judge or a visiting district judge.

15. CONSENT TO PROCEED BEFORE A MAGISTRATE JUDGE. Counsel and parties in civil actions are reminded of their right to consent to disposition before a United States Magistrate Judge pursuant to Title 28, Section 636(c)(2) of the United States Code. The right to proceed before a Magistrate Judge in a civil case includes those cases that will be tried before a jury as well as those cases to be tried before the Court sitting without a jury. Any appeal from a judgment in a proceeding before a Magistrate Judge must be taken directly to the United States Court of Appeals. The option to proceed before a Magistrate Judge is available to the parties at the time an

action is commenced. The Court may refuse to approve a consent if it appears to be motivated by an effort to delay the proceeding.

16. SANCTIONS. As provided for under the Local Rules of Practice of this court, the Court will consider the imposition of sanctions against any attorney who: (1) fails to timely file trial briefs, suggested voir dire questions, and proposed jury instructions, whichever is applicable, as prescribed by the Pretrial Order, Order Regarding Pretrial Procedure, Scheduling Order, or any order extending the time for such filings; or (2) fails to comply with any provision of this Order including, but not limited to, the failure to appear for calendar call without first having been excused by the Court or the Clerk with the permission of the Court; or (3) fails to timely comply with any other order that schedules deadlines for trial preparation.

17. CONTACT PERSON. All questions and information regarding the trial calendar are to be directed to Karen Walker, Courtroom Administrator.

The date of the Clerk's File Mark will constitute the date of this Order.

IT IS SO ORDERED.

/s/ MIRANDA DU
UNITED STATES DISTRICT JUDGE